## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SYED IQBAL RAZA, M.D., | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 06-132 (JJF) |
| | : | |
| SIEMENS MEDICAL SOLUTIONS USA, INC., | : | |
| SIEMENS MEDICAL SOLUTIONS HEALTH | : | |
| SERVICES CORP., SIEMENS CORPORATION | : | |
| and SIEMENS AG, | : | |
| | : | |
| Defendants. | : | |

## SIEMENS MEDICAL SOLUTIONS USA, INC.'S ANSWER AND COUNTERCLAIM TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Siemens Medical Solutions USA, Inc. (hereinafter referred to as "Medical Solutions") hereby responds to Plaintiff, Syed Iqbal Raza, M.D.'s ("Raza") Amended Complaint as follows. As a preliminary matter, by raising the following defenses, Medical Solutions assumes no burden that does not already legally apply to it. Further, Medical Solutions will rely on any and all provable defenses, beyond those identified here, developed from discovery and further investigation, reserving the right to amend this pleading to conform thereto. Moreover, Medical Solutions will demand strict proof of each and every allegation contained in Raza's Amended Complaint.

### First Defense

1.      Medical Solutions is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 1 and, accordingly, denies such averments.

2.      Medical Solutions admits that it is incorporated under the laws of the State of Delaware, has a place of business at 51 Valley Stream Parkway, Malvern, Pennsylvania 19355-1406 and is a wholly-owned subsidiary of Siemens Corporation.

3.    The averments of Paragraph 3 are directed to a defendant other than Medical Solutions and Medical Solutions, accordingly, has no obligation to respond.  By way of further answer, Medical Solutions admits that Defendant Siemens Medical Solutions Health Services Corporation (incorrectly identified in the Amended Complaint as Siemens Medical Solutions Health Services Corp. and hereinafter referred to as "HS") is incorporated under the laws of the State of Delaware and has a principal place of business at 51 Valley Stream Parkway, Malvern, Pennsylvania 19355-1406.  Medical Solutions denies that HS is a wholly-owned subsidiary of Defendant Siemens AG.  By way of further answer, HS is a wholly-owned subsidiary of Medical Solutions.

4.    The averments of Paragraph 4 are directed to a defendant that has been dismissed pursuant to a Stipulation of Dismissal dated April 17, 2006, and, as such, no responsive pleading is required.

5.    The averments of Paragraph 5 are directed to a defendant other than Medical Solutions and Medical Solutions, accordingly, has no obligation to respond.  By way of further answer, Medical Solutions admits only that Siemens AG is incorporated under the laws of the Republic of Germany and has its principal place of business in Munich, Germany. Medical Solutions denies any attempt to characterize the business units owned by Siemens AG.

6.    Medical Solutions admits only that Raza purports to invoke the subject-matter jurisdiction of this Court.  To the extent the averments of this paragraph constitute legal conclusions, no responsive pleading is required.

7.    Medical Solutions admits only that Raza purports to invoke the jurisdiction of this Court as to HS and Medical Solutions.[1]  Medical Solutions denies all

---

[1]    By Stipulation of Dismissal dated April 17, 2006, Raza dismissed his claims against Siemens Corp.

remaining averments contained in Paragraph 7. Moreover, to the extent the averments of this paragraph constitute legal conclusions, no responsive pleading is required.

8.      The averments of Paragraph 8 are directed to a defendant other than Medical Solutions and Medical Solutions, accordingly, has no obligation to respond. Medical Solutions denies all of the averments contained in Paragraph 8. To the extent the averments of this paragraph constitute legal conclusions, no responsive pleading is required.

9.      Medical Solutions denies the averments of Paragraph 9. Medical Solutions specifically denies that it has ever offered for sale or sold any product containing Raza's proprietary trade secrets, to the extent any such proprietary trade secrets even exist. To the extent the averments of this paragraph constitute legal conclusions, no responsive pleading is required.

10.      The averments of Paragraph 10 constitute legal conclusions to which no responsive pleading is required.

11.      Medical Solutions is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 11 and, accordingly, denies each and every averment contained in Paragraph 11. Medical Solutions specifically denies that Raza had a developed software product "by 2000" as Raza has expressly plead to the contrary. *See* Am. Compl. ¶¶ 12-13 (describing "potential software" as of September, October and November 2000).

12.      Medical Solutions is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 12 and, accordingly, denies each and every averment contained in Paragraph 12. By way of further response, and upon information and belief based upon Raza's filings with a Pakistani Court, Medical Solutions alleges that it appears

that Dr. Simon Azariah of Strengthening of Health Services Academy in Pakistan ("SHAIP")

wrote Raza a letter on September 20, 2000, a copy of which is attached hereto at Exhibit A.[2]  On

its face, the Azariah Letter contained various criticisms relating to Dr. Sir.  The Azariah Letter

further states that "Dr. Sir 104" is connected with "Human Resource Management" and

"performance appraisal" and that Dr. Sir's purported purpose is to measure the "efficiency" of

various medical professionals.  The Azariah Letter makes clear that, as of September 20, 2000,

no software in connection with Dr. Sir had been developed.  Moreover, Medical Solutions

specifically denies that "approximately 160 pages of descriptive analyses and spreadsheets

documenting [Raza's] proprietary concepts" were forwarded to the German Embassy in

Islamabad.  On the contrary, upon information and belief obtained from a letter dated October 9,

2000 signed by Dr. Aime De Muynck to the Counselor, Head of the Economic and Commercial

Section of the German Embassy in Islamabad (Peter H. Muerz) also filed in the Pakistani Action

and attached hereto as Exhibit C, only a "short outline" was purportedly forwarded by Dr. De

Muynck to the German Embassy in Islamabad.

13.     Medical Solutions is without knowledge or information sufficient to form

a belief as to the truth of the averments of Paragraph 13 and, accordingly, denies each and every

---

[2]  A court may take judicial notice of public records filed outside the pleadings.  *See, e.g.*, *In re NAHC, Inc. Securities Litigation*, 306 F.3d 1314, 1331 (3d Cir. 2002) (upholding district court's judicial notice on a motion to dismiss of "(1) documents relied upon in the Complaint . . . (2) documents filed with the SEC, but not relied upon in the Complaint . . . and (3) stock price data compiled by the Dow Jones news service"); *Kennedy v. Borough of South Coatesville*, Civ. No. 98-6558, 1999 U.S. Dist. LEXIS 10018, *3 (E.D. Pa. June 25, 1999) ("On a motion to dismiss, we may take judicial notice of matters of public record outside the pleadings.") (internal citation omitted).  *See also In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1426 (3d Cir. 1997) (stating "a document integral to or explicitly relied upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment.") (internal citation omitted*); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  Raza filed this letter, as well as all of the other exhibits attached hereto, in support of his complaint against various entities, including Medical Solutions' wholly-owned subsidiary, HS, in Islamabad, Pakistan in September 2003.  *See* Raza v. Siemens AG et al., Civil Suit No. 693/03, (Civil Court, Islamabad, Pakistan) (the "Pakistani Action").  A copy of the Pakistani Action is attached hereto as Exhibit B.  Moreover, the Amended Complaint relies upon these documents.  As such, it is proper for this Court to take judicial notice of all the attachments hereto.

averment contained in Paragraph 13. Medical Solutions specifically denies that any individual at the German Embassy in Pakistan has or had the ability to speak on behalf of or to bind Medical Solutions, or any other entity affiliated with Medical Solutions or Siemens. By way of further response, and upon information and belief obtained by Raza's own filings in the Pakistani Action, it appears that Dr. Aime De Muynck, not Raza, sent to Mr. Peter Muerz, Counselor Head Economic and Commercial Section of the German Embassy at Islamabad, a "short outline of a proposal aiming to develop an expert system in hospital management." *See* Ex. C. Medical Solutions specifically denies that it ever received anything whatsoever in connection with Dr. Sir from the German Embassy, from Dr. De Muynck, from Raza or from anyone else.

14.    Medical Solutions is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 14 and, accordingly, denies each and every averment contained in Paragraph 14. Upon information and belief based on the filings submitted by Raza in the Pakistani Action, it appears that an individual named Farrukh Latif of Siemens Pakistan Engineering Co. Ltd. wrote a letter to Raza, dated January 1, 2001 ("Latif Letter"). A copy of the Latif Letter, obtained through Raza's filings in the Pakistani Action, is attached hereto as Exhibit D. The remaining allegations of Paragraph 14 are based upon this writing. The Latif Letter speaks for itself and Medical Solutions denies any averments purporting to characterize this letter. By way of further answer, Medical Solutions states that the Latif Letter does not identify what the entity identified as Siemens Pakistan Engineering Co. Ltd. actually received from Muerz in connection with Dr. Sir.

15.    Medical Solutions denies the averments of Paragraph 15. Medical Solutions specifically denies ever receiving, at any time, "160 pages of Dr.-Sir concept pages," or any other documents or information relating to Dr. Sir. Medical Solutions is without

knowledge regarding what some other separate entity, Siemens Pakistan Engineering Co. Ltd.,
may have received from Muerz in connection with Dr. Sir.

16.    Medical Solutions denies the averments of Paragraph 16.  Medical
Solutions specifically denies that "Siemens" sent the Latif Letter, and further specifically denies
that Medical Solutions sent the Latif Letter.  Further, upon information and belief obtained from
Raza's filings in the Pakistani Action, it appears from its face that the Latif Letter was sent by a
representative of Siemens Pakistan Engineering Co. Ltd. *See* Ex. D.  Medical Solutions further
denies that Raza registered Dr. Sir with any governmental entity that is empowered to recognize
intellectual property rights.  Medical Solutions is without knowledge or information sufficient to
form a belief as to the truth of the remaining averments of Paragraph 16 regarding any awards
purportedly won by Raza and, accordingly, denies each and every averment contained in
Paragraph 16.

17.    Medical Solutions denies the averments of Paragraph 17.  Medical
Solutions specifically denies that it ever received, reviewed or retained any concept papers or
other information relating to Dr.-Sir.  Medical Solutions further denies that Raza has any
"proprietary" Dr. Sir concept papers.  Medical Solutions admits only that HS, its wholly-owned
subsidiary, launched Soarian® on October 23, 2001 in the United States.  By way of further
response, Soarian® is a web-enabled software product that streamlines and integrates financial,
clinical, and operational functions of a health care facility to manage all processes of patient
care.

18.    Medical Solutions is without knowledge or information sufficient to form
a belief as to the truth of the averments contained in Paragraph 18 regarding Zia Chishty, Zia
Chishty's conversation with Raza, or Raza's review of Soarian®, and, accordingly, denies each

and every averment contained in Paragraph 18.  Medical Solutions specifically denies that there is any similarity between any information disclosed to the German Embassy in Islamabad by De Muynck and Soarian®.  Medical Solutions also specifically denies that anything relating to Dr. Sir was disclosed to it in November 2000 or any time thereafter until Raza's initiation of the Pakistani Action against HS.  Medical Solutions further specifically denies that Raza has any proprietary interest in "concepts relating to patient-centric management, embedded analytics and work flow technologies" and denies that Dr. Sir, as explained by Raza himself, has any relation to those concepts.

19.     Medical Solutions denies the averments of Paragraph 19.  By way of further answer, Medical Solutions denies that it misappropriated anything from Raza and further denies that any of Raza's "proprietary concepts", to the extent Raza has any proprietary concepts, are being used by it or HS in connection with Soarian® or any other Medical Solutions or HS product.  To the extent the averments of Paragraph 19 constitute legal conclusions, no responsive pleading is required.

20.     Answering Paragraph 20, Medical Solutions incorporates by reference its responses to Paragraphs 1 through 19, as if fully set forth herein.

21.     Medical Solutions denies the averments of Paragraph 21.  Moreover, to the extent the averments of this paragraph constitute legal conclusions, no responsive pleading is required.  By way of further answer, and upon information and belief based on Raza's own pleadings and filings in the Pakistani Action, Raza has made his "concepts relating to the Dr. Sir software product" available to various individuals and organizations throughout the world with no expectation of confidentiality.  Specifically, Raza plead in his Pakistani complaint that "during the year 2000 a number of detailed presentations of 'Dr. Sir' were given by the Plaintiff

to various organizations in Pakistan." Ex. B ¶ 5. Raza additionally plead that, in 2001, he gave "extensive demonstrations" on Dr. Sir to:   the World Bank, the Asian Development Bank, the World Health Organization, the Pakistan Medical Research Council, the Pakistan Medical and Dental Council, the Ministry of Health Government of Pakistan, the Board of Governors of Rawalpindi, Medical College and Allied Hospitals, the Pakistan Software Export Board and the National Productivity Organization. *See* Ex. B ¶ 12. Raza also plead that he disclosed Dr.Sir to the United States State Department, the United States Educational Foundation in Pakistan, some unidentified "top" university in the U.S., an "International Organization with Head Office at USA" and the U.S. Foreign Commercial Liaison Office. Ex. B ¶¶ 13-14. *See also* Letter by Raza to Dr. Khalif Bile Mohamud, dated September 11, 2001, attached hereto as Exhibit E, letter to Raza from Dr. Asif Mahmood, attached hereto as Exhibit F; letter of Dr. Tasleem Akhtar to Mushtaq Hussain dated March 6, 2002, attached hereto as Exhibit G; email from Linda C. Cheatham to Raza dated August 27, 2002, attached hereto as Exhibit H. Medical Solutions further denies that Raza ever had a "software product."

22.    Medical Solutions denies the averments of Paragraph 22. Moreover, to the extent the averments of this paragraph constitute legal conclusions, no responsive pleading is required. By way of further answer, Medical Solutions avers that, to the extent that Raza even has any proprietary concepts or right to concepts, Raza has done nothing to maintain the secrecy of such concepts relating to Dr. Sir. On the contrary and by his own admission, Medical Solutions avers, upon information and belief gained from Raza's filings in the Pakistani Action, that Raza has disclosed concepts and information relating to Dr. Sir to several different entities throughout the world without any expectation of confidentiality. In fact, Raza plead in his Pakistani complaint that "during the year 2000 a number of detailed presentations of 'Dr. Sir'

were given by the Plaintiff to various organizations in Pakistan." Ex. B ¶ 5. Raza additionally

plead that, in 2001, he gave "extensive demonstrations" on Dr. Sir to: the World Bank, the

Asian Development Bank, the World Health Organization, the Pakistan Medical Research

Council, the Pakistan Medical and Dental Council, the Ministry of Health Government of

Pakistan, the Board of Governors of Rawalpindi, Medical College and Allied Hospitals, the

Pakistan Software Export Board and the National Productivity Organization. *See* Ex. B ¶ 12.

Raza also plead that he disclosed Dr.-SIR to the United States State Department, the United

States Educational Foundation in Pakistan, some unidentified "top" university in the U.S., an

"International Organization with Head Office at USA" and the U.S. Foreign Commercial Liaison

Office. Ex. B ¶¶ 13-14. *See also* Exhibits E, F, G, and H.

   23. Medical Solutions denies the averments of Paragraph 23. Moreover, to

the extent the averments of this paragraph constitute legal conclusions, no responsive pleading is

required. Medical Solutions specifically denies that it ever received anything whatsoever in

connection with Dr. Sir from any source or that it used any proprietary information belonging to

Raza, to the extent Raza even has any "proprietary" information. Medical Solutions further

specifically denies that Raza owns any legally protected concepts or proprietary information.

   24. Medical Solutions is without knowledge or information sufficient to form

a belief as to the truth of the averments of Paragraph 24 and, accordingly, denies each and every

averment contained in Paragraph 24. Moreover, to the extent the averments of this paragraph

constitute legal conclusions, no responsive pleading is required. Medical Solutions specifically

denies that it ever received anything whatsoever in connection with Dr. Sir from any source or

that it used any proprietary information belonging to Raza, to the extent Raza even has any

"proprietary" information. Medical Solutions further specifically denies that Raza owns any legally protected concepts or proprietary information.

25.      Medical Solutions denies the averments of Paragraph 25. Moreover, to the extent the averments of this paragraph constitute legal conclusions, no responsive pleading is required. Medical Solutions specifically denies that it ever received anything whatsoever in connection with Dr. Sir from any source or that it used any proprietary information belonging to Raza, to the extent Raza even has any "proprietary" information. Medical Solutions further specifically denies that Raza owns any legally protected concepts or proprietary information.

26.      Answering Paragraph 26, Medical Solutions incorporates by reference its responses to Paragraphs 1 through 25 as if fully set forth herein.

27.      Medical Solutions denies the averments of Paragraph 27. Moreover, to the extent the averments of this paragraph constitute legal conclusions, no responsive pleading is required. Medical Solutions specifically denies that it ever received anything whatsoever in connection with Dr. Sir from any source or that it used any proprietary information belonging to Raza, to the extent Raza even has any "proprietary" information. Medical Solutions further specifically denies that Raza owns any legally protected concepts or proprietary information. Medical Solutions further specifically denies that it was unjustly enriched.

WHEREFORE, Medical Solutions respectfully prays:

1.      That Raza take nothing, that Counts 1 and 2 of the Amended Complaint be dismissed with prejudice, and that judgment be entered in favor of Medical Solutions;

2.      For costs of suit;

3.      For reasonable attorneys' fees according to the applicable law; and

4.      For such other and further relief as this Court deems just and proper.

## FIRST AFFIRMATIVE DEFENSE AS TO ALL COUNTS

28.    Raza's Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE AS TO ALL COUNTS

29.    Raza's claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE AS TO ALL COUNTS

30.    Raza's claims are barred, in whole or in part, by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE AS TO ALL COUNTS

31.    Raza's claims are barred, in whole or in part, by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE AS TO ALL COUNTS

32.    Raza's claims are barred, in whole or in part, by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE AS TO ALL COUNTS

33.    Raza's claims are barred, in whole or in part, by Raza's lack of standing, authority, and/or capacity.

## SEVENTH AFFIRMATIVE DEFENSE AS TO ALL COUNTS

34.    Raza's claims are barred, in whole or in part, by the doctrine of waiver.

## EIGHTH AFFIRMATIVE DEFENSE AS TO ALL COUNTS

35.    Raza has not been injured in any manner, nor in any amount or to any extent.

### NINTH AFFIRMATIVE DEFENSE AS TO ALL COUNTS

36.    Raza's claims are barred, in whole or in part, by the fact that Raza did not own the concept or concept papers he claims to have given to numerous individuals and entities throughout the world.

### TENTH AFFIRMATIVE DEFENSE AS TO ALL COUNTS

37.    Raza's claims are barred because he has failed to join indispensable parties to this dispute.

### ELEVENTH AFFIRMATIVE DEFENSE AS TO ALL COUNTS

38.    Raza's claims are barred, in whole or in part, because he has failed to allege and has not suffered any cognizable injury.

### TWELFTH AFFIRMATIVE DEFENSE AS TO ALL COUNTS

39.    Raza's claims are barred, in whole or in part, because Raza has failed to allege that any injuries he purportedly suffered were caused by any actionable conduct or omission by Medical Solutions.

### THIRTEENTH AFFIRMATIVE DEFENSE AS TO ALL COUNTS

40.    Any injuries alleged by Raza were caused, in whole or in part, by his own conduct or by third parties for whom Medical Solutions is not responsible.

### FOURTEENTH AFFIRMATIVE DEFENSE AS TO ALL COUNTS

41.    No act or omission by Medical Solutions was malicious, willful, wanton, reckless, grossly negligent, negligent or even wrongful and, therefore, an award of damages, including punitive damages, is barred.

### FIFTEENTH AFFIRMATIVE DEFENSE AS TO ALL COUNTS

42.    Raza's claims are barred, in whole or in part, because he has failed to allege any valid intellectual property rights in Dr. Sir.

### SIXTEENTH AFFIRMATIVE DEFENSE AS TO ALL COUNTS

43.    Raza's claims are barred, in whole or in part, because the purported trade secrets, confidential or proprietary information alleged in the Amended Complaint constitute general ideas and concepts that are not entitled to the protection of the law.

### SEVENTEENTH AFFIRMATIVE DEFENSE AS TO ALL COUNTS

44.    Raza's claims are barred, in whole or in part, because the purported trade secrets, confidential or proprietary information alleged in the Amended Complaint have no independent economic value.

### EIGHTEENTH AFFIRMATIVE DEFENSE AS TO ALL COUNTS

45.    Raza's claims are barred, in whole or in part, because Dr. Sir is not novel.

### NINETEENTH AFFIRMATIVE DEFENSE AS TO ALL COUNTS

46.    Raza's claims are barred, in whole or in part, because Medical Solutions has not used Dr. Sir.

### TWENTIETH AFFIRMATIVE DEFENSE AS TO ALL COUNTS

47.    Raza's claims are barred, in whole or in part, because Medical Solutions had no access to Dr. Sir.

### TWENTY-FIRST AFFIRMATIVE DEFENSE AS TO ALL COUNTS

48.    Raza's claims are barred, in whole or in part, because Soarian® was independently developed by Medical Solutions' subsidiary HS.

### TWENTY-SECOND AFFIRMATIVE DEFENSE AS TO ALL COUNTS

49.    Raza's claims are barred, in whole or in part, because Medical Solutions' subsidiary HS, through HS's predecessor company, developed, owned and licensed software applications that provided functionality similar to that which Raza claims is related to Dr. Sir.

## TWENTY-THIRD AFFIRMATIVE DEFENSE AS TO ALL COUNTS

50.    Medical Solutions hereby states that it intends to rely upon such other defenses as may become available or may appear during discovery in this case or otherwise, and Medical Solutions hereby reserves the right to amend this Answer to assert any and all such defenses.

WHEREFORE, Defendant Siemens Medical Solutions USA, Inc. respectfully prays that, after due proceedings are held, there be judgment entered in its favor and against Raza, dismissing the demands contained in Raza's Amended Complaint with prejudice and at Raza's costs, and granting Medical Solutions its costs, fees and such other relief as the Court may deem just and proper.

## COUNTERCLAIM OF DEFENDANT SIEMENS MEDICAL SOLUTIONS USA, INC.

Defendant and Counterclaim Plaintiff Siemens Medical Solutions USA, Inc., by and through its attorneys, Pepper Hamilton LLP, hereby avers as follows:

51.    Counterclaim Plaintiff Medical Solutions incorporates by reference its answers and defenses to the Amended Complaint set forth in Paragraphs 1 through 50 as if fully set forth herein.

52.    Raza has asserted the jurisdiction of this Court to allege that Medical Solutions misappropriated a "concept", purportedly related to the efficiency of medical professionals, called Dr. Sir.

53.    Raza has not asserted any patent, copyright or trademark rights for Dr. Sir, under U.S., Pakistani, or any other law.

54.    Raza has not asserted that Dr. Sir is novel or that the concept of Dr. Sir has ever been transformed into a concrete product.

55.    Raza has not asserted that he has marketed or sold Dr. Sir.

56.     Raza has not asserted any confidential relationship, or any relationship whatsoever, with Medical Solutions or any other defendant.

57.     Raza falsely claims that the alleged concept papers relating to Dr. Sir constitute trade secrets.

58.     Raza has not asserted that, at the time Dr. De Muynck may have disclosed certain information to the German Embassy in Islamabad, Raza owned any of the information so disclosed.

59.     Raza has not asserted any chain of custody sufficient to show how unidentified "concept papers" relating to Dr. Sir made their way from Pakistan to any individual at Medical Solutions in Malvern, Pennsylvania, United States of America.

60.     Raza has not asserted that any portion of Dr. Sir was misappropriated by Medical Solutions and used in Soarian®.

61.     Raza has not asserted how Dr. Sir's "concept papers" are similar to the functions of Soarian® in any way.

62.     Raza falsely claims that Medical Solutions obtained information relating to Dr. Sir prior to HS's launch of Soarian® on October 23, 2001.

63.     Raza has not asserted any attempt to keep his purportedly "proprietary concepts" with respect to Dr. Sir confidential.  On the contrary, Raza has plead in the Pakistani Action that he disclosed the concept papers and information relating to Dr. Sir to numerous individuals and entities throughout the world.  Further, Raza has published substantial information regarding his purported "proprietary concepts" relating to Dr. Sir on the world wide web at www.drsir.com.

64.    Raza has not asserted how the concept papers relating to Dr. Sir derive any independent economic value.

65.    Raza falsely claims that Medical Solutions misappropriated information relating to Dr. Sir.

66.    Raza falsely claims that Medical Solutions has been unjustly enriched by selling Soarian®, a product that HS devoted significant years and costs to develop.

### First Claim for Relief
### (Declaratory Judgment)

67.    Medical Solutions incorporates by reference Paragraphs 1 through 66 as if fully set forth herein.

68.    By his Amended Complaint in this action, Raza has demonstrated the existence of a case of actual controversy regarding whether Medical Solutions misappropriated alleged trade secrets and/or purported proprietary information relating to Dr. Sir.

69.    By his Amended Complaint in this action, Raza has demonstrated the existence of a case of actual controversy regarding whether Medical Solutions was unjustly enriched through the sale of Soarian®.

70.    Medical Solutions is entitled to judgment in its favor declaring and confirming that it has not misappropriated trade secrets or any other purported proprietary information from Raza.

71.    Medical Solutions is further entitled to a judgment in its favor declaring and confirming that it has not been unjustly enriched by selling Soarian®.

WHEREFORE, Siemens Medical Solutions USA, Inc. prays that, after due proceedings are held, there be judgment entered in its favor and against Plaintiff/Counterclaim

Defendant Syed Iqbal Raza awarding damages, costs of suit, attorneys' fees and all other relief

deemed just and proper.

OF COUNSEL:                              Respectfully submitted,


                                        /s/ Larry R. Wood, Jr.
Kathleen A. Mullen                       M. Duncan Grant (DE No. 2994)
PEPPER HAMILTON LLP                      Larry R. Wood, Jr. (DE No. 3262)
3000 Two Logan Square                    Phillip T. Mellet (DE No. 4741)
Eighteenth & Arch Streets                PEPPER HAMILTON LLP
Philadelphia, PA  19103-2799             Hercules Plaza, Suite 5100
(215) 981-4000 (Telephone)               1313 N. Market Street
(215) 981-4750 (Fax)                     P.O. Box 1709
                                         Wilmington, DE   19899-1709
                                         (302) 777-6500 (Telephone)
                                         (302) 421-8390 (Fax)


                                         *Attorneys for Defendant Siemens Medical*
Dated:  April 18, 2006                   *Solutions USA, Inc.*

*EXHIBIT  A*

20 September 2000

Dr. Syed Iqbal Raza
Director
National Institute for Handicapped
Islamabad

DR. SI.R. – 104

Dear Dr. Raza,

It has been a pleasurable experience to meet you, receive an enlightening presentation and read through the documents you sent later. Clearly you have contributed to an important area of Human Resource Management through which an interesting and effective mechanism of performance appraisal can be developed. The work you have carried out so far is commendable and has a lot of potential.

After having reviewed the documents and discussing the various aspects with Prof. Aimé de Muynck, some issues regarding Dr. S. I. R. – 104 are given below for your consideration:

1. The mathematical basis and the necessary background information used for the calculation of the 'co-efficient' used in the computing of Work Unit for various categories of medical staff are not clear from the documents supplied which leaves a gap in understanding the dynamics, implications and value of the Work Unit.

2. The calculation of Work Efficiency (per Dollar / Rupee) appears to be incomplete or perhaps is a misnomer. The reason is that in economic terms determination of 'efficiency' requires the involvement of the various costs incurred in production of the services for which work-efficiency is to be calculated and then the worth or value of the services rendered in money terms can be calculated. Many people argue that therefore financial analysis of health services is not ethical as the value of a life saved or a therapy provided cannot be determined in money terms.
Moreover, there are many aspects of determining the efficiency of a service in addition to the human resources, which do not figure out in the system developed so far.
Therefore it is recommended that more arguments and work need to go in for clarifying the concept of work-efficiency used in Dr.SIR104.

3. The present system only seems to be aimed at Hospital settings and ignores the primary and secondary health care levels. Such a system for primary and secondary health services is also important as the larger proportion of personnel are present in the primary and secondary levels where the need for human resource management is greatest.

9)

4. From another user's point of view the explanation of the package developed does not offer clear-cut benefits and therefore some work also needs to be undertaken to analyse the point of view of other possible users and their needs.

5. The definition of various baseline information requirements for setting up the system so that it can start calculating and producing results for a given situation are not clear at all. This is very important so that the possible user understands the parameters on which the system is based and the scope of the calculations is understood. This will also establish the importance of the calculations that are being conducted. Likewise the information needs for doing specific calculations are also not clearly mentioned.

6. It is proposed that once the response to the above issues is satisfactorily generated the system should be developed in Visual Basic at the front end and MS Access or FoxPro at the back end for calculations. This will ensure ease of communication with the software and user-friendliness of the system. What is meant is that the capability of simulating the lengthy process that you have described in a smooth and quick way is necessary for independent use of the software.

7. Once the software is developed it needs to be tested by independent personnel on pilot basis on at least 3-5 institutions, which will then establish the validity, feasibility and reliability of the system after necessary trouble shooting.

8. If the system is aimed to be used for the human resource appraisal by other institutions and personnel, a simple and comprehensive training module has to be developed.

9. As a final step a comprehensive Marketing Strategy will have to be developed so that the final product can be brought to the market to compete with other products in its category.

☞   It is strongly recommended that you should utilize the services, on contract basis, of a firm that has the capacity of providing hospital and health systems' variables analysis in addition to software development. We at SHAIP/HSA do not have such a combination, however, if you like we can facilitate such an arrangement.

With warm regards and best wishes

Dr. Simon Azariah

cc: Prof. Dr. Aimé de Muynck

C:\My Documents\Dr.HR104-1.doc

*EXHIBIT  B*



<u>IN THE COURT OF LEARNED SENIOR CIVIL JUDGE,</u>
<u>ISLAMABAD.</u>

Dr. Syed Iqbal Raza, Son of Syed Alamdar Raza, M.B.B.S. MSc. DTM&H. (England) Hubert H. Humphrey Fellow, Farm 12 P&V Scheme No.1 Lehtrar Road Tarlai, Islamabad.

........PLAINTIFF

1-A.  SIEMENS. A.G.
  Through (President CEO), Wittels Bacherplatz 2,D-80333 Munich, Federal Republic of Germany.

1-B.  Subordinate Office 23-West, Jinnah Avenue, Blue Area, Islamabad 44000.

2-A.  SIEMENS. Through (President CEO), SIEMENS Medical Solution Health Services Corporation 51, Valley Stream Parkway, Malvern, PA 19355 USA.

2-B.  Subordinate Office 23-West, Jinnah Avenue, Blue Area, Islamabad 44000.

ATTESTED

Respectfully Sheweth:

1.      That Plaintiff is a Medical Doctor. He is working at present as Deputy Director General in Ministry of Health Government of Pakistan, Islamabad. He was awarded M.B.B.S. Degree from King Edward Medical College, Lahore in 1980. He obtained M.Sc degree in Medical Administration from Quaid-e-Azam University, Islamabad. He is a humphrey fellow, an alumni of both esteemed Tulane University (U.S.A) and I.I.E (U.S.A.). He was awarded DTM&H by University of Liverpool England U.K. in 1986.

2.      That Defendant No.1 is a Public Limited Company. It has its Head Office as given above. It has subordinate office as disclosed above. Defendant No.2 is subsidiary company of Defendant No.1, its main office and subordinate office are situated as disclosed in the array of parties. Defendant No.3 is also a subsidiary of Defendant No.1 addresses of Head Office and Branch Office are located as given at Serial No.3 of the array of the parties.

3.      That being a keen scholar and interested in Hospital Management the Plaintiff took upon himself a detailed study to evaluate the performance of all categories of professionals in a hospital setup. It included the work output by these professionals on a

ATTESTED

Superintendent

unified scale called the work unit. This small study commenced in year 1997 and completed in year 2000.

4.      That the aforesaid partial resulted in development of a spread sheet product "Dr Sir" in the year 2000 which was in due course articulated by the Plaintiff into a proper Software product called "Dr. Sir".

5.      That during the year 2000 a number of detailed presentations of "Dr Sir" were given by the Plaintiff to various organizations in Pakistan.

6.      That the officials of SHAIP (Strengthening of Health Services Academy in Pakistan) a project of GTZ Islamabad approached the Plaintiff and asked for a presentation to be given to them.

7.      That the Plaintiff gave presentation to SHAIP at Islamabad in September 2000. The Plaintiff handedover the relevant documents related to Dr Sir to the SHAIP officials as requested by them, in order to enable them to give their professional opinion.

8.      That a few days after the aforesaid presentation and handing over the papers, Dr Simon Azariah of the SHAIP/GTZ was pleased to appreciate the Plaintiff's work. He gave certain observations and suggestions and strongly recommended that the Plaintiff should utilize the services on contract basis of a firm that has a capacity of providing Hospital Health Systems

ATTESTED

/ Superintendent

variable analysis in addition to software development vide letter dated 20th September, 2000. It was also stated that they at SHAIP/HSA did not have such a combination. They could however, facilitate such an arrangement if the Plaintiff liked.

9.      That the Plaintiff agreed to the proposal given by SHAIP/GTZ in pursuance of which the Chief Technical Advisor SHAIP/GTZ sent the concept papers relating to "Dr.Sir" to the Counselor, Head Economic and Commercial Section of  esteemed German Embassy, Islamabad vide letter dated 9th October, 2000. A query was made in the said letter if some German Industry be interested to participate in the development of the said expert system.

10.     That in November 2000 the Plaintiff met the Counselor Head Economic and Commercial Section of the German Embassy at Islamabad and briefed him about "Dr. Sir". He was convinced of the potentials of the Software. He was of the opinion that Ms.Siemens should be interested and able to develop the said software in partnership with the Plaintiff into a world class product. He sent all the relevant documents to the Defendant.



11.     That in January, 2001 the Plaintiff received No.MED/4.0/FKL/MSA dated 01-01-2001 of the General Manager of Defendant No.3 whereby the Plaintiff's effort was appreciated but at the same time it was stated that



ATTESTED

Superintendent

the Defendants were not related with the Hospital Management side and as such they would not really be in a position to fully benefit from the Software. The Plaintiff was also told that the Defendants intended to recommend to their various clients to contact him for further details.

12.      That the Plaintiff never contacted the Defendants after he received letter dated 01-01-2001. He however, continued to develop the Software "Dr Sir" and gave extensive demonstrations to World Bank, Asian Development Bank, World Health Organization as well as Pakistan Medical Research Council, Pakistan Medical and Dental Council, Ministry of Health Government of Pakistan, Board of Governors of Rawalpindi, Medical College and Allied Hospitals, Pakistan Software Export  Board and National Productivity Organization etc during years 2000-2002.

13.      That the concept and development of "Dr.Sir" have been supported by the United States, State Department, Washington D.C, United States Educational Foundation in Pakistan, Ministry of Health, Government of Pakistan,  Pakistan Medical and Research Council and Pakistan Software Export Board.  It may also be mentioned that "Dr. Sir" got first prize in National Software Competition organized by National University and  Sponsored by Teradata (a Division of NCR) in the year 2002 at Islamabad.





ATTESTED

Superintendent

14. That concept and salient features with other details relating to "Dr.Sir" were registered with the following:-

    a.    One of the top Universities of USA in October, 2000

    b.    An International Organization with Head Office at USA in October, 2000

    c.    WHO (World Health Organization) in September, 2001.

    d.    FCL (Foreign Commercial Liaison Office) of USA in February, 2003

15. That it is also important to note that information memorandum of "Dr.Sir" was developed by Anjum Asim Shahid and Company, Islamabad which is it may be mentioned is a member of Grant Thornton, in year 2001.

16. That the Plaintiff held various meetings with leading companies in the context of "Dr.Sir". In this respect in April, 2003, he met Chief Executive Officer of an I.T. based NASDAQ Company who informed him that a Software was developed by the Defendants called SOARIAN. Which is very similar to "Dr. Sir". The Plaintiff explored the internet and was shocked to find a press release of the Defendant dated 4th April, 2003 about Software SOARIAN which was strikingly similar to "Dr.Sir". The Plaintiff further came to know that the said Software was announced in October, 2001 that is almost

ATTESTED

Superintendent

a year after the Defendants admittedly received summary and salient features of "Dr.Sir" through esteemed Embassy of Germany. The role out of the SOARIAN is currently underway at early adopter customer sites, that is almost two years and six months after the papers aforementioned and case study handedover to the Defendants as submitted hereinbefore.

17.    That taking undue advantage of the confidence reposed in them by the Plaintiff the Defendants have copied "Dr.Sir" in collaboration amongst them to develop SORIAN and are marketing the same commercially

18.    That SORIAN is substantially the same and similar to "Dr.Sir" in the context of :-

    a.    The description and the four differentiators SORIAN is distinguished by, as described in the press release about SORIAN dated April 4th 2003.

    b.    Embedded analytics.

    c.    Work flow engine.

    d.    FAQs.

19.    That the "Dr.Sir" or the SORIAN, for that matter belongs to and is exclusive intellectual property of the Plaintiff and no one can use or copy it in any form



ATTESTED

Superintendent

whatsoever without first obtaining his permission in writing

20. That the Defendants are guilty of infringement of the Plaintiff's intellectual property rights in developing and marketing SORIAN They are making tons of money.

21. That the Plaintiff contacted the Defendant and pointed out with emphasis the complained violation of law and infringement of his rights but after beating about the bush they did not accept the Plaintiff's claim and pretended to have no interest in further discussion vide letter dated 24th July, 2003 of Defendant No.2.

22. That malafide and malicious invasion on and infringement of the Plaintiff's rights is too well evident from the correspondence by and between the parties.

23. That the Defendants are marketing "Dr.Sir" under the name of SORIAN they have according to their own showing made Billions of EUROS.

24. That the Plaintiff is entitled to receive and recover damages for illegal use of his intellectual property. He claims an amount of Rupees Twenty Billions which amount can be varied after receipt of further information.



ATTESTED

Super.........

25. That it is legal and moral duty of the Defendants to pay to the Plaintiff the aforesaid amount as damages.

26. That the plaintiff understands that the Defendants have been able to register the SORIAN with different organizations including 30 patents in context of SOARIAN pending with the US patents and Trademark Office, Washington D.C. The Plaintiff reserves his right to agitate an action for cancellation of the said registration.

27. That the Plaintiff has no hope of amicable recovery. Hence instant suit.

28. That the cause of action accrued in favour of the Plaintiff finally in July, 2003 when correspondence between the parties terminated with the Defendant's letter dated 24th July, 2003. It continuous. The suit is, therefore, within time.

29. That valuation of the suit for the purposes of Court Fee and jurisdiction is fixed at Rupees Twenty Billion. Requisite Court Fee is being paid.

30. That the relevant papers of "Dr.Sir" were handedover to the Defendants through esteemed German Embassy at Islamabad. The cause of action accrued in favour of the Plaintiff against the Defendants within the jurisdiction of this Honourable Court where

ATTESTED

Superintendent

they also have a subordinate office.   This Honourable Court has therefore, jurisdiction to entertain the suit, try the same and grant the relief claimed

It is, therefore, most respectfully prayed that this Honourable Court may very graciously be pleased to pass a decree with costs for recovery of Rupees Twenty Billion in favour of the Plaintiff and against the Defendants.

......PLAINTIFF

Through

(SYED ASGHAR HUSSAIN SABZWARI)
Advocate Supreme Court of Pakistan
Islamabad

(SHEIKH MUHAMMAD KHIZAR-UR-RASHID)
Advocate High Court
Islamabad

VERIFICATION:

Verified on solemnly affirmation at Islamabad on this day of 5th day of  September, 2003 that contents of para-1 to 27 are correct according to the best of knowledge and belief  and rest of the paras are believed to be correct as information furnished by the Plaintiff.

........PLAINTIFF

ATTESTED

Superintendent



فہرست دستاویزات پیش کردہ مدعی / مدعا علیہ

حسب زیر آرڈر ۱۳ رول ۱۳ ضابطہ دیوانی

بعدالت جناب _____ سینئر سول جج _____ صاحب اسلام آباد

ڈاکٹر سید اقبال رضا _____ مدعی بنام _____ Siemens پاکستان انجینئرنگ کمپنی لمیٹڈ وغیرہ

_____ دعویٰ _____ مدعا علیہ

| نمبر شمار | نوعیت و تاریخ دستاویزات اگر کوئی ہو | دستاویزات ہے تاریخ ثابت ہوا مطلوب ہے | اگر دستاویزات شامل کی گئی ہو تو اس کے ساتھ پر کیا ایگزبٹ لگایا گیا | اگر نامنظور کی گئی ہو تو تاریخ واپسی دستاویزات جبکہ واپس دی گئی ہو | دستخط سائل یا وکیل پیشکار |
|---|---|---|---|---|---|

ATTESTED

Superintendent

27-04-04

مدعی بذریعہ _____ سید اصغر حسین _____ مسنز وارک ایڈووکیٹ اسلام آباد

نمونہ فہرست زیر آرڈر ۶ رول ۱۴۱

جواب دعوی پیش کرے گا

مدعی دعوی

سنتر سول کے م ۱۲ اسلام آباد

بعدالت جناب

مقدمہ    ڈاکٹر سید اشفاق رضا مقبم SIEMENS پاکستان انجنئرنگ لمٹڈ

دعوی    درپاس

| مرضی دعوی | کیا تم کوئی اور دستاویزات پیش کر دگے | کیا تم دیگر کسی دستاویزات پر اشتمال |
|---|---|---|
| کیا تم جواب دعوی کے ساتھ کوئی دستاویز داخل کرے گے ، کون کون | جو تمہارے قبضہ ، اختیار میں ہیں اور کس کس کے قبضہ میں ہیں ۔ | رکھتے کا اران رکھتے ہو۔ تو وہ کون کون اور کس کس کے قبضہ میں ہے ۔ |
| جواب | جواب | جواب |

ممکن ارکارڈ خط دکمت
بابن بروا تعلیم لیا بانت قابن حرس
کر ھا بنتگی

**ATTESTED**

Superintendent

27-04-06

مدعی بذریعہ سید اظہر حسین سردار وکلا ہائی کورٹ اسلام آباد



عدالت جناب .......

بمقدمہ .......... ڈاکٹر سید اقبال رضا

یا گیٹنی زن نویدہ دیپی

دعویٰ .......

بخطاب عالی !

مقدمہ مندرجہ بالا میں ہر ایک من درخواست

من مشہور دیگر حکم نامہ جات کی تعمیل دوران مقدمہ چنانچہ ذیل پر فرمانی پابندی

دیگر حکم نامہ جات کی تعمیل دوران مقدمہ چنانچہ ذیل پر فرمانی پابندی باوے اور اگر من مظہر جات ۔ سکونت پاپنے

تبدیل کرے گا ۔ تو عدالت ہذا میں اطلاع کرد سے گا ۔

| نام ۔ والدیت ۔ قومیت | سکونت | کوائف خانہ | نظام | تحصیل | ضلع | کیفیت |
|---|---|---|---|---|---|---|
| ڈاکٹر سید اقبال رضا دلہ | | | | | | |
| سید علمدار رضا | | | | | | |
| قوم سید | | | | | | |

عرضی

مدعی عبداللہ صاحب حسین سبزوار ایک ایکڑ

ATTESTED

Superintendent

2 7 - 0 4 - 0 4



*EXHIBIT  C*



ISLAMABAD PROJECT (SHAIP);
12-D West Bewa Plaza Blue Area Islamabad PAKISTAN. GPO Box # 2993
*Prof. Dr. Aimé De Muynck, Chief Technical Advisor, SHAIP*



Ref: ADM/km/2000/268                                      9th October 2000

To:    Mr. Peter H. Muerz
       Counselor Head Economic & Commercial Section
       German Embassy
       Islamabad

From:  Prof. Dr. Aimé De Muynck
       CTA / SHAIP

cc:    Dr. Syed Iqbal Raza
       Director / NIH

Dear Mr. Muerz,

I send you a short outline of a proposal aiming to develop an expert system in hospital management. The proposed expert system is a continuation of recent efforts undertaken by Dr. Syed Iqbal Raza, that lead to a spreadsheet based calculation of hospital efficiency.

Would some German industry be interested to participate in the development of this expert system?

Sincerely yours,

Aimé De Muynck

*EXHIBIT  D*

Dr. Syed Iqbal Raza
Director
National Institute for Handicapped
Street No. 9,
Sector G – 8 / 2
Islamabad
Ph: 051 / 2282 726

| Your reference | Our reference | Lahore |
|---|---|---|
| | Med/4.0/FKL/MSA | 01.01.2001 |

Sub: DR.S.I.R.-104  Software

Dear Dr. Iqbal Raza,

We invite reference to the subject software developed by you.  We received a summary of the salient features of this software from the German Embassy in Islamabad ( Mr. Muerz).

Going through the available details, we feel that you have put in a very good effort.  As you know, we are not related with the Hospital Management side and as such we would not really be in a position to fully benefit from this software.  However, we do intend to recommend to our various clients to contact you for further details.

We once again appreciate your efforts in developing the software DR.I.R.-104.

Thank you, we remain,

Yours faithfully,
SIEMENS PAKISTAN ENGINEERING CO. LTD.,


( FARRUKH LATIF )
General Manager
Medical Engineering Deptt.

cc: Mr. Peter Muerz
     Embassy of Federal Republic of
     Germany Embassy
     Diplomat Envclave
     Islamabad

Please refer to
Dr. Iqbal Raza
Siemens Pakistan Engineering Co. Ltd.

P.O. Box 293, Lahore 54000
38, Sir Aga Khan Road        Tel: (042) 6278758-67      Fax: (042) 6369126, 636963

30

*EXHIBIT  E*

Dr.Khalif Bile Mohamud,
WHO Representative,
P.O.Box No.1-13,
Chak Shahzad,
Islamabad

Subject:-    PAPER/PROPOSAL TO DEVELOP AN EXPERT SYSTEM
             (DR.S.I.R.-104) IN HOSPITAL MANAGEMENT
             TECHNIQUES.

Dear Dr Bile,

          Reference our meeting in your office on the 8th of this month
on the aforementioned subject.

          Please find enclosed herewith the paper/proposal as **required**
by you for onward submission to your headquarters in Geneva, for getting
opinion/comments or publication by WHO regarding "Dr.S.I.R.-104" .

          Please allow me to once again thank you for the
encouragement and kind words you had for the efforts that have been put in
to the project "Dr.S.I.R.-104".

          Most eagerly awaiting your reply,

                                              Sincerely,

                                                      12th Sep 01

                                              (DR.SYED IQBAL RAZA)
                                                   DEVELOPER
                                              Farm No. 12, Lehtarar Road
                                                   Islamabad.
                                              Phone: 051-9255261 (Res)
                                                     051-2241065(Res)
                                              E-mail:drsir@isb.comsats.net.pk

WORLD
1 1 SEP 2001
RECEIVED

Rabma

38

*EXHIBIT  F*

# DR. ASIF MAHMOOD

### B.Sc, MBBS, DPH, MBA

Dy. Director General Health
Ministry of Health
Islamabad.
Ph:9203693.

H#35, St.#39,
I-8/2,
Islamabad.
Ph:4445670-1
E-Mail asifraza@hotmail.com

Dear Dr. Syed Iqbal Reza,

Kindly refer to your proposal DR.S.I.R.-104(Development of the spread sheet product into a proper software expert system and utility of this application in the Government Hospitals) contained in your letter dated July 16th 2001, and to the presentation followed by detailed discussions on July 26th 2001.

I am pleased to inform you that I have been highly impressed by your presentation. I strongly feel that a breakthrough can be achieved in hospital management, evaluation, assessment and productivity of professionals in medical industry by adopting your unique technology. All the developing poor countries are facing problems of scares resources, mismanagement and lack of productivity particularly in government health institutions and hospitals. I am fully confident that huge savings could be possible and better management achieved in health sector in Pakistan by introducing your technology.

I wish you grand success in your endeavor and look forward eagerly for your formal proposal for consideration and approval by the Ministry of Health Government of Pakistan.

Sincerely yours.

6/8/2001

(DR. ASIF MAHMOOD)

Dr. Syed Iqbal Raza,
Developer,
Farm No.12, (Maimoona Farm),
P&V Scheme No.1,
Lehtarar Road Tarali,
Islamabad.

*EXHIBIT  G*

*Sherwali, Jinnahvali, Sector G-9/4, P.O. Box No. 1312, Islamabad.*

No. F-69/ED/04/4392

Date: 3.6.2002

Mr. Mushtaq Hussain,
Deputy Scientific Advisor,
Government of Pakistan,
Ministry of Science & Technology,
Islamabad.

Subject:-    PROJECT PROPOSAL FOR FUNDING.

Dear Mr. Mushtaq,

This is to forward a project titled, 'Dr-SIR 104' prepared by Dr. Iqbal Raza, Deputy Director General, Ministry of Health for funding. The project looks interesting and if found technically sound and feasible, would be a good tool for health institutions performance evaluation.

It is recommended for serious consideration.

Yours sincerely,

(Dr. Tasleem Akhtar)
*Executive Director*
*Coordinator Tele Medicine,*
*Ministry of Health, Islamabad.*

Copy to:-

Secretary, Ministry of Health, Islamabad.

Dr Iqbal Raza
DDG

3/6/2002

Tele: (Off) +92-51-9217145 Exch: +92-51-9216793, 9207385 Fax: +92-51-9216774(Res) +92-51-9205470 Email: pmrc@isb.comsats.net.pk

207

*EXHIBIT  H*

Ahsan Ahmad

From:      "Cheatham, Linda C" <CheathamLC@state.gov>
To:        "'Dr Iqbal Raza'" <driqbal@esolpk.com>
Cc:        <mahsen@hotmail.com>
Sent:      Tuesday, August 27, 2002 6:39 PM
Subject:   RE: Male Volunteer voice for Dr-SIR 104 project

Dear Dr. Raza,

I have just scanned your extremely lengthy proposal, but to be very honest
with you, I simply don't have time to read such things — and, even working
12- to 16-hour days, seven days a week, will not for the next several weeks
at the very least. As I explained by phone earlier today, the Embassy is at
emergency staffing levels and I am currently wearing several extra hats and
have had to suddenly relocate my entire American Center staff for security
reasons. For that reason, I repeat my request that you send me a brief
(preferrably one-page summary) of what exactly you need an American male
voice for and how much time will be required — something I can then simply
forward to any Embassy colleagues who might be willing to volunteer. Then,
if anyone responds positively, I will put him directly in touch with you.
(If not, perhaps a teacher at the International School might be interested,
but you would have to contact the school directly, as I can offer no leads
for you outside the Embassy community right now.) If you get the one-page
summary to me first thing tomorrow, I can consider it for forwarding then
and perhaps I'll have an answer for you when you phone on Thursday.

As much as I would like to be able to help a Humphrey alum more thoroughly,
this is simply all I can do to assist you given the current circumstances
under which I'm working. Since you have contacted me as a Humphrey Fellow,
I am copying our USEF/P executive director, Dr. Nancy Ahson, on my reply.

Sincerely,
Linda

-----Original Message-----
From: Dr Iqbal Raza [mailto:driqbal@esolpk.com]
Sent: Tuesday, August 27, 2002 2:26 PM
To: CheathamLC@state.gov
Subject: Male Volunteer voice for Dr-SIR 104 project


Dear Linda,

Reference our telephonic conversation on the said subject please find
attached the project outline which was submitted to PTCL for grant funding.

I may repeat that the whole idea of sending this project outline is that you

should have the basic concept of the project.

8/12/2003

216

I hope you find the project interesting.

With regards,

Yours Sincerely,

Dr. Iqbal Raza
Humphrey 84'-85'
2870640, 2870641, 2870642 (Work)
0303-6513009 (Cell)
9255261 (Home)

8/12/2003

## CERTIFICATE OF SERVICE

I, Larry R. Wood, Jr., hereby certify that on this 18th day of April, 2006, I caused

to be served the foregoing Siemens Medical Solutions USA, Inc.'s Answer and Counterclaim to

Plaintiff's Amended Complaint via ECF upon the following:

> Martin S. Lessner, Esquire
> mlessner@ycst.com
> Young, Conaway Startgatt & Taylor, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, DE  19899

> /s/ Larry R. Wood, Jr.
> Larry R. Wood, Jr.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SYED IQBAL RAZA, M.D., | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 06-132 (JJF) |
| | : | |
| SIEMENS MEDICAL SOLUTIONS USA, INC., | : | |
| SIEMENS MEDICAL SOLUTIONS HEALTH | : | |
| SERVICES CORP., SIEMENS CORPORATION | : | |
| and SIEMENS AG, | : | |
| | : | |
| Defendants. | : | |

## DEFENDANT AND COUNTERCLAIM PLAINTIFF SIEMENS MEDICAL SOLUTIONS USA, INC.'S FEDERAL RULE OF CIVIL PROCEDURE 7.1 STATEMENT OF DISCLOSURE

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Defendant and

Counterclaim Plaintiff Siemens Medical Solutions USA, Inc. states that it is a wholly-owned

subsidiary of Siemens Corporation.

OF COUNSEL:                                Respectfully submitted,


                                           /s/ Larry R. Wood, Jr.
                                           M. Duncan Grant (DE No. 2994)
Kathleen A. Mullen                         Larry R. Wood, Jr. (DE No. 3262)
PEPPER HAMILTON LLP                        Phillip T. Mellet (DE No. 4741)
3000 Two Logan Square                      PEPPER HAMILTON LLP
Eighteenth & Arch Streets                  Hercules Plaza, Suite 5100
Philadelphia, PA 19103-2799                1313 N. Market Street
(215) 981-4000 (Telephone)                 P.O. Box 1709
(215) 981-4750 (Fax)                       Wilmington, DE 19899-1709
                                           (302) 777-6500 (Telephone)
                                           (302) 421-8390 (Fax)

                                           *Attorneys for Defendant Siemens Medical*
                                           *Solutions USA, Inc.*


Dated: April 18, 2006