IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYED IQBAL RAZA, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-132 (JJF) |
| ) | |
| SIEMENS MEDICAL SOLUTIONS USA, ) | |
| INC., SIEMENS MEDICAL SOLUTIONS ) | |
| HEALTH SERVICES CORP., SIEMENS ) | |
| CORPORATION and SIEMENS AG, ) | |
| ) | |
| Defendants. ) | |

## ANSWER TO COUNTERCLAIM OF DEFENDANT
## SIEMENS MEDICAL SOLUTIONS HEALTH SERVICES CORP.

Plaintiff Syed Iqbal Raza, M.D., by his attorneys, for his answer to the counterclaim of defendant Siemens Medical Solutions Health Services Corp., ("Health Services") states as follows.

12.   Dr. Raza admits that Dr. Simon Azariah wrote him a letter on September 20, 2000 and that no software relating to Dr. Raza's proprietary concepts had been developed as of that date. Dr. Raza specifically denies the allegation that only a short outline was submitted by Dr. Aime De Muynck to the Counselor, Head of the Economic and Commercial Section of the German Embassy in Islamabad. By way of further response, Dr. Raza states that Dr. Aime De Muynck submitted to the German Embassy approximately 160 pages comprising a five-page short summary of his concepts and 155 pages of detailed analyses. Dr. Raza denies Health Services' allegations of paragraph 12 purporting to characterize the September 20, 2000 letter on the ground that the letter speaks for itself. Dr. Raza otherwise denies the allegations of paragraph 12.

13. Dr. Raza denies Health Services' allegations of paragraph 13. By way of further response, Dr. Raza states that he forwarded his papers relating to his proprietary concepts to Dr. Aime De Muynck, who then extracted from the papers 160 pages of analyses and sent them to the Counselor, Head of the Economic and Commercial Section of the German Embassy in Islamabad. The papers were sent for the purpose of finding a German firm that would be interested in working with Dr. Raza to develop his concepts into a software product.

14. Dr. Raza admits that an individual named Farrukh Latif of Siemens Pakistani Engineering Co., Ltd. wrote a letter to him, dated January 1, 2001. Dr. Raza otherwise denies the allegations of paragraph 14. Dr. Raza specifically denies Health Services' allegation that the Latif Letter does not identify what the entity identified as Siemens Pakistani Engineering Co., Ltd. actually received from the German Embassy. By way of further response, Dr. Raza states that the letter states on its face that the Pakistani Siemens entity received a "summary of the salient features of this software from the German Embassy."

16. Dr. Raza denies Health Services' allegations of paragraph 16 purporting to characterize the Latif Letter on the ground that the letter speaks for itself. Dr. Raza also denies Health Services' allegation that he did not register Dr. SIR with any government entity empowered to recognize intellectual rights. Dr. Raza otherwise denies the allegations of paragraph 16.

21. Dr. Raza admits that he has given presentations related to Dr. SIR to a number of organizations. Dr. Raza otherwise denies Health Services' allegations of paragraph 21. By way of further response, Dr. Raza states that he has had, at all times, an expectation of confidentiality, and that his limited disclosures of general application outcomes and results relating to his proprietary concepts have been consistent with that expectation.

22. Dr. Raza admits that he has given presentations related to Dr. SIR to a number of organizations. Dr. Raza otherwise denies Health Services' allegations of paragraph 22. By way of further response, Dr. Raza states that he has had, at all times, an expectation of confidentiality, and that his limited disclosures of general application outcomes and results relating to his proprietary concepts have been consistent with that expectation. Dr. Raza further states that he has taken affirmative steps to maintain the confidentiality of his proprietary concepts.

36. Dr. Raza incorporates and restates his response to Health Services' allegations in paragraphs 12-14, 16, 21-22 and 26.

40. Dr. Raza denies Health Services' allegations of paragraph 40.

41. Dr. Raza denies Health Services' allegations of paragraph 41.

43. Dr. Raza denies Health Services' allegations of paragraph 43.

44. Dr. Raza denies Health Services' allegations of paragraph 44.

45. Dr. Raza denies Health Services' allegations of paragraph 45.

46. Dr. Raza denies Health Services' allegations of paragraph 46.

47. Dr. Raza denies Health Services' allegations of paragraph 47.

48. Dr. Raza denies Health Services' allegations of paragraph 48.

49. Dr. Raza denies Health Services' allegations of paragraph 49.

51. Dr. Raza incorporates and restates his responses to Health Services' allegations in paragraphs 12-14, 16, 21-22, 26, 40-41 and 43-49 .

52. Dr. Raza admits that he has asserted the jurisdiction of the Court. Dr. Raza otherwise denies Health Services' allegations of paragraph 52 on the ground that they mischaracterize the allegations of the Complaint.

53.   Dr. Raza admits that he has not sought to register his concepts under the patent, trademark or copyright laws of any nation.

54.   Dr. Raza denies the allegations of paragraph 54.

55.   Dr. Raza denies the allegations of paragraph 55.

56.   Dr. Raza denies the allegations of paragraph 56.

57.   Dr. Raza denies the allegations of paragraph 57.

58.   Dr. Raza denies the allegations of paragraph 58.

59.   Dr. Raza denies the allegations of paragraph 59.

60.   Dr. Raza denies the allegations of paragraph 60.

61.   Dr. Raza denies the allegations of paragraph 61.

62.   Dr. Raza denies the allegations of paragraph 62.

63.   Dr. Raza denies the allegations of paragraph 63.

64.   Dr. Raza denies the allegations of paragraph 64.

65.   Dr. Raza denies the allegations of paragraph 65.

66.   Dr. Raza denies the allegations of paragraph 66.

67.   Dr. Raza incorporates and restates his responses to Health Services' allegations in paragraphs 12-14, 16, 21-22, 26, 40-41, 43-49, 51-67.

68.   Dr. Raza admits the allegations of paragraph 68.

69.   Dr. Raza admits the allegations of paragraph 69.

70.   Dr. Raza denies the allegations of paragraph 70.

71.   Dr. Raza denies the allegations of paragraph 71.

## FIRST AFFIRMATIVE DEFENSE

72. Health Services' counterclaim is barred because Health Services misappropriated Dr. Raza's proprietary trade secrets.

## SECOND AFFIRMATIVE DEFENSE

73. Health Services' counterclaim is barred because Health Services was unjustly enriched as the result of its access to Dr. Raza'a proprietary concepts.

Date: May 5, 2006

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Martin S. Lessner (No. 3109)
Adam W. Poff (No. 3990)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6600

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I, Adam W. Poff, Esquire, hereby certify that on May 5, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Duncan Grant., Esquire
>Pepper Hamilton LLP.
>Hercules Plaza, Suite 5100
>1313 N. Market Street
>P.O. Box 1709
>Wilmington, DE  19899-1709

I further certify that May 5, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

>**BY FEDERAL EXPRESS**
>
>Larry R. Wood, Jr., Esquire
>Kathleen A. Mullen, Esquire
>Pepper Hamilton LLP.
>3000 Two Logan Square
>Eighteenth & Arch Streets
>Philadelphia, PA 19103-2799

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>_____
>Adam W. Poff (No. 3990)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware  19801
>(302) 571-6600
>apoff@ycst.com
>
>*Attorneys for Syed Iqbal Raza, M.D..*