IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SYED IQBAL RAZA, M.D.,           :
                                 :
        Plaintiff,           :
                                 :
        v.                    :
                                 : Civil Action No. 06-132-JJF
SIEMENS MEDICAL SOLUTIONS USA,  :
INC., SIEMENS MEDICAL         :
SOLUTIONS HEALTH SERVICES     :
CORP., SIEMENS CORPORATION and :
SIEMENS AG,              :
                                 :
        Defendants.         :

## MEMORANDUM ORDER

Pending before the Court is Defendant Siemen AG's Motion To
Dismiss Plaintiff's Complaint (D.I. 15). For the reasons
discussed, the Court will order limited jurisdictional discovery.

## I. BACKGROUND

On February 28, 2006, Plaintiff filed his Complaint,[1]
alleging that Defendants misappropriated Plaintiff's trade
secrets and were unjustly enriched when they used the trade
secrets in the development and sale of their SOARIAN software
product. (D.I. 1). Defendant Siemens AG, a German Corporation,
filed a motion to dismiss on the grounds of insufficiency of

---

[1] Plaintiff filed his Amended Complaint on March 30, 2006
(D.I. 7).

process and lack of personal jurisdiction.[2] (D.I. 15).

Plaintiff, a Pakistani national, contends that there are several grounds for personal jurisdiction,[3] including:

- Siemens AG is affiliated with or wholly owns Delaware-incorporated subsidiaries that are also Defendants in this lawsuit. (D.I. 7).

- The Delaware-incorporated subsidiaries are agents of Siemens AG and, as a result, Siemens AG does business in the state of Delaware. (D.I. 7 at ¶ 8).

- Defendants' SOARIAN software product contains Plaintiff's trade secrets and has been marketed or sold in Delaware. (D.I. 7 at ¶ 9).

Plaintiff has attempted jurisdictional discovery of documents and interrogatories, which were both rejected by Siemens AG. (D.I. 20, Exhibits B-D). Plaintiff requests a Court Order to require Siemens AG to comply with these jurisdictional

---

[2] Because Plaintiff contends that he has addressed the insufficiency of process claim, the remaining issue is whether the Court has personal jurisdiction over Siemens AG. (D.I. 12, 14, 20). Siemens AG included insufficiency of process to preserve its defense should service be improper.

[3] Plaintiff also contends that Siemens AG uses an established distribution channel through its U.S. and Delaware-based subsidiaries to distribute its products into the stream of commerce in Delaware and the U.S., recording any resulting revenues as its own, and that there are prior cases in this Court involving Siemens AG where personal jurisdiction was not challenged by Defendant. However, these contentions were not made in Plaintiff's Complaint. (D.I. 20).

2

discovery requests and to allow additional, reasonable
jurisdictional discovery as may be necessary. (D.I. 20 at 17).

## II. DISCUSSION

In reviewing a motion to dismiss for lack of jurisdiction,
district courts are advised to grant plaintiff's requests for
jurisdictional discovery, especially when related to questions of
whether a corporate defendant does business in the forum state,
unless the plaintiff's claim is "clearly frivolous." Mass. Sch.
of Law at Andover, Inc. v. Am. Bar Ass'n, 107 F.3d 1026, 1042 (3d
Cir. 1997). A claim is not clearly frivolous if the plaintiff
has stated with reasonable particularity the basis for
jurisdiction and the "court [is] satisfied that there is some
indication that this particular defendant is amenable to suit in
this forum." Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446,
456 (3d Cir. 2003); Hansen v. Neumueller GmbH, 163 F.R.D. 471,
475 (D. Del. 1995)

Here, Plaintiff has set forth a prima facie showing of
personal jurisdiction over Defendant Siemens AG sufficient to
permit limited jurisdictional discovery. Plaintiff's allegations
go beyond bare assertions that Siemens AG transacts business in
the state of Delaware. Mass. Sch. of Law, 107 F.3d at 1042. In
this case, Plaintiff alleges an agency relationship between
Siemens AG and its Delaware-incorporated subsidiaries, that
Siemens products have been distributed within the stream of

3

commerce, including the state of Delaware, and other facts such as previous litigation in this forum. (D.I. 20). Accordingly, this Court will issue an Order for limited jurisdictional discovery before ruling on Defendant Siemens AG's Motion To Dismiss Plaintiff's Complaint (D.I. 15).

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that:

1.    Plaintiff is permitted to conduct discovery limited to the issue of the Court's jurisdiction over Defendant Siemens AG.

2.    Discovery shall be completed by Sept. 15, 2006.


July 13, 2006

UNITED STATES DISTRICT JUDGE

4