IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| SYED IQBAL RAZA, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-132 (JJF) |
| | ) | |
| SIEMENS MEDICAL SOLUTIONS USA, | ) | |
| INC., SIEMENS MEDICAL SOLUTIONS | ) | |
| HEALTH SERVICES CORP., SIEMENS | ) | |
| CORPORATION and SIEMENS AG, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF DR. RAZA'S MOTION TO COMPEL
## DEFENDANT SIEMENS AG'S COMPLIANCE WITH THE COURT'S JULY 13, 2006
## MEMORANDUM ORDER REGARDING JURISDICTIONAL DISCOVERY

YOUNG CONAWAY STARGATT &
TAYLOR, LLP
Martin S. Lessner  (No. 3109)
Adam W. Poff (No. 3990)
The Brandywine Building
1000 West Street, 17th  Floor
Wilmington, Delaware  19899
(302) 571-6600

*Attorneys for Plaintiff Dr. Raza*

On May 5, 2006, plaintiff Dr. Raza served jurisdictional discovery on defendant Siemens AG in connection with its motion to dismiss his claims pursuant to Rule 12(b)(2).  Siemens AG refused to comply.  This Court then <u>ordered</u> Siemens AG to comply with the discovery in its July 13 Memorandum Order (Ex. A) ("Plaintiff requests a Court Order to require Siemens AG to comply with these jurisdictional requests and to allow additional, reasonable jurisdictional discovery …. Accordingly, this Court will issue an Order for limited jurisdictional discovery … .").  Siemens AG has since refused, for the first time on August 21 (almost three months after receiving the discovery) and most recently on August 28, to produce even a <u>single</u> document in response to Dr. Raza's jurisdictional document requests or to provide responsive, substantive answers to many of his jurisdictional interrogatories.  As detailed below, the discovery refused by Siemens AG relates to five subjects, all of which are relevant to the Court's jurisdiction analysis: (1) Siemens AG's ownership interests in the Soarian products and its subsidiaries; (2) the revenues Siemens AG has received from sales of Soarian products; (3) communications between Siemens AG and other defendants or Siemens Corporation concerning Soarian; (4) communications between Siemens entities and Delaware entities relating to Soarian; and (5) the nature and degree of Siemens AG's presence in the State of Delaware.  Dr. Raza now moves to compel Siemens AG's compliance with the Memorandum Order in accordance with the attached form of order (Ex. H) and pursuant to Rule 37,[1] Local Rule 37.1, and the Court's standard discovery dispute scheduling provision.  Due to Siemens AG's refusal to comply with the Memorandum Order, Dr. Raza also requires and hereby seeks additional time to complete jurisdictional discovery, which was to be completed by September 15.

**Subjects (1) and (2).**  Siemens AG has refused to provide certain information concerning its ownership interests in its Delaware subsidiaries and the Soarian products they market,

---

[1] Pursuant to Rule 37, Siemens AG's failure to comply with the Memorandum Order is also grounds for denial of its motion to dismiss.  *See Ins. Corp. of Ireland v. Compagnie des Bauxitesde Guinee*, 456 U.S. 694 (1984) (affirming lower court's exercise of jurisdiction as sanction based on foreign corporation's failure to cooperate in jurisdictional discovery).

sell and/or license across the United States. That information relates to whether certain of Siemens AG's subsidiaries are acting as agents of Siemens AG in performing such business functions. For example, Request 6 (Ex. B, p. 5) seeks "[d]ocuments sufficient to determine defendant Siemens AG's ownership interests in the other defendants and Siemens Corporation," a former defendant. Siemens AG improperly refuses to produce any documents and persists in providing information concerning only the ownership interests of its subsidiaries, stating repeatedly that Siemens AG has no direct ownership interest in the subsidiaries without explaining the degree of Siemens AG's indirect ownership interests in those entities. (Ex. D, p. 6; Ex. G[2], p. 6) The Request is not limited to direct ownership interests or directed to the subsidiaries' direct interests, as Siemens AG implies for self-serving purposes. Moreover, such information is routinely sought and provided in connection with jurisdictional discovery. *See, e.g., Fishel v. BASF Group*, 175 F.R.D. 525, 530 (S.D. Iowa 1997) ("information about subsidiaries is not irrelevant to jurisdiction"). Dr. Raza therefore requests that the Court compel Siemens AG to produce documents sufficient to determine its ownership interests, direct or indirect, in the identified Delaware subsidiaries.

Dr. Raza requests similar relief with respect to Requests 5 and 8 and Interrogatories 3 and 15 (Ex. B, pp. 5-6; Ex. C, pp. 3-4), all of which relate to Siemens AG's ownership interests in Soarian and Siemens AG's potential role as principal in an agency relationship with its subsidiaries that market, sell and/or license Soarian in Delaware. Request 8 seeks documents sufficient to determine Siemens AG's revenues from worldwide sales of Soarian. In response, Siemens AG improperly refuses to produce any documents. (Ex. D, p. 7) Such documents would illuminate Siemens AG's ownership interests in Soarian and relate to Siemens AG's interest in the Soarian-related activities of its subsidiaries. Interrogatory 15 seeks the same sort of information, and was met with similar resistance. (Ex. E, p. 10)

---

[2] Ex. G responds to an August 23, 2006 letter from A. Poff to L. Woods attached hereto as Exhibit F.

Request 5 and Interrogatory 3 relate specifically to Siemens AG's efforts to obtain patents for Soarian-related technology. Siemens AG has refused to provide information or documents concerning its Soarian-related patent applications filed outside the United States. Such information relates directly to the ownership of Soarian and the interest and control issues that would give rise to an agency relationship. Dr. Raza therefore requests that the Court compel Siemens AG to produce all documents responsive to Requests 5 and 8 and to provide the specific information sought in Interrogatories 3 (particularly as it relates to applications) and 15.

Similarly, Interrogatory 7 (Ex. C, p. 3) seeks information concerning the location of the Soarian source code for the purpose of determining Siemens AG's ownership interests in and control over Soarian. Siemens AG responded by stating that the source code is held in Malvern, Pennsylvania and "other locations outside the United States" (Ex. E, pp. 6-7), and subsequently refused to provide further specificity as to the locations outside the United States. (Ex. G, pp. 3-4) Dr. Raza requests that the Court compel Siemens AG to provide the information requested in Interrogatory 7, including the locations of the Soarian source code outside the United States.

**Subjects (3) and (4).** Siemens AG has also improperly refused to provide information concerning Soarian-related communications among the Siemens entities and between the Siemens entities and Delaware entities. Such information bears heavily upon the issue of agency. [3] The former set of communications pertains to the potential agency relationship between Siemens AG and its subsidiaries in that it would reflect Siemens AG's interest in and control over Soarian sales, licensing and marketing. The latter set of communications pertains to whether such a relationship will give rise to personal jurisdiction. As the Court made clear in *Reach & Associates, P.C. v. Dencer*, an agency relationship will not support the exercise of jurisdiction unless the agent has engaged in "jurisdictional acts" to be attributed to the principal. 269 F. Supp. 2d 497, 507 (D. Del.

---

[3] In fact, Siemens AG was recently found to be subject to personal jurisdiction in New York based on the same type of information. *See In re Ski Train Fire in Kaprun, Austria*, 230 F. Supp. 376, 386-87 (S.D.N.Y. 2002). Its agent in that case was Siemens Corporation, a Delaware corporation and a former defendant in this case.

2003). Information about the latter communications, which should reflect any marketing activities by Siemens AG's subsidiaries within Delaware, relates to Dr. Raza's ability to establish "jurisdictional acts" on the parts of Siemens AG's subsidiaries and potential agents, and is therefore highly relevant to the jurisdictional analysis.

Request 3 (Ex. B, p. 5), for example, seeks "all documents concerning communications relating to Soarian between defendant Siemens AG and another defendant or Siemens Corporation." Siemens AG has produced no documents, and responds by stating that it "does not sell or license Soarian in the United States ... [or] sell or market any products or otherwise do business in the state of Delaware," and that any communications to its subsidiaries were necessarily made outside Delaware because they are not headquartered in Delaware. (Ex. D, pp. 4-5) Siemens AG's refusal to produce documents is improper, and its rationale for doing so is immaterial to the reasons for the Request. Dr. Raza therefore requests that the Court compel Siemens AG to produce all documents responsive to the Request. For the same reasons, Dr. Raza also requests that the Court compel Siemens AG to provide the information sought in Interrogatory 5 (Ex. C, p. 3) concerning Soarian-related communications between Siemens entities and Delaware entities.

**Subject (5).** Siemens AG refuses to provide certain information concerning the nature of Siemens AG's presence in Delaware, which would relate to whether it is subject to the general jurisdiction of this Court. Interrogatories 10 and 11 (Ex. C, p. 4) seek information concerning the presence of Siemens AG employees and representatives in Delaware for business purposes. Siemens AG has responded that it does not "do business" in Delaware. (Ex. E, pp. 8-9) The fact that Siemens AG may not directly sell or license products in Delaware does not answer the question asked. For example, Siemens AG employees may be in Delaware to market Soarian or to support other products sold directly by its subsidiaries and potential agents. When pressed to fully respond, Siemens AG refused. (Ex. G, p. 4) Dr. Raza therefore respectfully requests that the Court compel Siemens AG to provide the specific information sought in Interrogatories 10 and 11.

4

September 13, 2006

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

Martin S. Lessner  (No. 3109)
Adam W. Poff (No. 3990)
The Brandywine Building
1000 West Street, 17th  Floor
Wilmington, Delaware  19899
(302) 571-6600

*Attorneys for Plaintiff Raza*

5

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SYED IQBAL RAZA, M.D.,          :
                                :
          Plaintiff,            :
                                :
      v.                        :
                                : Civil Action No. 06-132-JJF
SIEMENS MEDICAL SOLUTIONS USA,  :
INC., SIEMENS MEDICAL           :
SOLUTIONS HEALTH SERVICES       :
CORP., SIEMENS CORPORATION and  :
SIEMENS AG,                     :
                                :
          Defendants.           :

## MEMORANDUM ORDER

Pending before the Court is Defendant Siemen AG's Motion To Dismiss Plaintiff's Complaint (D.I. 15). For the reasons discussed, the Court will order limited jurisdictional discovery.

## I. BACKGROUND

On February 28, 2006, Plaintiff filed his Complaint,[1] alleging that Defendants misappropriated Plaintiff's trade secrets and were unjustly enriched when they used the trade secrets in the development and sale of their SOARIAN software product. (D.I. 1). Defendant Siemens AG, a German Corporation, filed a motion to dismiss on the grounds of insufficiency of

---

[1] Plaintiff filed his Amended Complaint on March 30, 2006 (D.I. 7).

process and lack of personal jurisdiction.[2] (D.I. 15).
Plaintiff, a Pakistani national, contends that there are several
grounds for personal jurisdiction,[3] including:

- Siemens AG is affiliated with or wholly owns Delaware-
  incorporated subsidiaries that are also Defendants in this
  lawsuit. (D.I. 7).

- The Delaware-incorporated subsidiaries are agents of Siemens
  AG and, as a result, Siemens AG does business in the state
  of Delaware. (D.I. 7 at ¶ 8).

- Defendants' SOARIAN software product contains Plaintiff's
  trade secrets and has been marketed or sold in Delaware.
  (D.I. 7 at ¶ 9).

Plaintiff has attempted jurisdictional discovery of
documents and interrogatories, which were both rejected by
Siemens AG. (D.I. 20, Exhibits B-D). Plaintiff requests a Court
Order to require Siemens AG to comply with these jurisdictional

---

[2] Because Plaintiff contends that he has addressed the
insufficiency of process claim, the remaining issue is whether
the Court has personal jurisdiction over Siemens AG. (D.I. 12,
14, 20). Siemens AG included insufficiency of process to
preserve its defense should service be improper.

[3] Plaintiff also contends that Siemens AG uses an
established distribution channel through its U.S. and Delaware-
based subsidiaries to distribute its products into the stream of
commerce in Delaware and the U.S., recording any resulting
revenues as its own, and that there are prior cases in this Court
involving Siemens AG where personal jurisdiction was not
challenged by Defendant. However, these contentions were not
made in Plaintiff's Complaint. (D.I. 20).

discovery requests and to allow additional, reasonable
jurisdictional discovery as may be necessary. (D.I. 20 at 17).

## II. DISCUSSION

In reviewing a motion to dismiss for lack of jurisdiction,
district courts are advised to grant plaintiff's requests for
jurisdictional discovery, especially when related to questions of
whether a corporate defendant does business in the forum state,
unless the plaintiff's claim is "clearly frivolous." Mass. Sch.
of Law at Andover, Inc. v. Am. Bar Ass'n, 107 F.3d 1026, 1042 (3d
Cir. 1997). A claim is not clearly frivolous if the plaintiff
has stated with reasonable particularity the basis for
jurisdiction and the "court [is] satisfied that there is some
indication that this particular defendant is amenable to suit in
this forum." Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446,
456 (3d Cir. 2003); Hansen v. Neumueller GmbH, 163 F.R.D. 471,
475 (D. Del. 1995)

Here, Plaintiff has set forth a prima facie showing of
personal jurisdiction over Defendant Siemens AG sufficient to
permit limited jurisdictional discovery. Plaintiff's allegations
go beyond bare assertions that Siemens AG transacts business in
the state of Delaware. Mass. Sch. of Law, 107 F.3d at 1042. In
this case, Plaintiff alleges an agency relationship between
Siemens AG and its Delaware-incorporated subsidiaries, that
Siemens products have been distributed within the stream of

3

commerce, including the state of Delaware, and other facts such as previous litigation in this forum. (D.I. 20). Accordingly, this Court will issue an Order for limited jurisdictional discovery before ruling on Defendant Siemens AG's Motion To Dismiss Plaintiff's Complaint (D.I. 15).

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that:

1.    Plaintiff is permitted to conduct discovery limited to the issue of the Court's jurisdiction over Defendant Siemens AG.

2.    Discovery shall be completed by Sept. 15, 2006.

July _13_, 2006

UNITED STATES DISTRICT JUDGE

4

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SYED IQBAL RAZA, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-132 (JJF) |
| | ) | |
| SIEMENS MEDICAL SOLUTIONS USA, | ) | |
| INC., SIEMENS MEDICAL SOLUTIONS | ) | |
| HEALTH SERVICES CORP., SIEMENS | ) | |
| CORPORATION and SIEMENS AG, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S JURISDICTIONAL DOCUMENT
## REQUESTS DIRECTED TO DEFENDANT SIEMENS AG

Pursuant to Rules 26 and 34 of the of the Federal Rules of Civil Procedure, plaintiff Syed Iqbal Raza, M.D. requests that defendant Siemens AG produce for inspection and copying within thirty (30) days hereof the documents described below, at the offices of Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, Delaware 19801.

## INSTRUCTIONS

1.    A request for a document shall be deemed to include a request for the original and final versions of the document, all drafts, alterations, modifications, changes and amendments thereto, as well as all non-identical copies or drafts of such documents, including any copy bearing non-identical markings or notations of any kind, as well as all transmittal sheets, cover letters, exhibits, enclosures or attachments to the document.

2.    Any document described herein is to be produced as it is kept in the ordinary course of business, in its original file folder, with all labels or similar markings intact, and with

the name of the person from whose files it was produced. Documents stored electronically shall be produced in electronic format as stored and/or copied exactly onto medium such as diskettes, "Zip" disks, CD-ROM, DVD-ROM, or the like, in addition to being printed out for purposes of production.

  3. Documents shall be produced in the condition and order of arrangement in which they existed when this request was served and shall not be "shuffled" or otherwise rearranged when produced.

  4. Each request herein should be construed independently and not with reference to any other request for the purpose of limitation.

  5. If it is not possible to produce any document called for by this request, or if any part of this request is objected to, the reasons for the failure to produce the documents or the objection should be stated specifically as to all grounds.

  6. If a document responsive to any request is no longer in Siemens AG's possession, custody or control, state what disposition was made of the document and the date of such disposition, and identify all persons having knowledge of the document's contents.

  7. If a document responsive to any request is no longer in Siemens AG's possession, but a copy of said document has been maintained by an agent, advisor or consultant (such as, but not limited to, any of Siemens AG's accountants, auditors, attorneys, financial advisors, or experts), include such document in the production.

  8. If any document responsive to any request has been destroyed, set forth the content of said document, the location of any copies of said document, the date of such destruction and the name of the person who destroyed the document or ordered or authorized such destruction.

DB02:5306535.1                      064935.1001

9.     If Siemens AG claims any form of privilege or protection or other reason, whether based on statute or otherwise, as a ground for not producing requested documents, furnish a list identifying each document for which the privilege or protection is claimed, together with the following information:

      (a)    type of document(s) (*e.g.*, memorandum, letter);

      (b)    date of the document(s);

      (c)    length of the document(s);

      (d)    author or sender of document(s);

      (e)    addressee and all other persons to whom copies of the document(s) were furnished, together with their job titles;

      (f)    general subject matter of the document(s);

      (g)    basis for withholding the document(s); and

      (h)    the specific request to which such document(s) is (are) responsive.

10.     When one writing is responsive to more than one specific request, only one identical copy of the writing need be produced.

11.     The time period covered by the requests, unless otherwise indicated, is January 1, 2001 to the present.

12.     This request is continuing and requires further and supplemental production by Siemens AG as and whenever it acquires or makes additional documents between the time of the initial production hereunder and the time of the trial in this action, in accordance with Federal Rule 26(e). Siemens AG is requested to produce any such additional documents within five (5) days of their coming into Siemens AG's possession, custody or control, or the possession, custody or control of its agents or representatives. If any such additional documents or any

3

portion thereof are withheld from production upon a claim of privilege or for any other reason, Siemens AG is requested to promptly serve upon plaintiff a written identification of each such document or portion thereof, setting forth the information described in Instruction No. 9.

## DEFINITIONS

Notwithstanding anything else to the contrary herein, each word, term or phrase used in these requests is intended to have the broadest meaning permitted under the Federal rules of Civil Procedure. For purposes of these requests, the following definitions will apply, regardless of whether the defined word is capitalized or not:

A.    The words "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests information that might otherwise be construed to be outside its scope; the singular shall include the plural and the plural shall include the singular except as the context may otherwise dictate; the term "any" means "any and all" and the term "all" means "any and all;" the past tense shall include the present tense, and vice versa; and the word "including" means "including without limitation."

B.    "Communication" means any manner or means of disclosure, transfer, exchange or conveyance of information, including, but not limited to, any conversation, discussion, letter, memorandum, facsimile transmission, note, meeting, electronic mail, or other transfer of information, whether oral or written, or by any other means and includes any document that abstracts, digests, transcribes or records any communication.

C.    "Concerning" means relating to, referring to, regarding, describing, evidencing or constituting, directly or indirectly, in whole or in part.

D.    "Delaware Entity" means any entity that conducts business operations within the State of Delaware, regardless of whether that entity was created under the laws of Delaware.

4

E. "Documents" shall have the broadest meaning possible under Federal Rules 26 and 34. The term as used herein includes all tangible items of any nature, both originals and copies, and all attachments and appendices thereto, of any printed, written, handwritten, typewritten, stenographic, photographic, computer-generated or recorded matter however produced or reproduced. Duplicates of produced documents identical in each detail need not be produced.

F. "Relate to" or "relating to" mean concerning, regarding, referring to, discussing, supporting, constituting, comprising, containing, evidencing, setting forth, showing, disclosing, describing, explaining, summarizing, reflecting or mentioning.

G. "Soarian" means any product that includes the term "Soarian" as part of its name and any software, object code or source code related to such product.

## DOCUMENT REQUESTS

1.    All documents concerning communications between defendant Siemens AG and a Delaware Entity

2.    All documents concerning Siemens AG's sales or licensing of products to a Delaware Entity

3.    All documents concerning communications relating to Soarian between defendant Siemens AG and another defendant or Siemens Corporation

4.    Documents sufficient to indicate the ownership of Soarian since 2001

5.    All patents and patent applications that relate to Soarian

6.    Documents sufficient to determine defendant Siemens AG's ownership interests in the other defendants and Siemens Corporation

5

7.    Documents sufficient to determine the revenues derived by Siemens AG from the sale or license of Soarian in the United States

8.    Documents sufficient to determine the revenues derived by Siemens AG from the sale or license of Soarian worldwide

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Date: May 5, 2006

_____
Martin S. Lessner (No. 3109)
Adam W. Poff (No. 3990)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6600

*Attorneys for Plaintiff*

6

## CERTIFICATE OF SERVICE

I, Adam W. Poff, hereby certify that on May 5, 2006, copies of the foregoing document were served on the following counsel of record in the manner indicated:

BY HAND DELIVERY

> Duncan Grant., Esquire
> Pepper Hamilton LLP.
> Hercules Plaza, Suite 5100
> 1313 N. Market Street
> Wilmington, DE 19899-1709

BY FEDERAL EXPRESS

> Kathleen A. Mullen, Esquire
> Larry R. Wood, Jr., Esquire
> Pepper Hamilton LLP.
> 3000 Two Logan Square
> Eighteenth & Arch Streets
> Philadelphia, PA 19103-2799

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Martin S. Lessner (No. 3109)
Adam W. Poff (No. 3990)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
apoff@ycst.com

*Attorneys for Syed Iqbal Raza, M.D..*

DB02:5307637.1                                                                 064935.1001

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SYED IQBAL RAZA, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-132 (JJF) |
| | ) | |
| SIEMENS MEDICAL SOLUTIONS USA, | ) | |
| INC., SIEMENS MEDICAL SOLUTIONS | ) | |
| HEALTH SERVICES CORP., SIEMENS | ) | |
| CORPORATION and SIEMENS AG, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S JURISDICTIONAL INTERROGATORIES
## DIRECTED TO DEFENDANT SIEMENS AG

Pursuant to Rules 26 and 33 of the of the Federal Rules of Civil Procedure, plaintiff Syed Iqbal Raza, M.D. requests that defendant Siemens AG answer under oath the following interrogatories within thirty days hereof, and deliver such answers to the offices of Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, Delaware 19801.

### INSTRUCTIONS

1.     These interrogatories are continuing interrogatories, the answers to which are to be kept current.

2.     The time period covered by the interrogatories, unless otherwise indicated, is January 1, 2001 to the present.

### DEFINITIONS

Notwithstanding anything else to the contrary herein, each word, term or phrase used in these interrogatories is intended to have the broadest meaning permitted under the Federal Rules

064935.1001

of Civil Procedure. For purposes of these interrogatories, the following definitions will apply, regardless of whether the defined word is capitalized or not:

A.    The words "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests information that might otherwise be construed to be outside its scope; the singular shall include the plural and the plural shall include the singular except as the context may otherwise dictate; the term "any" means "any and all" and the term "all" means "any and all;" the past tense shall include the present tense, and vice versa; and the word "including" means "including without limitation."

B.    "Communication" means any manner or means of disclosure, transfer, exchange or conveyance of information, including, but not limited to, any conversation, discussion, letter, memorandum, facsimile transmission, note, meeting, electronic mail, or other transfer of information, whether oral or written, or by any other means and includes any document that abstracts, digests, transcribes or records any communication.

C.    "Concerning" means relating to, referring to, regarding, describing, evidencing or constituting, directly or indirectly, in whole or in part.

D.    "Delaware Entity" means any entity that conducts business operations within the State of Delaware, regardless of whether that entity was created under the laws of Delaware.

E.    "Soarian" means any product that includes the term "Soarian" as part of its name and any software, object code or source code related to such product.

## INTERROGATORIES

1.    For each owner of property rights in Soarian, identify the owner, the Soarian product(s) that it owns, and its percentage ownership of such product(s).

DB02:5306277.1                                                                          064935.1001

2.    For each patent that has issued that concerns Soarian, identify the country that issued the patent, the patent number, the entity to whom it was issued, and the current owner of the patent.

3.    For each patent application filed that concerns Soarian, identify the country in which the application was filed, the application number, and the entity that filed the application.

4.    For every sale or license of Soarian to a Delaware Entity, identify the Delaware Entity, the seller or licensor, the Soarian product(s) sold or licensed to the entity, the purchase price or licensing fee paid by the entity, and when, if ever, the entity stopped using the Soarian product(s).

5.    For every communication concerning Soarian between a defendant and a Delaware Entity (excluding written correspondence), identify the defendant, the Delaware Entity, and the date of the communication, and describe the substance of the communication.

6.    Identify the location of the server that hosts the website www.healthcare.siemens.com/soarian/int/index_flash.html.

7.    Identify the location(s) of the source code for Soarian.

8.    For each Delaware Entity to whom defendant Siemens AG has sold or licensed products, identify the Delaware Entity, the product, and the date of the sale or inception of the license, as applicable.

9.    For each Delaware Entity to whom defendant Siemens AG has marketed products or communicated concerning the potential for a sale or license of one or more products, identify the Delaware Entity, the product(s), and the date(s) of the communication(s).

DB02:5306277.1                                064935.1001

10.    For each conference in Delaware to which defendant Siemens AG has sent a representative, state the name of the conference, and identify the date of the conference and the attendee from defendant Siemens AG.

11.    For each employee of defendant Siemens AG that has been physically in the State of Delaware for business purposes, identify the employee, the date(s) the employee was in Delaware, and the purpose of the employee's presence in Delaware.

12.    Identify all products and equipment owned by defendant Siemens AG that is physically within the State of Delaware.

13.    Other than *Siemens AG v. Fonar Corp.*, C.A. No. 95-261 (SLR), *Siemens Aktiengesellchaft v. LG Semicon Co.*, C.A. No. 98-514 (RRM), *Fenster Family Patent Holding, Inc. v. Siemens AG*, C.A. No. 04-038 (JJF), and *TI Group Automotive Systems, (North America) Inc. v. Siemens AG*, C.A. No. 00-432 (GMS) identify all actions in which defendant Siemens AG has appeared as a party before the Delaware state or federal courts.

14.    Identify by year the revenues received by defendant Siemens AG from the sale or license of Soarian in the United States.

15.    Identify by year the revenues received by defendant Siemens AG from the sale or license of Soarian worldwide.

4

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

Date: May 5, 2006

_____
Martin S. Lessner  (No. 3109)
Adam W. Poff (No. 3990)
The Brandywine Building
1000 West Street, 17th  Floor
Wilmington, Delaware  19899
(302) 571-6600

*Attorneys for Plaintiff*

064935.1001

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SYED IQBAL RAZA, M.D., | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 06-132 (JJF) |
| | : | |
| SIEMENS MEDICAL SOLUTIONS USA, INC., | : | |
| SIEMENS MEDICAL SOLUTIONS HEALTH | : | |
| SERVICES CORP., | : | |
| and SIEMENS AG, | : | |
| | : | |
| Defendants. | : | |

## DEFENDANT SIEMENS AG'S RENEWED OBJECTIONS AND RESPONSES TO PLAINTIFF'S JURISDICTIONAL DOCUMENT REQUESTS (DATED MAY 5, 2006)

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Siemens AG, by and through its attorneys Pepper Hamilton LLP, hereby renews its objections to Plaintiff Dr. Syed Iqbal Raza's ("Dr. Raza") Jurisdictional Document Requests dated May 5, 2006 and renewed on July 17, 2006 ("Requests") as follows. By its objections to these Requests, Siemens AG is not waiving, but rather expressly preserves its argument that this Court lacks personal jurisdiction over it.

## GENERAL OBJECTIONS

1.     Siemens AG objects to these Requests to the extent that they are overbroad, unduly burdensome and irrelevant to the jurisdictional issue. Such Requests are beyond the scope of the limited discovery ordered by the Court in its July 13, 2006 Order.

2.     Siemens AG objects to these Requests, and the definitions and instructions contained therein, to the extent that they impose upon Siemens AG obligations that are

inconsistent with the Federal Rules of Civil Procedure, the Local Rules for the United States Court for the District of Delaware or the rules of this Court.

3.      Siemens AG objects to these Requests to the extent that they seek information that is not within the possession, custody or control of Siemens AG.

4.      Siemens AG objects to these Requests to the extent that they seek information in the public record that is equally accessible to Dr. Raza as it is to Siemens AG.

5.      Siemens AG objects to these Requests to the extent that they seek information that is protected against disclosure by the attorney-client privilege, the work product doctrine, or any other rule of privilege or confidentiality provided by law.

6.      Siemens AG objects to these Requests because they impose an unreasonable burden upon Siemens AG, a foreign litigant. *See Societe Nationale Industrielle Aerospatiale v. United States District Court for Southern Dist. Iowa*, 482 U.S. 522, 546 (1987).

7.      Siemens AG objects to these Requests to the extent that they are duplicative.

8.      Siemens AG objects to these Requests to the extent that they are vague, ambiguous, oppressive and require an unduly burdensome search for, and production of, information that is unrelated to the Court's resolution of Siemens AG's pending Motion to Dismiss for lack of personal jurisdiction.

9.      Siemens AG objects to providing any information prior to the entry of a Confidentiality Order.

-2-

10.    These general objections are hereby incorporated into the response to each Request as if fully set forth therein, and whether or not specifically referenced therein.

### SIEMENS AG'S SPECIFIC OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUESTS

1.    All documents concerning communications between defendant Siemens AG and a Delaware Entity.

**OBJECTION AND RESPONSE:**    Siemens AG objects to this Request as it is extremely overly broad, unduly burdensome, unrelated and irrelevant to the Court's resolution of Siemens AG's pending Motion to Dismiss for lack of personal jurisdiction. Siemens AG further objects to this Request because it seeks information that is not within the possession, custody or control of Siemens AG, and because it seeks confidential information and information protected from disclosure by the attorney-client privilege, the work product doctrine and other privileges. Siemens AG also objects to this Request as it is vague and unintelligible. Siemens AG also objects to the definition of Delaware Entity contained in Plaintiff's Requests. Siemens AG further objects to this Request because it exceeds the limited scope of discovery contemplated in the Court's July 13, 2006 Order. Without waiving its objections, Siemens AG states that it does not sell or market any products, or otherwise do business in the state of Delaware, as set forth in the declarations of Erhard Meitinger, dated May 19, 2006 and May 2, 2006, attached hereto as Exhibit A.

2.    All documents concerning Siemens AG's sales or licensing of products to a Delaware Entity.

**OBJECTION AND RESPONSE:** Siemens AG objects to this Request as overly broad, unduly burdensome, unrelated and irrelevant to the Court's resolution of Siemens AG's pending Motion to Dismiss for lack of personal jurisdiction. Siemens AG further objects to this Request because it seeks information that is not within the possession, custody or control of Siemens AG. Siemens AG also objects to this Request as it is vague and unintelligible, and Siemens AG further objects to the definition of Delaware Entity contained in Plaintiff's Requests. Siemens AG further objects to this Request because it exceeds the limited scope of discovery contemplated in the Court's July 13, 2006 Order. Without waiving its objections, Siemens AG states that it does not sell or license Soarian, does not sell or market any products, or otherwise do business in the state of Delaware, as set forth in the declarations of Erhard Meitinger, dated May 19, 2006 and May 2, 2006.

3.    All documents concerning communications relating to Soarian between defendant Siemens AG and another defendant or Siemens Corporation.

**OBJECTION AND RESPONSE:** Siemens AG objects to this Request as overly broad, unduly burdensome, unrelated and irrelevant to the Court's resolution of Siemens AG's pending Motion to Dismiss for lack of personal jurisdiction. Siemens AG further objects to this Request because it seeks information that is not within the possession, custody or control of Siemens AG and because it seeks confidential information or information that is protected from disclosure by the attorney-client privilege, work product doctrine and other privileges. Siemens AG also objects to this Request as it is vague and unintelligible and Siemens AG further objects to the definition of Soarian contained in Plaintiff's Requests. Siemens AG further objects to this Request because it exceeds the limited scope of discovery contemplated in the Court's July 13, 2006 Order. Without waiving its objections, Siemens AG states that it does not

-4-

sell or license Soarian in the United States. Siemens AG does not sell or market any products or otherwise do business in the state of Delaware. Siemens Medical Solutions USA, Inc., Siemens Medical Solutions Health Services Corporation and Siemens Corporation are not headquartered in Delaware, and thus, any communications by Siemens AG with these entities, if any such communications exist, would not be made or sent into the state of Delaware.

        4.      Documents sufficient to indicate the ownership of Soarian since 2001.

**OBJECTION AND RESPONSE:** Siemens AG objects to this Request as overly broad, unduly burdensome, unrelated and irrelevant to the Court's resolution of Siemens AG's pending Motion to Dismiss for lack of personal jurisdiction. Siemens AG further objects to this Request because it seeks information that is not within the possession, custody or control of Siemens AG. Siemens AG also objects to this Request as it is vague and unintelligible, and Siemens AG further objects to the definition of Soarian contained in Plaintiff's Requests. Siemens AG further objects to this Request because it exceeds the limited scope of discovery contemplated in the Court's July 13, 2006 Order. Without waiving its objections, Siemens AG states its understanding that Siemens Medical Solutions Health Services Corporation manufactures Soarian. Siemens AG also states that it does not sell or license Soarian, does not sell or market any products or otherwise do business in the state of Delaware, as set forth in the declarations of Erhard Meitinger, dated May 19, 2006 and May 2, 2006.

        5.      All patents and patent applications that relate to Soarian.

**OBJECTION AND RESPONSE:** Siemens AG objects to this Request as overly broad, unduly burdensome, unrelated and irrelevant to the Court's resolution of Siemens AG's pending Motion to Dismiss for lack of personal jurisdiction. Siemens AG further objects to this Request because it seeks information that is not within the possession, custody or control

of Siemens AG. Siemens AG also objects to this Request as it is vague and unintelligible, and Siemens AG further objects to the definition of Soarian contained in Plaintiff's Requests. Siemens AG further objects to this Request because it exceeds the limited scope of discovery contemplated in the Court's July 13, 2006 Order. Without waiving its objections, Siemens AG states its understanding that Siemens Medical Solutions Health Services Corporation manufactures Soarian and is the holder and assignee of all patents relating to Soarian. Siemens AG further states that it has not filed any patent applications relating to Soarian in the United States.

      6.     Documents sufficient to determine defendant Siemens AG's ownership interests in other defendants and Siemens Corporation.

**OBJECTION AND RESPONSE:** Siemens AG objects to this Request as overly broad, unduly burdensome, unrelated and irrelevant to the Court's resolution of Siemens AG's pending Motion to Dismiss for lack of personal jurisdiction. Siemens AG also objects to this Request as it is vague and unintelligible, and because it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine and other privileges. Siemens AG further objects to this Request as it seeks publicly available information. Without waiving its objections, Siemens AG states that it does not have direct ownership interests in Siemens Medical Solutions Health Services Corporation, Siemens Medical Solutions USA, Inc. or Siemens Corporation. Siemens Medical Solutions USA, Inc. owns 100% of the stock of Siemens Medical Solutions Health Services Corporation. Siemens Corporation owns 100% of the stock of Siemens Medical Solutions USA, Inc. Siemens Corporation is owned by Siemens USA Holdings, Inc. and Siemens Schweiz AG.

7.    Documents sufficient to determine the revenues derived by Siemens AG from the sales or license of Soarian in the United States.

**OBJECTION AND RESPONSE:**  Siemens AG objects to this Request as overly broad, unduly burdensome, unrelated and irrelevant to the Court's resolution of Siemens AG's pending Motion to Dismiss for lack of personal jurisdiction.  Siemens AG further objects to this Request because it seeks information that is not within the possession, custody or control of Siemens AG.  Siemens AG also objects to this Request as it is vague and unintelligible, and Siemens AG further objects to the definition of Soarian contained in Plaintiff's Requests. Siemens AG further objects to this Request because it exceeds the limited scope of discovery contemplated in the Court's July 13, 2006 Order.  Without waiving its objections, Siemens AG states that it does not sell or license Soarian or otherwise do business in the state of Delaware, as set forth in the declarations of Erhard Meitinger, dated May 19, 2006 and May 2, 2006.  Siemens AG further states, as set forth in the declaration of Erhard Meitinger, dated May 2, 2006, that it follows an explicit policy of maintaining all corporate formalities between it and subsidiary entities (in which Siemens AG has indirect ownership interest) - - entities that are separate and legally independent of Siemens AG.  Siemens AG also states its understanding that Siemens Medical Solutions USA, Inc., the entity that markets and sells Soarian in the United States, has not made any sales or licenses of Soarian to any entity or person located within the state of Delaware. *See* Declaration of James T. McAvoy, attached hereto as Exhibit B.

8.    Documents sufficient to determine the revenues derived by Siemens AG from the sales or license of Soarian worldwide.

**OBJECTION AND RESPONSE:**  Siemens AG objects to this Request as overly broad, unduly burdensome, unrelated and irrelevant to the Court's resolution of Siemens

AG's pending Motion to Dismiss for lack of personal jurisdiction. Siemens AG further objects to this Request because it seeks information that is not within the possession, custody or control of Siemens AG. Siemens AG also objects to this Request as it is vague and unintelligible, and Siemens AG further objects to the definition of Soarian contained in Plaintiff's Requests. Siemens AG further objects to this Request because it seeks documents beyond the scope of the limited discovery contemplated by the Court's July 13, 2006 Order.

OF COUNSEL:

Kathleen A. Mullen
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
(215) 981-4000 (Telephone)
(215) 981-4750 (Fax)

Dated: August 21, 2006

/s/ Larry R. Wood, Jr.
M. Duncan Grant (DE No. 2994)
Larry R. Wood, Jr. (DE No. 3262)
Phillip T. Mellet (DE No. 4741)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, DE 19899-1709
(302) 777-6500 (Telephone)
(302) 421-8390 (Fax)

*Attorneys for Defendant Siemens AG*

*EXHIBIT A*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SYED IQBAL RAZA, M.D., | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 06-132 (JJF) |
| | : | |
| SIEMENS MEDICAL SOLUTIONS USA, INC., | : | |
| SIEMENS MEDICAL SOLUTIONS HEALTH | : | |
| SERVICES CORP., SIEMENS CORPORATION | : | |
| and SIEMENS AG, | : | |
| | : | |
| Defendants. | : | |

## DECLARATION OF Erhard Meitinger

I, Erhard Meitinger, make the following declaration under penalty of perjury under the laws of the United States:

1.     My name is Erhard Meitinger. I am employed by Siemens Aktiengesellschaft ("Siemens AG" or the "Company") as the Vice President of the Treasury Department, and my office is located in Munich, Germany. I have been working for Siemens AG for the past 19 years and am familiar with the structure and business operations of the Company. I understand that a lawsuit, has been filed against Siemens AG in the federal district court for the District of Delaware. I am over the age of twenty-one and give this declaration on the basis of my personal knowledge, investigation and belief for use in that litigation.

2.     I have reviewed Plaintiff's Answering Brief in Opposition to Defendant Siemens AG's Motion To Dismiss ("Answering Brief"). A number of the statements and inferences made in that Answering Brief relating to Siemens AG are not factually accurate.

3.     As stated in greater detail in my previous Declaration, attached to Siemens AG's Opening Brief in Support of its Motion to Dismiss Plaintiff's Complaint, Siemens AG does not "direct" or "control" the day-to-day operations or management of its directly and indirectly owned subsidiaries.

4.     Siemens AG does not do or conduct business in Delaware. Further, Siemens AG does not sell or market any products in the state of Delaware.

5.     The Answering Brief of Plaintiff Syed Iqbal Raza refers to various consumer household appliances, including washers and dryers. Siemens AG does not manufacture, sell or market these consumer household appliances anywhere in the United States,

including the state of Delaware. Instead, a different legal entity, BSH Bosch und Siemens Hausgeräte GmbH ("BSH Bosch"), a joint venture with Robert Bosch GmbH Stuttgart, manufactures and sells such consumer household appliances. BSH Bosch licenses the "Siemens" brand name for use on some of its products.

Name: E. NREITINGER

Title: Vice President CFT

Dated: May 19, 2006

-2-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SYED IQBAL RAZA, M.D., | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-132 (JJF) |
| | : | |
| SIEMENS MEDICAL SOLUTIONS USA, INC., | : | |
| SIEMENS MEDICAL SOLUTIONS HEALTH | : | |
| SERVICES CORP., SIEMENS CORPORATION | : | |
| and SIEMENS AG, | . | |
| | : | |
| Defendants. | : | |

## DECLARATION

I, Erhard Meitinger, make the following declaration under penalty of perjury under the laws of the United States:

1.    My name is Erhard Meitinger I am employed by Siemens Aktiengesellschaft ("Siemens AG" or the "Company") as the Vice President of the Treasury Department, and my office is located in Munich, Germany. I have been working for Siemens AG or one of its subsidiaries for the past 19 years and am familiar with the structure and business operations of the Company. I understand that a lawsuit, has been filed against Siemens AG in the federal district court for the District of Delaware. I am over the age of twenty-one and give this declaration on the basis of my personal knowledge, investigation and belief for use in that litigation.

2.    Siemens AG is a German corporation, organized under the laws of Germany, with its headquarters in Munich and Berlin. Siemens AG manufactures and sells a broad range of electrical and electronic equipment products, systems, and services into a variety of markets, including automotive, components, power and energy, healthcare, information systems, lighting, automation, transportation and telecommunications.

3.    Siemens AG does not do business in Delaware and has not had a business presence in Delaware to the best of my knowledge at any time. Specifically:

- Siemens AG is not qualified or registered to do business in Delaware;

- Siemens AG does not maintain an office in Delaware;

- Siemens AG does not have a telephone listing or mailing address in Delaware;

PHIAG HD? RAZ NODE

- Siemens AG does not own any real property in Delaware;

- Siemens AG has not authorized or appointed any entity to act as its general agent for accepting service of process of lawsuits in Delaware;

- Siemens AG does not employ any personnel in Delaware.

- Siemens AG has not filed or been obliged to file a tax return, or to pay taxes in, Delaware.

     4.    Siemens AG does have ownership interests (direct and indirect) in a number of subsidiaries, which engage in business activities in different parts of the world, including the United States. Siemens AG is the indirect owner of the shares of Siemens Corporation, a Delaware corporation, which in turn owns the shares of Siemens Medical Solutions USA, Inc. a Delaware corporation, which in turn owns the shares of Siemens Medical Solutions Health Services Corporation, a Delaware corporation.

     5.    Siemens AG does not direct or control the day-to-day operations or management of Siemens Corporation or Siemens Corporation's subsidiaries. To the contrary, the day-to-day business management and financial operations of Siemens Corporation is directed by that company's own management employees. Siemens Corporation has its own Board of Directors which bears overall responsibility for management and governance of the company. Siemens AG exercises influence over Siemens Corporation, if at all, only in its capacity as a indirect shareholder/ultimate parent and in accordance with the applicable local laws, the respective articles of incorporation and bylaws, and the rights of any other shareholders. This is the explicit corporate policy of Siemens AG.

     6.    Likewise consistent with the explicit corporate policy of Siemens AG is the fact that Siemens Corporation is separate from and legally independent of Siemens AG. Specifically:

- All corporate formalities between the companies are observed;

- The companies have separate officers and independent boards of directors;

- The companies conduct separate board meetings and maintain separate minutes of such meetings;

- The companies maintain separate books, records, and financial accounts;

- The companies have separate headquarters, files and office space;

- Transactions between the companies are conducted on an "arms-length" basis and are recorded by the appropriate entries in the books and records of the companies in accordance with generally recognized accounting principles; and



*EXHIBIT B*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SYED IQBAL RAZA, M.D., | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 06-132 (JJF) |
| | : | |
| SIEMENS MEDICAL SOLUTIONS USA, INC., | : | |
| SIEMENS MEDICAL SOLUTIONS HEALTH | : | |
| SERVICES CORP., SIEMENS CORPORATION | : | |
| and SIEMENS AG, | : | |
| | : | |
| Defendants. | : | |

## DECLARATION OF JAMES T. McAVOY

I, James T. McAvoy, make the following declaration under penalty of perjury under the laws of the United States:

1.    My name is James T. McAvoy.  I am employed by Siemens Medical Solutions Health Services Corporation ("Health Services") as a Project Manager Level 5 (Technical) and Patent Manager, in Malvern, Pennsylvania.  I have been working for Health Services for the past 33 years (27 of which were for the predecessor company Shared Medical Systems Corporation, acquired by Siemens in 2000) and am familiar with Soarian®.  I understand that a lawsuit has been filed against Health Services, Siemens Medical Solutions USA, Inc., and Siemens AG in the federal district court for the District of Delaware.  I am over the age of twenty-one and give this declaration on the basis of my personal knowledge, investigation and belief for use in that litigation.

2.    I have reviewed Plaintiff's Answering Brief in Opposition to Defendant Siemens AG's Motion To Dismiss ("Answering Brief").  A number of the statements and inferences made in that Answering Brief relating to the manufacture, marketing and sales of Soarian® are not factually accurate.

3.    Soarian® is manufactured by Health Services, not by Siemens AG.  Health Services is a wholly owned subsidiary of Siemens Medical Solutions USA, Inc.

4.     Soarian® is marketed and sold in the United States by Siemens Medical Solutions USA, Inc., a wholly owned subsidiary of Siemens Corporation.  Siemens AG does not market or sell Soarian® in the United States.

Dated: May 22, 2006

_James T. McAvoy_
Name: James T. McAvoy
Title:   Project Manager, Level 5 (Technical)

# EXHIBIT-E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SYED IQBAL RAZA, M.D., | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 06-132 (JJF) |
| | : | |
| SIEMENS MEDICAL SOLUTIONS USA, INC., | : | |
| SIEMENS MEDICAL SOLUTIONS HEALTH | : | |
| SERVICES CORP., | : | |
| and SIEMENS AG, | : | |
| | : | |
| Defendants. | : | |

## DEFENDANT SIEMENS AG'S RENEWED OBJECTIONS AND RESPONSES TO PLAINTIFF'S JURISDICTIONAL INTERROGATORIES (DATED MAY 5, 2006)

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Siemens AG, by and through its attorneys, Pepper Hamilton LLP, hereby renews its objections to Plaintiff Dr. Syed Iqbal Raza's ("Dr. Raza") Jurisdictional Interrogatories dated May 5, 2006, and renewed on July 17, 2006 ("Interrogatories") as follows. By its objections to these Interrogatories, Siemens AG is not waiving, but rather, expressly preserves its argument that this Court lacks personal jurisdiction over it.

### GENERAL OBJECTIONS

1.      Siemens AG objects to these Interrogatories to the extent that they are overbroad, unduly burdensome and irrelevant to the jurisdictional issue. Such Interrogatories are beyond the scope of the limited discovery ordered by the Court in its July 13, 2006 Order.

2.      Siemens AG objects to these Interrogatories, and the definitions and instructions contained therein, to the extent that they impose upon Siemens AG obligations that

are inconsistent with the Federal Rules of Civil Procedure, the Local Rules for the United States Court for the District of Delaware or the rules of this Court.

3.    Siemens AG objects to these Interrogatories to the extent that they seek information that is not within the possession, custody or control of Siemens AG.

4.    Siemens AG objects to these Interrogatories to the extent that they seek information in the public record that is equally accessible to Dr. Raza as it is to Siemens AG.

5.    Siemens AG objects to these Interrogatories to the extent that they seek information that is protected against disclosure by the attorney-client privilege, the work product doctrine, or any other rule of privilege or confidentiality provided by law.

6.    Siemens AG objects to these Interrogatories because they impose an unreasonable burden upon Siemens AG, a foreign litigant. *See Societe Nationale Industrielle Aerospatiale v. United States District Court for Southern Dist. Iowa*, 482 U.S. 522, 546 (1987).

7.    Siemens AG objects to these Interrogatories to the extent that they are duplicative.

8.    Siemens AG objects to these Interrogatories to the extent that they are vague, ambiguous, oppressive and require an unduly burdensome search for, and production of, information that is unrelated to the Court's resolution of Siemens AG's pending Motion to Dismiss for lack of personal jurisdiction.

9.    Siemens AG objects to providing any information prior to the entry of a Confidentiality Order.

10.    These general objections are hereby incorporated into the response to each Interrogatory as if fully set forth therein, and whether or not specifically referenced therein.

### SIEMENS AG'S SPECIFIC OBJECTIONS AND RESPONSES TO PLAINTIFF'S INTERROGATORIES

1.    For each owner of property rights in Soarian, identify the owner, the Soarian product(s) that it owns, and its percentage ownership of such product(s).

**OBJECTION AND RESPONSE:** Siemens AG objects to this Interrogatory as overly broad, unduly burdensome, unrelated and irrelevant to the Court's resolution of Siemens AG's pending Motion to Dismiss for lack of personal jurisdiction. Siemens AG further objects to this Interrogatory because it seeks information that is not within the possession, custody or control of Siemens AG. Siemens AG also objects to this Interrogatory as it is vague and unintelligible, and Siemens AG further objects to the definition of Soarian contained in Plaintiff's Interrogatories, and further objects, because the interrogatory does not define the term "property rights." Siemens AG also objects to this Interrogatory as it seeks information beyond the limited discovery permitted by the Court's July 13, 2006 Order. Without waiving its objections, Siemens AG states its understanding that Siemens Medical Solutions Health Services Corporation manufactures Soarian and is the holder and the assignee of all patents and copyrights relating to Soarian.

2.    For each patent that has issued that concerns Soarian, identify the country that issued the patent, the patent number, the entity to whom it was issued, and the current owner of the patent.

**OBJECTION AND RESPONSE:** Siemens AG objects to this Interrogatory as overly broad, unduly burdensome, unrelated and irrelevant to the Court's resolution of Siemens AG's pending Motion to Dismiss for lack of personal jurisdiction. Siemens AG further objects to this Interrogatory because it seeks information that is not within the possession, custody or

control of Siemens AG. Siemens AG also objects to this Interrogatory as it is vague and

unintelligible, and Siemens AG further objects to the definition of Soarian contained in

Plaintiff's Interrogatories. Siemens AG also objects to this Interrogatory as it seeks information

beyond the limited jurisdictional discovery permitted by the Court's July 13, 2006 Order.

Without waiving its objections, Siemens AG states its understanding that Siemens Medical

Solutions Health Services Corporation manufactures Soarian and is the holder and the assignee

of all patents relating to Soarian.

        3.      For each patent application filed that concerns Soarian, identify the
country in which the application was filed, the application number, and the entity that filed the
application.

        **OBJECTION AND RESPONSE:** Siemens AG objects to this Interrogatory as

overly broad, unduly burdensome, unrelated and irrelevant to the Court's resolution of Siemens

AG's pending Motion to Dismiss for lack of personal jurisdiction. Siemens AG further objects

to this Interrogatory because it seeks information that is not within the possession, custody or

control of Siemens AG. Siemens AG also objects to this Interrogatory as it is vague and

unintelligible, and Siemens AG further objects to the definition of Soarian contained in

Plaintiff's Interrogatories. Siemens AG also objects to this Interrogatory as it seeks information

beyond the limited jurisdictional discovery permitted by the Court's July 13, 2006 Order.

Without waiving its objections, Siemens AG states its understanding that Siemens Medical

Solutions Health Services Corporation manufactures Soarian and is the holder and the assignee

of all patents relating to Soarian. Siemens AG further states that it has not filed any patent

applications concerning Soarian in the United States.

        4.      For every sale or license of Soarian to a Delaware Entity, identify the
Delaware Entity, the seller or licensor, the Soarian product(s) sold or licensed to the entity, the
purchase price or licensing fee paid by the entity, and when, if ever, the entity stopped using the
Soarian product(s).

**OBJECTION AND RESPONSE:** Siemens AG objects to this Interrogatory as overly broad, unduly burdensome, unrelated and irrelevant to the Court's resolution of Siemens AG's pending Motion to Dismiss for lack of personal jurisdiction. Siemens AG further objects to this Interrogatory because it seeks information that is not within the possession, custody or control of Siemens AG, and because it seeks confidential information. Siemens AG also objects to this Interrogatory as it is vague and unintelligible, and Siemens AG further objects to the definitions of Soarian and Delaware Entity contained in Plaintiff's Interrogatories. Without waiving its objections, Siemens AG states that it does not sell or license Soarian or otherwise do business in the state of Delaware, as set forth in the declarations of Erhard Meitinger, dated May 19, 2006 and May 2, 2006, attached hereto as Exhibit A. Siemens AG also states its understanding that Siemens Medical Solutions USA, Inc., the entity that markets, sells and licenses Soarian in the United States, has not made any sales or licenses of Soarian to any entity or person located within the state of Delaware. *See* Declaration of James T. McAvoy, attached hereto as Exhibit B.

5.    For every communication concerning Soarian between a defendant and a Delaware Entity (excluding written correspondence), identify the defendant, the Delaware Entity, and the date of the communication, and describe the substance of the communication.

**OBJECTION AND RESPONSE:** Siemens AG objects to this Interrogatory as overly broad, unduly burdensome, unrelated and irrelevant to the Court's resolution of Siemens AG's pending Motion to Dismiss for lack of personal jurisdiction. Siemens AG further objects to this Interrogatory because it seeks information that is not within the possession, custody or control of Siemens AG, and because it seeks confidential information. Siemens AG also objects to this Interrogatory as it is vague and unintelligible, and Siemens AG further objects to the definitions of Soarian and Delaware Entity contained in Plaintiff's Interrogatories. Siemens AG also objects to this Interrogatory because it seeks information beyond the limited jurisdictional

discovery permitted by the Court's July 13, 2006 Order, and further, as it purports to seek

information from entities other than Siemens AG. Without waiving its objections, Siemens AG

states that it does not sell or license Soarian or otherwise do business in the state of Delaware, as

set forth in the declarations of Erhard Meitinger, dated May 19, 2006 and May 2, 2006. Siemens

AG also states its understanding that Siemens Medical Solutions USA, Inc., the entity that

markets, sells and licenses Soarian in the United States, has not made any sales or licenses of

Soarian to any entity or person located within the state of Delaware. *See* Declaration of James T.

McAvoy, attached hereto as Exhibit B.

      6.    Identify the location of the server that hosts the website
www.healthcare.siemens.com/soarian/int/index_flash.html.

      **OBJECTION AND RESPONSE:** Siemens AG objects to this Interrogatory as

overly broad, unduly burdensome, unrelated and irrelevant to the Court's resolution of Siemens

AG's pending Motion to Dismiss for lack of personal jurisdiction. Siemens AG also objects to

this Interrogatory because it seeks information beyond the limited jurisdictional discovery

permitted by the Court's July 13, 2006 Order. Without waiving its objections, Siemens AG

states that this address directs the user to a Siemens Medical Solutions web site. Siemens AG

states its understanding that the server hosting this website is located in Erlangen, Germany.

      7.    Identify the location(s) of the source code for Soarian.

      **OBJECTION AND RESPONSE:** Siemens AG objects to this Interrogatory as

overly broad, unduly burdensome, unrelated and irrelevant to the Court's resolution of Siemens

AG's pending Motion to Dismiss for lack of personal jurisdiction. Siemens AG further objects

to this Interrogatory because it seeks information that is not within the possession, custody or

control of Siemens AG, and because it seeks confidential information. Siemens AG also objects

to this Interrogatory as it is vague and unintelligible, and Siemens AG further objects to the

definition of Soarian contained in Plaintiff's Interrogatories. Siemens also objects to this

Interrogatory because it seeks information beyond the limited jurisdictional discovery permitted

by the Court's July 13, 2006 Order. Without waiving its objections, Siemens AG states its

understanding that Siemens Medical Solutions Health Services Corporation manufactures

Soarian and that the source code for Soarian is located in Malvern, Pennsylvania and other

locations outside of the United States and that no Soarian source code is located in Delaware.

Siemens AG also states that it does not own any property located in Delaware.

8.    For each Delaware Entity to whom defendant Siemens AG has sold or
licensed products, identify the Delaware Entity, the product, and the date of the sale or inception
of the license, as applicable.

**OBJECTION AND RESPONSE:** Siemens AG objects to this Interrogatory as

overly broad, unduly burdensome, unrelated and irrelevant to the Court's resolution of Siemens

AG's pending Motion to Dismiss for lack of personal jurisdiction. Siemens AG further objects

to this Interrogatory because it seeks information that is not within the possession, custody or

control of Siemens AG. Siemens AG also objects to this Interrogatory as it is vague and

unintelligible, and Siemens AG further objects to the definition of Delaware Entity contained in

Plaintiff's Interrogatories. Without waiving its objections, Siemens AG states that it does not

sell or license Soarian, does not sell or market any products, or otherwise do business in the state

of Delaware, as set forth in the declarations of Erhard Meitinger, dated May 19, 2006 and May 2,

2006.

9.    For each Delaware Entity to whom defendant Siemens AG has marketed
products or communicated concerning the potential for a sale or license of one or more products,
identify the Delaware Entity, the product(s), and the date(s) of the communication(s).

**OBJECTION AND RESPONSE:** Siemens AG objects to this Interrogatory as

overly broad, unduly burdensome, unrelated and irrelevant to the Court's resolution of Siemens

AG's pending Motion to Dismiss for lack of personal jurisdiction. Siemens AG further objects

to this Interrogatory because it seeks information that is not within the possession, custody or

control of Siemens AG. Siemens AG also objects to this Interrogatory as it is vague and

unintelligible, and Siemens AG further objects to the definition of Delaware Entity contained in

Plaintiff's Interrogatories. Siemens AG further objects to this Interrogatory because it is beyond

the limited scope of jurisdictional discovery permitted by the Court's July 13, 2006 Order.

Without waiver of its objections, Siemens AG states that it does not sell or license Soarian, does

not sell or market any products, or otherwise do business in the state of Delaware, as set forth in

the declarations of Erhard Meitinger, dated May 19, 2006 and May 2, 2006.

> 10.    For each conference in Delaware to which defendant Siemens AG has sent
> a representative, state the name of the conference, and identify the date of the conference and the
> attendee from defendant Siemens AG.

**OBJECTION AND RESPONSE:** Siemens AG objects to this Interrogatory as

overly broad, unduly burdensome, unrelated and irrelevant to the Court's resolution of Siemens

AG's pending Motion to Dismiss for lack of personal jurisdiction. Siemens AG further objects

to this Interrogatory because it seeks information that is not within the possession, custody or

control of Siemens AG. Siemens AG also objects to this Interrogatory as it is vague and

unintelligible. Siemens AG also objects to this Interrogatory because it seeks information

beyond the limited jurisdictional discovery permitted by the Court's July 13, 2006 Order.

Without waiver of its objections, Siemens AG states that it does not sell or license Soarian, does

not sell or market any products, or otherwise do business in the state of Delaware, as set forth in

the declarations of Erhard Meitinger, dated May 19, 2006 and May 2, 2006.

> 11.    For each employee of defendant Siemens AG that has been physically in
> the State of Delaware for business purposes, identify the employee, the date(s) the employee was
> in Delaware, and the purpose of the employee's presence in Delaware.

**OBJECTION AND RESPONSE:** Siemens AG objects to this Interrogatory as

overly broad, unduly burdensome, unrelated and irrelevant to the Court's resolution of Siemens

AG's pending Motion to Dismiss for lack of personal jurisdiction. Siemens AG further objects

to this Interrogatory because it seeks information that is not within the possession, custody or

control of Siemens AG. Siemens AG also objects to this interrogatory as it is vague and

unintelligible. Siemens AG also objects to this Interrogatory because it seeks information

beyond the limited jurisdictional discovery permitted by the Court's July 13, 2006 Order.

Without waiver of its objections, Siemens AG states that it does not sell or license Soarian, does

not sell or market any products, or otherwise do business in the state of Delaware, as set forth in

the declarations of Erhard Meitinger, dated May 19, 2006 and May 2, 2006.

        12.     Identify all products and equipment owned by defendant Siemens AG that is physically within the State of Delaware.

        **OBJECTION AND RESPONSE:**  Siemens AG objects to this Interrogatory as

overly broad, unduly burdensome, unrelated and irrelevant to the Court's resolution of Siemens

AG's pending Motion to Dismiss for lack of personal jurisdiction. Siemens AG further objects

to this Interrogatory because it seeks information that is not within the possession, custody or

control of Siemens AG. Siemens AG also objects to this Interrogatory as it is vague and

unintelligible. Without waiving its objections, Siemens AG states that it does not own any

property or equipment that is physically located in the state of Delaware.

        13.     Other than *Siemens AG v. Fonar Corp.*, C.A. No. 95-261 (SLR), *Siemens Aktiengesellchaft v. LG Semicon Co.*, C.A. No. 98-514 (RRM), *Fenster Family Patent Holding, Inc. v. Siemens AG*, C.A. No. 04-038 (JJF), and *TI Group Automotive Systems, (North America) Inc. v. Siemens AG*, C.A. No. 00-432 (GMS) identify all actions in which defendant Siemens AG has appeared as a party before the Delaware state or federal courts.

        **OBJECTION AND RESPONSE:**  Siemens AG objects to this Interrogatory as

overly broad, unduly burdensome, unrelated and irrelevant to the Court's resolution of Siemens

AG's pending Motion to Dismiss for lack of personal jurisdiction. Siemens AG further objects

to this Interrogatory because it seeks information that is in the public record and is equally

available to Plaintiff. Without waiving its objections, Siemens AG states that it has also been a

defendant in the following federal actions: *St. Clair Intellectual Property Consultants Inc. v.*

*Siemens AG et al.*, C.A. No. 06-403; *TI Group Automotive v. VDO North America, et al.*, C.A.

01-0003 (consolidated with C.A. No. 00-432.).

      14.    Identify by year the revenues received by defendant Siemens AG from the
sale or license of Soarian in the United States.

      **OBJECTION AND RESPONSE:** Siemens AG objects to this Interrogatory as

overly broad, unduly burdensome, unrelated and irrelevant to the Court's resolution of Siemens

AG's pending Motion to Dismiss for lack of personal jurisdiction. Siemens AG further objects

to this Interrogatory because it seeks information that is not within the possession, custody or

control of Siemens AG. Siemens AG also objects to this Interrogatory as it is vague and

unintelligible, and Siemens AG further objects to the definition of Soarian contained in

Plaintiff's Interrogatories. Siemens AG also objects to this Interrogatory because it seeks

information beyond the limited jurisdictional discovery permitted by the Court's July 13, 2006

Order. Without waiving its objections, Siemens AG states that it does not sell or license Soarian

or otherwise do business in the state of Delaware as set forth in the declarations of Erhard

Meitinger, dated May 19, 2006 and May 2, 2006. Siemens AG also states its understanding that

Siemens Medical Solutions USA, Inc., the entity that markets, sells and licenses Soarian in the

United States, has not made any sales or licenses to any entity or person located within the state

of Delaware.

      15.    Identify by year the revenues received by defendant Siemens AG from the
sale or license of Soarian worldwide.

      **OBJECTION AND RESPONSE:** Siemens AG objects to this Interrogatory as

overly broad, unduly burdensome, unrelated and irrelevant to the Court's resolution of Siemens

AG's pending Motion to Dismiss for lack of personal jurisdiction. Siemens AG further objects

to this Interrogatory because it seeks information that is not within the possession, custody or

control of Siemens AG.  Siemens AG also objects to this Interrogatory as it is vague and

unintelligible, and Siemens AG further objects to the definition of Soarian contained in

Plaintiff's Interrogatories.  Siemens AG also objects to this Interrogatory as it seeks information

beyond the limited jurisdictional discovery permitted by the Court's July 13, 2006 Order.

Without waiver of its objections, Siemens AG states that it does not sell or license Soarian or

otherwise do business in the state of Delaware, as set forth in the declarations of Erhard

Meitinger, dated May 19, 2006 and May 2, 2006.  Siemens AG also states its understanding that

Siemens Medical Solutions USA, Inc., the entity that markets, sells and licenses Soarian in the

Untied States, has not made any sales or licenses of Soarian to any entity or person located

within the state of Delaware.


As to objections:

/s/ Larry R. Wood, Jr.
OF COUNSEL:                            M. Duncan Grant (DE No. 2994)
                                       Larry R. Wood, Jr. (DE No. 3262)
Kathleen A. Mullen                     Phillip T. Mellet (DE No. 4741)
PEPPER HAMILTON LLP                    PEPPER HAMILTON LLP
3000 Two Logan Square                  Hercules Plaza, Suite 5100
Eighteenth & Arch Streets              1313 N. Market Street
Philadelphia, PA  19103-2799           P.O. Box 1709
(215) 981-4000 (Telephone)             Wilmington, DE  19899-1709
(215) 981-4750 (Fax)                   (302) 777-6500 (Telephone)
                                       (302) 421-8390 (Fax)

                                       *Attorneys for Defendant Siemens AG*

Dated:  August 21, 2006

21/08 2006 13:37 FAX +499131848725        MED ES

## VERIFICATION

I, _FrankAntma_, state that I am _President-_ ^_Sales , Europe_ for Siemens Aktiengesellschaft. I

have reviewed the foregoing Renewed Objections and Responses to Plaintiff's Jurisdictional

Interrogatories. I hereby verify under penalty of perjury of the laws of the United States of

America that the Responses are true and correct to the best of my knowledge, information and

belief.

Dated: August _31_, 2006

-12-

P.12

*EXHIBIT A*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SYED IQBAL RAZA, M.D., | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 06-132 (JJF) |
| | : | |
| SIEMENS MEDICAL SOLUTIONS USA, INC., | : | |
| SIEMENS MEDICAL SOLUTIONS HEALTH | : | |
| SERVICES CORP., SIEMENS CORPORATION | : | |
| and SIEMENS AG, | : | |
| | : | |
| Defendants. | : | |

## DECLARATION OF Erhard Meitinger

I, Erhard Meitinger, make the following declaration under penalty of perjury under the laws of the United States:

1.    My name is Erhard Meitinger. I am employed by Siemens Aktiengesellschaft ("Siemens AG" or the "Company") as the Vice President of the Treasury Department, and my office is located in Munich, Germany. I have been working for Siemens AG for the past 19 years and am familiar with the structure and business operations of the Company. I understand that a lawsuit, has been filed against Siemens AG in the federal district court for the District of Delaware. I am over the age of twenty-one and give this declaration on the basis of my personal knowledge, investigation and belief for use in that litigation.

2.    I have reviewed Plaintiff's Answering Brief in Opposition to Defendant Siemens AG's Motion To Dismiss ("Answering Brief"). A number of the statements and inferences made in that Answering Brief relating to Siemens AG are not factually accurate.

3.    As stated in greater detail in my previous Declaration, attached to Siemens AG's Opening Brief in Support of its Motion to Dismiss Plaintiff's Complaint, Siemens AG does not "direct" or "control" the day-to-day operations or management of its directly and indirectly owned subsidiaries.

4.    Siemens AG does not do or conduct business in Delaware. Further, Siemens AG does not sell or market any products in the state of Delaware.

5.    The Answering Brief of Plaintiff Syed Iqbal Raza refers to various consumer household appliances, including washers and dryers. Siemens AG does not manufacture, sell or market these consumer household appliances anywhere in the United States,

including the state of Delaware. Instead, a different legal entity, BSH Bosch und Siemens
Hausgeräte GmbH ("BSH Bosch"), a joint venture with Robert Bosch GmbH Stuttgart,
manufactures and sells such consumer household appliances. BSH Bosch licenses the
"Siemens" brand name for use on some of its products.

Name: E. REITINGER
Title: Vice President CFT

Dated: May 19, 2006

-2-

- Siemens AG does not own any real property in Delaware;

- Siemens AG has not authorized or appointed any entity to act as its general agent for accepting service of process of lawsuits in Delaware;

- Siemens AG does not employ any personnel in Delaware,

- Siemens AG has not filed or been obliged to file a tax return, or to pay taxes in, Delaware.

4.     Siemens AG does have ownership interests (direct and indirect) in a number of subsidiaries, which engage in business activities in different parts of the world, including the United States.  Siemens AG is the indirect owner of the shares of Siemens Corporation, a Delaware corporation, which in turn owns the shares of Siemens Medical Solutions USA, Inc. a Delaware corporation, which in turn owns the shares of Siemens Medical Solutions Health Services Corporation, a Delaware corporation.

5.     Siemens AG does not direct or control the day-to-day operations or management of Siemens Corporation or Siemens Corporation's subsidiaries.  To the contrary, the day-to-day business management and financial operations of Siemens Corporation is directed by that company's own management employees.  Siemens Corporation has its own Board of Directors which bears overall responsibility for management and governance of the company.  Siemens AG exercises influence over Siemens Corporation, if at all, only in its capacity as a indirect shareholder/ultimate parent and in accordance with the applicable local laws, the respective articles of incorporation and bylaws, and the rights of any other shareholders.  This is the explicit corporate policy of Siemens AG.

6.     Likewise consistent with the explicit corporate policy of Siemens AG is the fact that Siemens Corporation is separate from and legally independent of Siemens AG.  Specifically:

- All corporate formalities between the companies are observed;

- The companies have separate officers and independent boards of directors;

- The companies conduct separate board meetings and maintain separate minutes of such meetings;

- The companies maintain separate books, records, and financial accounts;

- The companies have separate headquarters, files and office space;

- Transactions between the companies are conducted on an "arms-length" basis and are recorded by the appropriate entries in the books and records of the companies in accordance with generally recognized accounting principles; and

-2-

PRETRIAL...INMO...51125420301007



7.    Siemens AG is not responsible for paying the United States or Delaware taxes of Siemens Corporation, or its subsidiaries; nor is Siemens Corporation or its subsidiaries responsible for paying taxes owed in Germany by Siemens AG.

Dated: May 2, 2006

-3-

*EXHIBIT B*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SYED IQBAL RAZA, M.D., | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 06-132 (JJF) |
| | : | |
| SIEMENS MEDICAL SOLUTIONS USA, INC., | : | |
| SIEMENS MEDICAL SOLUTIONS HEALTH | : | |
| SERVICES CORP., SIEMENS CORPORATION | : | |
| and SIEMENS AG, | : | |
| | : | |
| Defendants. | : | |

## DECLARATION OF JAMES T. McAVOY

I, James T. McAvoy, make the following declaration under penalty of perjury under the laws of the United States:

1.     My name is James T. McAvoy.  I am employed by Siemens Medical Solutions Health Services Corporation ("Health Services") as a Project Manager Level 5 (Technical) and Patent Manager, in Malvern, Pennsylvania. I have been working for Health Services for the past 33years (27 of which were for the predecessor company Shared Medical Systems Corporation, acquired by Siemens in 2000) and am familiar with Soarian®.  I understand that a lawsuit has been filed against Health Services, Siemens Medical Solutions USA, Inc., and Siemens AG in the federal district court for the District of Delaware.  I am over the age of twenty-one and give this declaration on the basis of my personal knowledge, investigation and belief for use in that litigation.

2.     I have reviewed Plaintiff's Answering Brief in Opposition to Defendant Siemens AG's Motion To Dismiss ("Answering Brief").  A number of the statements and inferences made in that Answering Brief relating to the manufacture, marketing and sales of Soarian® are not factually accurate.

3.     Soarian® is manufactured by Health Services, not by Siemens AG.  Health Services is a wholly owned subsidiary of Siemens Medical Solutions USA, Inc.

4.    Soarian® is marketed and sold in the United States by Siemens Medical Solutions USA, Inc., a wholly owned subsidiary of Siemens Corporation. Siemens AG does not market or sell Soarian® in the United States.

Dated: May 22, 2006

*James T. McAvoy*

Name: James T. McAvoy
Title:  Project Manager, Level 5 (Technical)

# EXHIBIT F

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

ADAM W. POFF
DIRECT DIAL:   (302) 571-6642
DIRECT FAX:    (302) 576-3326
apoff@ycst.com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

August 23, 2006

**BY ELECTRONIC MAIL**

Larry R. Wood, Jr., Esquire
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799

Re:   *Raza v. Siemens Medical Solutions USA, Inc., et al.*
Civil Action No. 06-132 (JJF)

Dear Larry:

I write on behalf of Dr. Raza to raise a number of issues with respect to Siemens AG's renewed objections and responses to his jurisdictional discovery. The following list of comments is not intended to be wholly inclusive, and Dr. Raza reserves the right to raise additional issues with the objections and responses at a later date.

Objections and Responses to Plaintiff's Jurisdictional Interrogatories

With respect to General Objection 9, Local Rule 26.2 prohibits such an objection and requires that all information exchanged before the entry of a confidentiality stipulation and order be treated as confidential until such time as an order is entered. Please confirm that no information has been withheld based on this objection or a similar specific objection to any of the Interrogatories.

With respect to Interrogatory No. 3, Siemens AG's response is incomplete. For purposes of determining the ownership of Soarian, Dr. Raza is entitled to information relating to all of Siemens AG's patents and patent applications concerning Soarian, regardless of the country in which they were filed or issued. Siemens AG's response appears to be limited to U.S. applications and patents. Please provide the worldwide information requested.

With respect to Interrogatory No. 5, Siemens AG's response is non-responsive. The Interrogatory requests information concerning every "communication" between a defendant and a Delaware Entity. Dr. Raza is entitled to such information, which presumably includes communications relating to marketing efforts to the extent they exist, for purposes of determining the ownership of Soarian and investigating any agency relationship among the defendants. Please provide the information requested. Also, Siemens AG objects to the defined terms "Soarian" and "Delaware Entity," but provides no basis for the objection. Please confirm that no otherwise responsive information has been withheld based on this objection.

DB02:5426561.1                                                           064935.1001

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Larry R. Wood, Jr., Esquire
August 23, 2006
Page 2

With respect to Interrogatory No. 7, Siemens AG's response is incomplete. For purposes of determining the ownership of Soarian, Dr. Raza is entitled to know the locations of all Soarian source code, particularly the "other locations outside of the United States" referenced in Siemens AG's response. Please provide such information. Also, Siemens AG objects to the defined term "Soarian," but provides no basis for the objection. Please confirm that no otherwise responsive information has been withheld based on this objection.

With respect to Interrogatory 8, Siemens AG objects to the defined term "Delaware Entity," but provides no basis for the objection. Please confirm that no responsive information has been withheld based on this objection.

With respect to Interrogatory 10, Siemens AG's response is non-responsive. Dr. Raza is entitled to information concerning the nature and degree of Siemens AG's presence in the State of Delaware. That would include information concerning the attendance of Siemens AG representatives at conferences in the State. Please provide the requested information.

With respect to Interrogatory 11, Siemens AG's response is non-responsive. Dr. Raza is entitled to information concerning the nature and degree of Siemens AG's presence in the State of Delaware. That would include information concerning the presence of any Siemens AG employees in the State for business purposes. Please provide the requested information.

With respect to Interrogatories 14 and 15, Siemens AG's responses are non-responsive. For purposes of determining the ownership of Soarian, Dr. Raza is entitled to information relating to the revenues received by Siemens AG as the result of sales or licenses of Soarian products in the U.S. and otherwise. The fact that Siemens AG may or may not directly sell or market Soarian products in the U.S. has no bearing on Siemens AG's obligations to respond to the Interrogatories. Please provide the requested information.

<u>Objections and Responses to Plaintiff's Document Requests</u>

With respect to General Objection 9, Local Rule 26.2 prohibits such an objection. Please confirm that no information has been withheld based on this objection or a similar specific objection to any of the Requests.

With respect to Request No. 1, Siemens AG appears to state that it will not produce documents in response to the Request because it "does not do business in the State of Delaware." Dr. Raza is entitled to information concerning the nature and degree of Siemens AG's presence in the State of Delaware. The fact that Siemens AG does or does not directly do business in the State has no bearing on the Request, which seeks all communications. If Siemens AG means to say that there are no non-privileged communications between Siemens AG and any Delaware Entity, then please confirm as much. Otherwise, please produce all responsive documents. Also, Siemens AG objects to the defined term "Delaware Entity," but provides no basis for the objection. Please confirm that no otherwise responsive documents have been or will be withheld based on this objection.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Larry R. Wood, Jr., Esquire
August 23, 2006
Page 3

With respect to Request No. 3, Siemens AG appears to state that it will not produce documents in response to the Request because Siemens AG does not "do business in the State of Delaware" and because its subsidiaries are not headquartered in Delaware. Dr. Raza is entitled to information concerning such communications for purposes of determining whether Siemens Medical Solutions USA, Inc., Siemens Medical Solutions Health Services Corporation or Siemens Corp., all of which are Delaware corporations, is an agent of Siemens AG. The locations of the companies' respective headquarters are irrelevant. Please produce all responsive documents.

With respect to Request No. 5, Siemens AG appears to state that it will not produce documents in response to the Request because Siemens AG "has not filed any patent applications relating to Soarian in the United States." For purposes of determining the ownership of Soarian, Dr. Raza is entitled to information relating to all of Siemens AG's patents and patent applications concerning Soarian, regardless of the country in which they were filed or issued. Please produce all responsive documents, which would include any non-U.S. patents or applications.

With respect to Request No. 6, Siemens AG responds by setting forth its explanation of certain ownership interests among the Siemens entities. Dr. Raza will accept an explanation of the respective ownership interests in lieu of documents stating as much, provided the explanation is complete. The explanation provided is incomplete. With respect to Siemens AG, it only states that Siemens AG "does not have direct ownership interests." It does not explain what portions of Siemens Medical Solutions USA, Inc., Siemens Medical Solutions Health Services Corporation or Siemens Corp. are owned by Siemens AG, even if indirectly. More specifically, there is a gap in the explanation between Siemens AG and Siemens USA Holdings, Inc. Please provide a full explanation of Siemens AG's ownership interests in the other defendants and Siemens Corp. or produce documents that do so.

With respect to Requests No. 7, Siemens appears to state that it will not produce documents in response to the Request because Siemens AG does not do business in the State of Delaware, because it observes corporate formalities between it and its subsidiaries, and because there have been no licenses or sales of Soarian in the State of Delaware. For purposes of determining the ownership of Soarian, Dr. Raza is entitled to information relating to the revenues received by Siemens AG as the result of sales or licenses of Soarian products in the U.S. If Siemens AG means to say that it receives no revenues from sales or licenses of Soarian products in the U.S., then please confirm as much. Otherwise, please produce all responsive documents.

With respect to Request No. 8, Siemens appears to state that it will not produce documents in response to the Request because it is seeks information beyond the "scope of the limited discovery contemplated by the Court's July 13, 2006 Order. As Siemens AG is well aware, the Court had in front of it Request No. 8 when it entered the Order. The Court ordered Siemens AG to respond to the jurisdictional discovery, including Request No. 8, without any express limitations. Siemens AG's objection as to the scope of permissible discovery is therefore in violation of the Order. Moreover, Dr. Raza is entitled to the information requested

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Larry R. Wood, Jr., Esquire
August 23, 2006
Page 4

in Request No. 8 for purposes of determining the ownership of Soarian.  Please produce all
responsive documents.

Should you have any questions about the foregoing, please feel free to contact me.

Sincerely,

Adam W. Poff

AWP:

cc: Kathleen A. Mullen, Esquire

# EXHIBIT G

# Pepper Hamilton LLP
#### Attorneys at Law

3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
215.981.4000
Fax 215.981.4750

Larry R. Wood, Jr.
Telephone: 215.981.4103
Facsimile: 215.981.4750
woodl@pepperlaw.com

August 28, 2006

### *VIA FACSIMILE AND U.S. FIRST CLASS MAIL*

Adam W. Poff, Esquire
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

Re:  Raza v. Siemens Medical Solutions USA, Inc., et al.
     Civil Action No. 06-132 (D. Del.)

Dear Adam:

We are in receipt of your letter, dated August 23, 2006. Quite simply, we cannot understand the positions expressed in your letter – positions that reflect both an avoidance of the concept of personal jurisdiction and an apparent disregard of the information provided by Siemens AG in its responses and declarations.

On July 13, 2006, the Court issued an Order permitting Plaintiff to conduct discovery "limited to the issue of the Court's jurisdiction over Siemens AG." As you are well aware, personal jurisdiction must be premised on either specific jurisdiction or general jurisdiction. "Specific jurisdiction arises when the particular cause of action arose from the defendant's activities *within the forum state*; general jurisdiction arises when the defendant has continuous and systematic contacts *with the state*. . ." *Reach & Associates, P.C. v. Dencer*, 269 F.Supp.2d 497, 502 (D. Del. 2003) (Farnan, J) (emphasis supplied). As such, based on the existing and established law, the limited jurisdictional discovery in which Dr. Raza has been permitted to engage must, at the very least, be related to Siemens AG's contacts with the State of Delaware. Contrary to the suggestion contained in your letter, the Court did not Order that Siemens AG respond to each and every discovery request contained in Dr. Raza's document requests and interrogatories, and certainly, the Court did not have the opportunity to rule on whether Dr. Raza's discovery requests were relevant or otherwise appropriate under the law.

The Court's Order states only that "Plaintiff is permitted to conduct discovery limited to the issue of the Court's jurisdiction over Defendant Siemens AG." Instead of serving

| Philadelphia | Washington, D.C. | Detroit | New York | Pittsburgh |
| --- | --- | --- | --- | --- |
| Berwyn | Harrisburg | Orange County | Princeton | Wilmington |

www.pepperlaw.com

## Pepper Hamilton LLP
Attorneys at Law

Adam W. Poff, Esquire
Page 2
August 28, 2006

narrowly tailored discovery requests on Siemens AG consistent with that Order and the law, Dr. Raza merely renewed his previous, objectionable requests. As explained in Siemens AG's objections and as further described below, most of those discovery requests have nothing to do with the personal jurisdiction issue pending before the Court, namely, Siemens AG's contacts with the State of Delaware, if any.

We take this opportunity to remind you that, in Dr. Raza's Brief in Opposition to Siemens AG's motion to dismiss, Dr. Raza alleges jurisdiction under two provisions of the Delaware long-arm statute, namely specific jurisdiction under 10 Del. C. § 3104(c)(1), and general jurisdiction under 10 Del. C. § 1304(c)(4).

Dr. Raza claimed that specific jurisdiction exists over Siemens AG "because Siemens AG uses an established distribution channel to inject its SOARIAN products into" the State of Delaware. *See* D.I. 20, at 3. In its discovery responses, Siemens AG has provided Dr. Raza with information, among other things: (a) that Siemens Medical Solutions Health Services Corporation manufactures Soarian and is the holder and the assignee of all patents relating to Soarian; stated differently, that Siemens Medical Solutions Health Services Corporation, not Siemens AG, manufactures and owns Soarian; (b) that Siemens AG does not sell or license Soarian in the State of Delaware; (c) that Siemens Medical Solutions USA, Inc, the entity that markets, sells and licenses Soarian in the United States, has not made any sales or licenses of Soarian to any entity or person located within the State of Delaware; and (d) that Siemens AG does not sell or market any products, or otherwise do business in the State of Delaware. As such, the averment contained in Dr. Raza's opposition brief relating to alleged specific jurisdiction has no factual support.

Dr. Raza claimed that general jurisdiction exists over Siemens AG "because Siemens AG uses an established distribution channel to inject its products into" Delaware, and "because [Siemens AG] has purposefully availed itself of the laws and benefits" of Delaware "through its past litigation practices in the District of Delaware." *See* D.I. 20, at 3. In its discovery responses, Siemens AG has provided Dr. Raza with information, among other things: (a) that Siemens AG does not sell or market any products; (b) that Siemens AG does not do business in the State of Delaware; (c) that Siemens AG does not own any property or equipment in the State of Delaware; and (d) that, in addition to the cases identified by Dr. Raza, Siemens AG has also been a defendant in two federal court actions. As such, the averment contained in Dr. Raza's opposition brief relating to alleged general jurisdiction has no factual support.

With the guiding legal principles in mind, Siemens AG responds to the points made in your letter, dated August 23, 2006:

Pepper Hamilton LLP
*Attorneys at Law*

Adam W. Poff, Esquire
Page 3
August 28, 2006

Interrogatory No. 3

        In incorrectly suggesting that Siemens AG's response is incomplete, Dr. Raza is admittedly seeking information that has nothing whatsoever to do with Siemens AG's contacts with the State of Delaware. Siemens AG has provided Dr. Raza with information as to the owner of Soarian, and that Siemens Medical Solutions USA, Inc. has not made any sales or licenses of Soarian to any entity or person located in the State of Delaware. Yet, Dr. Raza requests information about patent applications for Soarian on a worldwide basis. Such information, by definition, has nothing to do with Siemens AG's contacts with the State of Delaware and is, therefore, not relevant to the personal jurisdiction question pending before the Court.

        Interrogatory No. 5

        In incorrectly suggesting that Siemens AG's response is "non-responsive," Dr. Raza admits that Siemens AG provided a response, but that he is seeking information that has nothing whatsoever to do with Siemens AG's contacts with the State of Delaware. Siemens AG has provided Dr. Raza with information as to the owner of Soarian, as well as the fact that Siemens AG does not sell, market or license any products, including Soarian, in the State of Delaware, or otherwise do business in the State of Delaware. In reference to Dr. Raza's suggestion that his request for "every communication concerning Soarian between a defendant and a Delaware Entity" may relate to "investigating any agency relationship among the defendants," Dr. Raza's position is inconsistent with established law. Interrogatory No. 5 simply bears no relevance to the agency theory, which revolves around the extent to which a parent corporation directs and controls the actions of a subsidiary. *See C.R. Bard, Inc. v. Guidant Corp.*, 997 F. Supp. 556, 560 (D. Del. 1998) (under agency theory, court focuses on arrangement between the parent and the subsidiary, the authority given in that arrangement and the relevance of the arrangement to plaintiff's claim); *see also Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F.Supp.1458, 1463-64 (D. Del. 1991) (under agency theory, jurisdictional acts must have been instigated by the parent). Moreover, Siemens AG has provided Dr. Raza with information that Siemens Medical Solutions USA, Inc., the entity responsible for the sale and marketing of Soarian in the United States, has not made any sales or licenses of Soarian to any entity or person located with the State of Delaware.

        Interrogatory No. 7

        In incorrectly suggesting that Siemens AG's response is incomplete, Dr. Raza is admittedly seeking information that has nothing whatsoever to do with Siemens AG's contacts with the State of Delaware. Remarkably, Dr. Raza requests information about the location of Soarian source code in areas outside of the United States, or stated differently, throughout the

Adam W. Poff, Esquire
Page 4
August 28, 2006

world. Such information, by definition, has nothing to do with Siemens AG's contacts with the
State of Delaware, and is, therefore, not relevant to the personal jurisdiction question pending
before the Court. *See, e.g., Applied Biosystems*, 772 F. Supp. at 1462 ("relevant contacts for
establishing personal jurisdiction must be with Delaware in particular, and not simply the United
States"). Siemens AG has provided Dr. Raza with information as to the owner of Soarian, that
no Soarian source code is located in the State of Delaware, and that Siemens AG does not own
any property or equipment located in the State of Delaware.

Interrogatory No. 8

Despite the lack of specificity to Dr. Raza's definition of "Delaware Entity,"
Siemens AG has provided Dr. Raza with a verified response, supported by two declarations, that
Siemens AG does not sell, market or license any products, including Soarian, or otherwise do
business in the State of Delaware. It is not clear what other information Plaintiff could possibly
seek that would be relevant to the personal jurisdiction question pending before the Court.

Interrogatories 10 and 11

In incorrectly suggesting that Siemens AG's responses are "non-responsive," Dr.
Raza admits that these requests are designed to obtain information relating to whether and to
what extent Siemens AG has a business presence in the State of Delaware. Siemens AG has
provided this information to Dr. Raza, explaining that it does not sell or license Soarian, that, in
fact, it does not sell or market any products, and further, that it does not do any business in the
State of Delaware. As such, given that Siemens AG does not do business in Delaware, and given
that Siemens AG does not sell, market or license any products, this response provides the
information Dr. Raza seeks. If Dr. Raza is seeking information as to whether any Siemens AG
employee was ever present in the State of Delaware for any non-business purpose, such request
would not only be extremely overbroad and harassing, it could not be relevant to the personal
jurisdiction question pending before the Court.

Interrogatories 14 and 15

In incorrectly suggesting that Siemens AG's responses are "non-responsive," Dr.
Raza admits that Siemens AG provided a response, but suggests that he is seeking information
that has nothing whatsoever to do with Siemens AG's contacts with the State of Delaware.
Siemens AG has provided Dr. Raza with information as to the owner of Soarian, as well as the
fact that Siemens AG does not sell, market or license any products, including Soarian, in the
State of Delaware, or otherwise do business in the State of Delaware. Moreover, Siemens AG

## Pepper Hamilton LLP
Attorneys at Law

Adam W. Poff, Esquire
Page 5
August 28, 2006

has provided Dr. Raza with information that Siemens Medical Solutions USA, Inc., the entity responsible for the sale and marketing of Soarian in the United States, has not made any sales or licenses of Soarian to any entity or person located with the State of Delaware. Revenues received by the entity that actually sells and markets Soarian (that being Siemens Medical Solutions USA, Inc. in the United States) from the sale of Soarian in states other than Delaware or around the world could not be relevant to the personal jurisdiction question pending before the Court. Furthermore, as you requested, Siemens AG confirms that it receives no revenues from the sale or license of Soarian in the United States.

### Document Request 1

Despite the lack of specificity to Dr. Raza's definition of "Delaware Entity," Siemens AG has provided Dr. Raza with a verified response, supported by two declarations, that Siemens AG does not sell, market or license any products, including Soarian, or otherwise do business in the State of Delaware. Rather than the mischaracterization you place on that response, since Siemens AG does not do business in the State of Delaware, we are not clear as to what non-business related "communications" Dr. Raza is seeking in this request. Siemens AG has performed a good-faith search, and not surprisingly, it has not uncovered any documents concerning communications made by it to an entity or person located in the State of Delaware relating to Soarian or to any business allegedly conducted by Siemens AG in the State of Delaware.

### Document Request 3

While recognizing that Siemens AG does not do business in the State of Delaware, Dr. Raza admits that he is seeking information that has nothing whatsoever to do with Siemens AG's contacts with the State of Delaware. Siemens AG has provided Dr. Raza with information as to the owner of Soarian, as well as the fact that Siemens AG does not sell, market or license any products, including Soarian, in the State of Delaware, or otherwise do business in the State of Delaware. Neither of the other defendants in this case nor Siemens Corporation is headquartered in the state of Delaware, and therefore, any communications between Siemens AG and those companies "relating to Soarian," if any, are not Delaware contacts for jurisdictional purposes. In reference to Dr. Raza's suggestion that his request for every "communication relating to Soarian" between Siemens AG and another defendant or Siemens Corporation may relate to agency principles, such an assertion is inconsistent with established law. Document Request No. 3 bears no relevance to the agency theory, which revolves around the extent to which a parent corporation directs and controls the actions of a subsidiary. *See Applied Biosystems*, 772 F.Supp. at 1467 ("only acts by the agent which were directed [into the forum] which were directed by the principal may provide the basis for jurisdiction"). Siemens AG has

**Pepper Hamilton LLP**
Attorneys at Law

Adam W. Poff, Esquire
Page 6
August 28, 2006

provided Dr. Raza with information that Siemens Medical Solutions USA, Inc., the entity responsible for the sale and marketing of Soarian in the United States, has not made any sales or licenses of Soarian to any entity or person located within the State of Delaware. Moreover, on the direction and control issues, in the declarations of Erhard Meitinger, attached to Siemens AG's responses and objections to Dr. Raza's discovery requests, Siemens AG has provided information factually refuting any argument Dr. Raza may attempt to make on that point.

Document Request 5

While recognizing that Siemens AG has not filed any patent applications relating to Soarian in the United States, Dr. Raza admits that he is seeking information that has nothing whatsoever to do with Siemens AG's contacts with the State of Delaware, namely documents that relate to non-US patents or patent applications for Soarian. Such information, by definition, has nothing to do with Siemens AG's contacts with the State of Delaware and is, therefore, not relevant to the personal jurisdiction question pending before the Court. Moreover, despite Dr. Raza's attempts to divert attention from his irrelevant requests, Siemens AG has also provided Dr. Raza with information as to the owner of Soarian, and that Siemens Medical Solutions USA, Inc. has not made any sales or licenses of Soarian to any entity or person located in the State of Delaware.

Document Request 6

While recognizing that Siemens AG has provided the information sought by this request, Dr. Raza seems to be confused. As explained in its response, Siemens AG does not own the stock of Siemens Medical Solutions Health Services Corporation, Siemens Medical Solutions USA, Inc. or Siemens Corporation. Rather, Siemens Medical Solutions USA, Inc. owns 100% of the stock of Siemens Medical Solutions Health Services Corporation; Siemens Corporation owns 100% of the stock of Siemens Medical Solutions USA, Inc.; and Siemens USA Holdings, Inc. and Siemens Schweiz AG own 100% of the stock of Siemens Corporation. This responds fully to Dr. Raza's question. Other corporate entities, not Siemens AG, hold 100% of the stock of Siemens USA Holdings, Inc.

Document Request 7

While recognizing that Siemens AG has provided information that it does not do business in the State of Delaware; that Siemens AG follows an explicit policy of maintaining all corporate formalities between it and subsidiary entities; and that there have been no sales or licenses of Soarian in the State of Delaware, Dr. Raza suggests he is seeking information that has nothing whatsoever to do with Siemens AG's contacts with the State of Delaware. Revenues received by Siemens Medical Solutions USA, Inc., the entity that actually sells and markets

**Pepper Hamilton LLP**
Attorneys at Law

Adam W. Poff, Esquire
Page 7
August 28, 2006

Soarian in the United States, from the sale or license of Soarian in states other than Delaware could not be relevant to the personal jurisdiction question pending before the Court. *See, e.g., Applied Biosystems*, 772 F. Supp. at 462 ("relevant contacts for establishing jurisdiction must be with Delaware in particular, and not simply the United States"). Furthermore, as you requested, Siemens AG confirms that it receives no revenues from the sale or license of Soarian in the United States.

Document Request 8

While recognizing that Siemens AG has provided information that it does not do business in the State of Delaware; that Siemens AG follows an explicit policy of maintaining all corporate formalities between it and subsidiary entities; and that there have been no sales or licenses of Soarian in the State of Delaware, Dr. Raza suggests he is seeking information that has nothing whatsoever to do with Siemens AG's contacts with the State of Delaware. Siemens AG has also provided Dr. Raza with information that Siemens AG does not sell or license Soarian. Revenues received by corporate entities that sell and license Soarian, not only outside of the State of Delaware but outside of the United States, could not be relevant to the personal jurisdiction question pending before the Court. Moreover, despite his attempt to divert attention from his irrelevant request, Siemens AG has provided Dr. Raza with information as to the owner of Soarian.

If you have any questions, please do not hesitate to contact us.

Very truly yours,

Larry R. Wood, Jr.

# EXHIBIT H

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SYED IQBAL RAZA, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-132 (JJF) |
| | ) | |
| SIEMENS MEDICAL SOLUTIONS USA, | ) | |
| INC., SIEMENS MEDICAL SOLUTIONS | ) | |
| HEALTH SERVICES CORP., SIEMENS | ) | |
| CORPORATION and SIEMENS AG, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

AND NOW, this _____ day of _____, 2006, upon consideration of

Plaintiff's Motion to Compel Defendant Siemens AG's Compliance With the Court's July 13, 2006

Memorandum Order in the above-captioned matter, and all papers submitted in support thereof and

in opposition thereto, and for good cause shown, IT IS HEREBY ORDERED that plaintiff's motion

is GRANTED and that defendant Siemens AG shall:

(i)     comply completely and fully with Jurisdictional Document Requests 3, 5, 6

and 8; and

(ii)     respond completely and fully to Jurisdictional Interrogatories 3, 5, 7, 10, 11

and 15.

064935.1001

IT IS HEREBY FURTHER ORDERED that defendant Siemens AG shall comply with any other additional, reasonable jurisdictional discovery, as may be necessary, and that all jurisdictional discovery shall be completed by _____, 2006.


_____

U.S.D.J.

## RULE 7.1.1 CERTIFICATION

I hereby certify that counsel for Plaintiff has complied with Rule 7.1.1 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware

_____

Adam W. Poff (No. 3990)

## CERTIFICATE OF SERVICE

I, Adam W. Poff, Esquire, hereby certify that on September 13, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Duncan Grant., Esquire
> Pepper Hamilton LLP.
> Hercules Plaza, Suite 5100
> 1313 N. Market Street
> P.O. Box 1709
> Wilmington, DE 19899-1709

I further certify that September 13, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY FIRST CLASS MAIL**

> Larry R. Wood, Jr., Esquire
> Kathleen A. Mullen, Esquire
> Pepper Hamilton LLP.
> 3000 Two Logan Square
> Eighteenth & Arch Streets
> Philadelphia, PA 19103-2799

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> _____
> Adam W. Poff (No. 3990)
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware 19801
> (302) 571-6600
> apoff@ycst.com
>
> *Attorneys for Syed Iqbal Raza, M.D..*