IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SYED IQBAL RAZA, M.D.             :
                                  :
        Plaintiff,                :
                                  :
    v.                            :  Civil Action No. 06-132-JJF
                                  :
SIEMENS MEDICAL SOLUTIONS USA,    :
INC., SIEMENS AG AND SIEMENS      :
MEDICAL SOLUTIONS HEALTH          :
SERVICES CORPORATION              :
                                  :
        Defendants.               :

Martin S Lessner, Esquire and Adam W. Poff, Esquire, of YOUNG,
CONAWAY, STARGATT & TAYLOR, Wilmington, Delaware.
Attorneys for Plaintiff.


Kathleen A. Mullen, Esquire, of PEPPER HAMILTON LLP,
Philadelphia, Pennsylvania.
Larry R. Wood, Esquire, M. Duncan Grant, Esquire, and Phillip T.
Mellet, Esquire or PEPPER HAMILTON LLP, Wilmington, Delaware.
Attorneys for Defendant Siemens AG.

**MEMORANDUM OPINION**

July 23, 2007
Wilmington, Delaware

**Farnan, District Judge.**

Presently before the Court is a Motion To Dismiss Plaintiff's Complaint (D.I. 15) filed by Defendant Siemens AG. For the reasons discussed, the motion will be granted.

## I. Background

This is an action for damages allegedly caused by trade secret misappropriation and unjust enrichment. Dr. Syed Iqbal Raza, M.D. ("Dr. Raza") initially filed his two-count complaint against Defendants Siemens Medical Solutions USA, Inc., Siemens Corporation, and Siemens AG. In March, 2006, Dr. Raza filed an Amended Complaint adding Siemens Medical Solutions Health Services Corporation as a defendant. By stipulation of counsel, the Court dismissed Siemens Corporation from the action. On April 18, 2006, Defendants Siemens Medical Solutions USA, Inc. and Siemens Medical Solutions Health Services Corporation answered the amended complaint. Subsequently, Defendant Siemens AG filed the instant motion alleging insufficient service of process and contesting personal jurisdiction. (D.I. 15).

After Siemens AG filed the motion to dismiss, Dr. Raza served process pursuant to the Hague convention, thereby curing the alleged defect and mooting the service deficiency alleged in the motion. Dr. Raza also responded to Siemens AG's motion by making a prima facie showing of personal jurisdiction, and requesting jurisdictional discovery. On July 13, 2006, the Court

1

ordered limited jurisdictional discovery based upon Dr. Raza's contentions.  When that discovery concluded, the parties submitted supplemental briefings setting forth their positions on the issue of whether personal jurisdiction exists of Siemens AG.

In 2000, Dr. Raza allegedly created "Dr-SIR," a hospital management tool that tracks and evaluates the performance of medical professionals.  Dr. Raza contends that in September 2000, he presented the concepts of Dr-SIR to officials at Strengthening of Health Services Academy in Pakistan (SHAIP).  Dr. Raza contends that, as a result of this presentation, roughly one-hundred sixty pages of Dr-SIR concept materials were forwarded from SHAIP to the "Counselor Head Economic and Commercial Section of the German embassy" in Islamabad (the "Counselor"), with Dr. Raza's consent.  Dr. Raza further contends that in November 2000, he briefed the Counselor on Dr-SIR, and the Counselor told Dr. Raza that he thought Siemens AG and its subsidiaries might be interested in partnering with Dr. Raza to develop a software product. (D.I. 20).  Dr. Raza contends that he permitted the Counselor to forward his concept papers to Siemens AG for the limited purpose of pursuing a joint venture.  Id.  Dr. Raza further contends that, though his concept papers were never returned, a Pakistani subsidiary of Siemens AG informed him that there would not be a joint venture based on Dr-SIR.  Finally, Dr. Raza alleges that in October 2001, "one of Siemens AG's

2

subsidiaries" launched SOARIAN, a hospital management program, in the United States. Id.

Dr. Raza is a Pakistani national and director of the Children's Hospital Islamabad in Pakistan. (D.I. 20). Siemens AG is a German corporation organized under German law and headquartered in Munich and Berlin. (D.I. 34). By its motion, Siemens AG moves to dismiss the complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2).

## II. Discussion

### A. Standard of Law

When reviewing a motion to dismiss pursuant to Rule 12(b)(2), a court must accept as true all allegations of jurisdictional fact made by the plaintiff and resolve all factual disputes in the plaintiff's favor.

### B. Parties' Contentions

Siemens AG contends that there is no basis for general or specific jurisdiction over it in Delaware. Siemens AG contends that Dr. Raza has not established specific jurisdiction because he has not presented any evidence that SOARIAN is marketed or sold in Delaware by any Siemens entity, including Siemens AG, and Dr. Raza cannot establish general personal jurisdiction because Siemens AG does not have continuous or substantial contacts with Delaware. Specifically, Siemens AG contends that it is a German corporation with its headquarters in Germany, it is not

registered to do business in Delaware, it does not own real property or maintain an office or mailing address in Delaware, it has never paid taxes in Delaware, and it does not conduct business or market any products in Delaware. (D.I. 34). Siemens AG further contends that there is no basis for imputing the activities of Siemens AG subsidiaries to it, because Siemens AG interacts at arms-length with its subsidiaries and all Siemens entities adhere to strict corporate formalities. Id. Finally, Siemens AG contends that its limited past participation in Delaware litigation is not enough to confer general jurisdiction. Id.

In his supplemental brief opposing Siemens AG's motion, Dr. Raza contends that Siemens AG has engaged in a consistent pattern of corporate dealings in Delaware, and therefore personal jurisdiction is warranted pursuant to Section 3104(c)(4) of Delaware's Long-Arm statute.[1] (D.I. 33). To support this

---

[1] In his Answering Brief In Opposition To Defendant Siemens AG's Motion To Dismiss (D.I. 20), Dr. Raza contended that personal jurisdiction was justified under Sections 3104(c)(1) and (c)(4) of Delaware's Long-Arm statute. However, in his Supplemental Brief In Opposition To Defendant Siemens AG's Motion To Dismiss (D.I. 33), Dr. Raza does not advance the theory that the Court has specific personal jurisdiction pursuant to Subsection (c)(1).
   Even if Dr. Raza is still advancing the contention that specific personal jurisdiction exists, the Court finds that he has not offered sufficient evidence that Siemens AG sells or markets any products, including SOARIAN, in Delaware. Thus, the Court concludes that it cannot exercise personal jurisdiction over Siemens AG pursuant to subsection (c)(1) of the Delaware Long-Arm Statute.

contention, Dr. Raza alleges that Siemens AG is heavily focused on the activities of its American subsidiaries, including the "29 Delaware subsidiaries" it owns. Id. Dr. Raza further contends that Siemens AG has availed itself of Delaware laws and courts by participating in four lawsuits in Delaware over the past decade, and also by using Delaware entities, and "presumably legal counsel," when acquiring established Delaware companies. Id.

C. Whether Dr. Raza Alleges Facts Sufficient To Satisfy Section 3104(c)(4) Of Delaware's Long-Arm Statute

Pursuant to Section 3104(c)(4) of Delaware's Long-Arm statute, a court may exercise jurisdiction over any non-resident who:

> Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State . . . .

10 Del. C. § 3104(c)(4). The Court concludes that Dr. Raza has not alleged sufficient facts that Siemens AG regularly does or solicits business in Delaware, engages in any other persistent course of conduct in the state, or derives substantial revenue from services or things used or consumed in Delaware.

Dr. Raza seeks to align the circumstances in this case with those in Altech Industries, Inc. v. GATX Corporation, where the District Court concluded that a New York defendant was subject to

5

jurisdiction under Subsection (c)(4) of Delaware's Long-Arm statute because the defendant had "utiliz[ed] the benefits of the Delaware corporation law in various ways." 542 F. Supp. 53, 55 (D. Del. 1982).  In Altech, the defendant directly owned and controlled several Delaware subsidiaries, used Delaware law to merge its subsidiaries, and made submissions to the Delaware Secretary of State in connection with those mergers. The Altech court explained that, because the defendant directed and controlled its Delaware subsidiary, and because "the vast majority" of the defendant's subsidiaries were Delaware corporations, personal jurisdiction pursuant to Subsection (c)(4) was warranted.  In this case, however, the evidence of record does not show that Siemens AG directs or controls any of its subsidiaries.  Moreover, Dr. Raza has not shown that Siemens AG directly owns any Delaware subsidiaries.  Finally, though Dr. Raza has alleged that Siemens AG has an ownership interest in twenty-nine subsidiaries, Dr. Raza has not presented any context for whether this represents the vast majority of subsidiaries in which Siemens AG has an ownership interest.

In light of these deficiencies in Dr. Raza's jurisdictional allegations, the Court concludes that there is a clear difference between this case and the circumstances warranting jurisdiction in Altech, and that Dr. Raza has not shown that Siemens AG has engaged in any persistent course of conduct in Delaware.  Thus,

the Court concludes that it cannot exercise personal jurisdiction over Siemens AG pursuant to Section 3104(c)(4) of the Delaware Long-Arm statute.

> D. Whether Dr. Raza Alleges Facts Sufficient To Satisfy Constitutional Due Process Requirements

After considering the facts asserted and the applicable legal principles, the Court concludes that the exercise of personal jurisdiction in this case would not comport with due process. Due process requires that a defendant have certain minimum contacts with the forum state in order to ensure that the maintenance of the lawsuit does not offend "traditional notions of fair play and substantial justice." Int'l Shoe Co. V. State of Wash., Office of Unemployment Compensation and Placement, 326 U.S. 310, 326 (U.S. 1945). If the defendant has sufficient minimum contacts with the forum, the Court must then determine whether it is reasonable for the Court to exercise jurisdiction over the defendant. In making this determination, courts weigh several factors, including:

> (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the Dr. Raza's interests in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies.

Metropolitan Life Ins. v. Robertson-Ceco Corp., 84 F.3d 560, 568

(2d Cir. 1996) (citing Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 107 (1987)).

Because Dr. Raza has not demonstrated that Siemens AG has had contacts sufficient to satisfy Delaware's Long-Arm statute, the Court concludes that the exercise of personal jurisdiction over Siemens AG would offend the due process principles of fair play and substantial justice.

## IV. Conclusion

For the reasons discussed, the Court concludes that Siemens AG is not subject to personal jurisdiction in Delaware, and, therefore, its Motion To Dismiss Plaintiff's Complaint (D.I. 15) will be granted.

An appropriate Order will be entered.