# Pepper Hamilton LLP
#### Attorneys at Law

Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
302.777.6500
Fax 302.421.8390

Larry R. Wood
direct dial:  (215) 981-4103
direct fax:  215-981-4750
Woodl@pepperlaw.com

May 12, 2008

**VIA ELECTRONIC FILING**

The Honorable Joseph J. Farnan, Jr.
United States District Court
District of Delaware
844 King Street
Wilmington, Delaware  19801

Re:    **Raza v. Siemens Medical Solutions USA, Inc., et al.**
       **Civil Action No. 06-132 (JJF)**

Dear Judge Farnan:

On behalf of Defendants Siemens Medical Solutions USA, Inc. and Siemens Medical Solutions Health Services Corporation (collectively, "Defendants"), and in response to the document Plaintiff's counsel filed with the Court this morning, we respectfully submit the document we forwarded last week to Plaintiff's counsel for filing, namely the parties' Proposed Scheduling Order and Report of Planning Meetings As Required by Federal Rule of Civil Procedure 26 – a document that includes Defendants' positions and objections consistent with and pursuant to Rule 26.  *See* Ex. A.

As Plaintiff correctly states, the parties worked diligently to discuss the Rule 26 issues and an appropriate proposed scheduling order, but were unable to reach agreement on a proposed order.  Following those discussions, Defendants forwarded to Plaintiff a proposed draft Joint Report of Planning Meeting Under Fed. R. Civ. P. 26(f) and Defendants' proposed scheduling order (using the Court's standard forms).  *See, e.g.*, Fed. R. Civ. P. 26(f)(2) (requiring parties to file a "written report" of their positions); *see also* Advisory Committee Notes to Rule 26 (explaining that report helps to "assure that the court has the litigants' proposals before deciding on a scheduling order" and to "assist the court in seeing that the timing and scope of disclosures under revised Rule 26(a) and the limitations on the extent of discovery under these rules and local rules are tailored to the circumstances of the particular case").  In an effort to avoid filing a separate Rule 26(f) Report, Plaintiff's counsel asked Defendants' counsel to insert

**Pepper Hamilton LLP**
Attorneys at Law

The Honorable Joseph J. Farnan, Jr.
Page 2
May 12, 2008

Defendants' various positions into a draft scheduling order Plaintiff had circulated and return it to Plaintiff's counsel for filing with the Court. *See* Email dated May 6, 2008 from Adam Poff, Esq. to Larry R. Wood, Jr., Esq. (Ex. B). Defendants' counsel inserted Defendants' positions/objections and returned that joint document to Plaintiff's counsel for filing. However, Plaintiff did not file that joint document. As such, Defendants are filing the document which included Defendants' positions/objections consistent with and pursuant to Rule 26.

      If the Court has any questions, we are available at the Court's convenience to discuss the issues.

Respectfully submitted,

*Larry Wood by Matthew Kaplan*

Larry R. Wood, Jr.
(No. 3262)

LRW/myn
Enclosures

cc:    Clerk of the Court (via Electronic Filing)
       Adam W. Poff, Esq. (Via Electronic Filing)
       M. Duncan Grant, Esq. (Via Electronic Filing)

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SYED IQBAL RAZA, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-132-JJF |
| | ) | |
| SIEMENS MEDICAL SOLUTIONS USA, | ) | |
| INC., SIEMENS MEDICAL SOLUTIONS | ) | |
| HEALTH SERVICES CORP., SIEMENS | ) | |
| CORPORATION and SIEMENS AG, | ) | |
| | ) | |
| Defendants. | ) | |

## [PROPOSED] SCHEDULING ORDER AND REPORT OF PLANNING MEETINGS AS REQUIRED BY FEDERAL RULE OF CIVIL PROCEDURE 26

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f), now

report to the Court as follows, and, although from Defendants' perspective the numerous issues

involved at this stage of the action make it somewhat difficult, attach the Court's standard form

scheduling order noting the parties' various positions and views on each category.[1]

Defendants' Statement of Preliminary Issues and Objections

1.     Between January 24, 2008 and April 29, 2008, counsel for the parties had

numerous telephone conferences to discuss issues and their obligations under Rule 26(f) and D.

Del. 16.2 (the "planning discussions").  Plaintiff was represented by Adam W. Poff and Chad

---

[1] Federal Rule of Civil Procedure 26 requires the parties to file a "written report" following their Rule 26(f) conference, and such report should include objections, if any, to discovery proceeding and in what sequence. *See, e.g.,* F.R.Civ.P. 26(a)(1)(C); 26(f).  As explained in the Advisory Committee Notes to Rule 26, the requirement of filing a written report helps to "assure that the court has the litigants' proposals before deciding on a scheduling order," and "assist the court in seeing that the timing and scope of disclosures under revised Rule 26(a) and the limitations on the extent of discovery under these rules and local rules are tailored to the circumstances of the particular case."

Stover of Young Conaway Stargatt & Taylor, LLP.  Defendants were represented by Larry R.

Wood, Jr., Barak A. Bassman and Kathleen A. Mullen of Pepper Hamilton LLP.

2.      Raza, a Pakistani national, alleges misappropriation of trade secrets and unjust

enrichment.[2]

3.      During the planning discussions, counsel for Defendants Siemens Medical

Solutions USA, Inc. and Siemens Medical Solutions Health Services Corporation (hereinafter

collectively referred to as "Defendants" or "Medical Solutions USA") asked Raza's counsel to

identify the parameters of any anticipated discovery that Raza may serve on Defendants in this

action.  Raza's counsel responded generally that Raza would be seeking (a) documents

referencing "Raza" and "Dr. Sir"; and (b) documents concerning Defendants' "development of

SOARIAN, including but not limited to, all developer manuals, design diagrams, developer

notes, flow diagrams, database diagrams, and XML or other storage files in which any data

pertaining to SOARIAN was stored."

4.      During the planning discussions and because, under Delaware law, before

discovery commences against a defendant in a trade secret misappropriation claim, a plaintiff is

required to disclose the alleged trade secret with "reasonable particularity," counsel for Medical

Solutions USA asked Raza to provide an Identification of Trade Secrets Statement.  *See, e.g.,*

*Engelhard Corp. v. Savin Corp.*, 505 A.2d 30, 33 (Del. Ch. 1986) (holding that with respect to

claims of trade secret misappropriation, "the plaintiff will normally be required first to identify

---

[2]   Raza has made similar claims against Defendant Siemens Medical Solutions Health Services
Corporation and other defendants in an action he filed in Pakistan in September 2003.

with reasonable particularity the matter which it claims constitutes a trade secret, before it will be allowed (given a proper showing of need) to compel discovery of its adversary's trade secrets"); *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 755 F. Supp. 635, 637 (D. Del. 1991) (granting defendant's motion for protective order prohibiting discovery from defendant until plaintiff described trade secrets with sufficient particularity").  On April 11, 2006, Raza's counsel provided Defendants' counsel with what Raza's counsel described as a "document identifying Raza's trade secrets."[3]  Medical Solutions USA does not believe that that document describes any alleged trade secrets with "reasonable particularly," but instead, is a highly generic document.[4]  As set forth below, Medical Solutions USA seeks a stay of discovery until Raza discloses his alleged trade secret with "reasonable particularity" as required by Delaware law.

  5.  Defendants filed a Motion for Judgment on the Pleadings (the "Motion") on April 28, 2008, and discovery should also be stayed in this matter pending resolution of that motion. Under the Federal Rules of Civil Procedure, this Court has the discretion to stay discovery upon a showing of good cause.  Fed. R. Civ. P. 26(c)(1).  In this Circuit, as then District Court Judge Rendell explained, good cause exists, and a stay is therefore proper, where the likelihood that a pending motion to dismiss may result in the narrowing or outright elimination of discovery

---

[3] Plaintiff has objected to Defendants' request to attach his Identification of Trade Secrets Statement, unless the document is filed under seal.  As there is no Protective Order yet entered in this matter, Defendants currently lack a procedural mechanism to effect a filing under seal.  Defendants believe it is important for the Court to review the non-specific nature of the information contained in the document, and thus, respectfully offer to provide the Identification of Trade Secrets Statement on an *in camera* basis, if the Court wishes to review it.

[4] Defendants contend that the information provided by Raza is not really different than stating something to the effect that Raza has a recipe for chocolate chip cookies, without disclosing the actual recipe.  It alleges that Raza has "methods" and "formulas," but fails to disclose what such "methods" and "formulas" were at the time of the alleged misappropriation.

outweighs the likely harm to be produced by the delay. *See Weisman v. Mediq, Inc.*, 1995 U.S. Dist. LEXIS 5900, at *4 (E.D. Pa. May 3, 1995).

6.     During the planning discussions, Raza's counsel prepared an outline for a scheduling order, which was designed to permit over nine (9) months of fact discovery (until February 20, 2009), and to have dispositive motions filed by September 18, 2009, more than 1 ½ years from now.  However, as Defendants' counsel did not believe that the case would be document intensive as it related to the dispositive issue of "access" (since Defendants state that they never had access to any of Raza's information), Defendants' counsel suggested that, if the Court were to deny the pending Motion for Judgment on the Pleadings (which Defendants believe would be contrary to law), and once Raza disclosed his alleged trade secret with "reasonable particularly," the discovery period and time to file dispositive motions could and should be much shorter and be limited initially to the threshold issue of "access." *See Fox Sports Net North LLC v. Minnesota Twins Partnership*, 319 F. 3d 329, 335-36 (8th Cir. 2003) (trade secret claim failed because plaintiff "cannot meet its burden of establishing that [defendants] were privy to any of its confidential information"); *Clarity Software, LLC v. Allianz Life Ins. Co. of North America*, C.A. No. 04-1441, 2006 WL 2346292 at *6 (W.D. Pa. Aug. 11, 2006) (plaintiff failed to show misappropriation where defendant lacked access to alleged trade secret).

7.     During the planning discussions, Defendants' counsel noted that a Protective Order with an Attorney's Eyes Only ("AEO") provision would be necessary in the context of this action.  In addition to the highly confidential/trade secret nature of Defendants' Soarian software development information and source code (to the extent any such information would even be relevant under Federal Rule of  Civil Procedure 26 to Raza's claims), Defendants believe an

AEO measure of protection is particularly important in this case because Plaintiff is a Pakistani national who does not live or work in the United States. The Court may lack the ability adequately to enforce any confidentiality orders in connection with discovery obtained by Raza in this US action or Raza's activities in Pakistan. Defendants believe that such a protective order would need to be in place prior to discovery commencing.

8.    Despite earnest attempts, the parties have not been able to agree on a proposed scheduling order. Set forth below are the parties various positions on a proposed scheduling order.

[PROPOSED] IT IS ORDERED that:

1.    **Pre-Discovery Disclosures**.

Plaintiff's position:

The parties will exchange by **May 16, 2008** the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

Defendants' position:

Medical Solutions USA proposes that no discovery should commence, including disclosures as set forth in Fed. R. Civ. P. 26(a)(1) unless and until the Court resolves the pending Motion for Judgment on the Pleadings. Should the Court deny that motion (which Defendants believe would be contrary to law), Raza must also first identify his allegedly misappropriated trade secrets with "reasonable particularity" before any such exchange of information can occur. To the extent Raza makes the required disclosures with reasonable particularly and discovery otherwise proceeds, Defendants further believe that the parties should first exchange information relating to "access" before devolving into Medical Solutions USA's trade secret and confidential software and software development information.

2.    **Joinder of other Parties**.

Plaintiff's Position:

All motions to join other parties shall be filed on or before **November 14, 2008.**

Defendants' Position:

All motions to join other parties shall be filed within thirty (30) days of the resolution of the Motion for Judgment on the Pleadings.

3.    **Settlement Conference**.  Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge _____ for the purpose of exploring the possibility of settlement.  If the parties agree that they would benefit from a settlement conference, the parties shall contact the Magistrate Judge to schedule a settlement conference so as to be completed no later than the Pretrial Conference or a date ordered by the Court.

4.    **Discovery**.

   **(a)  Completion of Fact Discovery**

Plaintiff's Position:

Exchange and completion of interrogatories, identification of all fact witnesses and document production shall be commenced so as to be completed by **December 12, 2008**. All fact discovery, including depositions, shall be completed by **February 20, 2009**.

Defendants' Position:

***No Discovery Pending Resolution of Defendants' Rule 12(c) Motion for Judgment on the Pleadings***

As explained above, Defendants believe that discovery cannot and should not yet commence because of the pending Motion for Judgment on the Pleadings.

***Raza Must Disclose His Trade Secret With Reasonable Particularity***

Even if that Motion were to be denied (which Defendants believe would be contrary to law), discovery cannot and should not commence until Raza has disclosed his allegedly misappropriated trade secret with reasonable particularity.  Delaware law requires a trade secret plaintiff to serve a detailed Identification of Trade Secrets Statement ("ITS") before discovery commences, so that the parties can narrow discovery and minimize any production of defendant's confidential information to only what is truly necessary and relevant under Federal Rule of Civil Procedure 26.  *See, e.g.*, *Engelhard Corp. v. Savin Corp.*, 505 A.2d 30, 33 (Del. Ch. 1986) (holding that with respect to claims of trade secret misappropriation, "the plaintiff will normally be required first to identify with reasonable particularity the matter which it claims constitutes a trade secret, before it will be allowed (given a proper showing of need) to compel discovery of its adversary's trade secrets."); *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 755 F.Supp. 635, 637 (D. Del. 1991) (granting defendant's motion for protective order prohibiting discovery from defendant until plaintiff described trade secrets with sufficient particularity).

While Plaintiff purported to serve an ITS on April 11, 2008, that ITS is hopelessly vague and refers merely to various unspecified "methods" and "formulas."  As Medical Solutions USA does not yet have notice precisely what trade secret purportedly possessed by Raza is at issue in this action, discovery cannot yet commence.

### *If Discovery Commences, It Should be Staged So that "Access" Is Addressed First*

Should discovery be necessary, it should be phased.  In particular, there is a threshold question of whether Defendant Siemens Medical Solutions USA, Inc. or Defendant Siemens Medical Solutions Health Services Corporation – the only Defendants in this action – ever had access to Raza's alleged trade secrets before launching its Soarian software product in

October 2001 (the sole alleged act of misappropriation). As noted by Raza's counsel, this could be accomplished by limited discovery relating solely to documents containing the terms "Raza" and "Dr. Sir" prior to the time Raza first wrote to Defendants in May 2003, shortly before filing his lawsuit in Pakistan.

Defendants believe that, before proceeding to full-blown discovery which will involve contentious disputes over Plaintiff's possible desire to access the highly secret and proprietary Soarian source code and software development materials, it would be more efficient first to resolve this narrow and dispositive question of access. *See Fox Sports Net North LLC v. Minnesota Twins Partnership*, 319 F. 3d 329, 335-336 (8th Cir. 2003) (trade secret claim failed because plaintiff "cannot meet its burden of establishing that [defendants] were privy to any of its confidential information"); *Clarity Software, LLC v. Allianz Life Ins. Co. of North America*, Civ. A. No. 04-1441, 2006 WL 2346292 at *6 (W.D.Pa. Aug. 11, 2006) (plaintiff failed to show misappropriation where defendant lacked access to alleged trade secret).

***Defendants' Proposed Schedule***

Should the Court deny Defendants' Motion for Judgment on the Pleadings (which Defendants believe would be contrary to law), Defendants propose the following schedule:

(1) Raza to disclose his alleged trade secret with reasonable particularly within fourteen (14) days of the resolution of the Motion for Judgment on the Pleadings;

(2) All fact discovery, including depositions, relating solely to the issue of Defendants' alleged access to Plaintiff's purported trade secrets shall be completed within one hundred and twenty (120) days of the service of a full

and complete Identification of Trade Secrets Statement.  Discovery as to all

other relevant issues shall be stayed;

(3) On or before two weeks after the close of fact discovery as noted in (2) above,

Defendants may move for summary judgment solely on the issue of access.

Should the Court deny this motion, or should Defendants decline to file a

motion for summary judgment on this issue, the parties will meet and confer in

good faith to propose a schedule for the remainder of the case;

**(b)  Maximum of 25 interrogatories by each side to any other side.**

**(c)  Maximum of 25 requests for admission by each side to any other**

**side.**

**(d)  Maximum of 10 depositions by plaintiff(s) and 10 by defendant(s).**

Plaintiff's Position on Timing of Depositions:

Depositions shall not commence until the discovery required by Paragraph 4 (a, b

and c) are completed.

Defendants' Position on Timing of Depositions:

Depositions can commence at any time.

**(e)  Reports from Retained Experts**

Plaintiff's Position:

Report from retained experts required by Fed. R. Civ. P. 26(a) (2) are due from

the plaintiff(s) by **May 22, 2009,** from the defendant(s) by **July 10, 2009.**

Defendants' Position:

Given the outstanding issues noted above, including the pendency of the Motion

for Judgment on the Pleadings, the Identification of Trade Secret Statement and the staging of

discovery on the issue of "access," the parties shall meet and confer on a schedule for expert

reports and expert depositions, if necessary, in the initial phase of discovery as set forth above.

If the parties cannot reach agreement on this issue, the parties shall bring the issue to the

attention of the Court.

**(f)  Expert Depositions**:

Plaintiff's Position:

Any party desiring to depose an expert witness shall notice and complete said

deposition no later than thirty (30) days from receipt of said expert's report, unless otherwise

agreed in writing by the parties.

Defendants' Position:

See paragraph (e) above.

**(g) Protective Order**.  The parties will meet and confer on the terms of a

protective order in this case, which will necessarily involve Attorney's Eyes Only provisions.  If

the parties cannot reach agreement and submit a stipulated protective order within thirty (30)

days of the resolution of the Motion, the parties shall bring this issue to the attention of the

Court.

5.     **Discovery Disputes**.

(a)  A party seeking discovery which the opposing party refuses to provide

shall file a motion (no brief) pursuant to Rule 37 of the Federal Rules of Civil Procedure and

Local Rule 37.1.  Said motion shall not exceed a total of four (4) pages.  An Answer to the Rule

37 motion, not to exceed four (4) pages, shall be filed within five (5) days of service of the

motion.   No reply is permitted.

(b)  All papers shall set forth in a plain and concise manner the issue(s) in dispute, the party's position on the issues(s), and the reasons for the party's position.

(c)  Upon receipt of the Answer, the movant shall notify Chambers by e-mail at jjf_civil@ded.uscourts.gov that the parties have completed briefing.

(d)  Upon receipt of the movant's e-mail, the Court will determine whether a conference is necessary and advise the parties accordingly.

(e)  There is no limit on the number of Rule 37 motions a party may file, unless otherwise ordered by the Court.

6.    **Amendment of the Pleadings**.

Plaintiff's Position:

All motions to amend the pleadings shall be filed on or before **March 27, 2009**.

Defendants' Position:

All motions to amend the pleadings shall be filed within thirty (30) days of the resolution of the Motion for Judgment on the Pleadings.

7.    **Case Dispositive Motions**.

Plaintiff's Position:

Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before **September 18, 2009**.  Brief shall be pursuant to D. Del. LR 7.1.2.  No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court.

Defendants' Position:

Any case Dispositive motions, relating solely to the issue of whether Defendants had access to Plaintiff's alleged trade secrets on or before October 31, 2001, shall be served and

filed with an opening brief on or before two weeks after the close of fact discovery as set forth in

this Order.  Brief shall be pursuant to D. Del. LR 7.1.2.  Should the Court deny any such motion

or should Defendant decline to file a summary judgment motion, then the parties shall meet and

confer in good faith to propose a Scheduling Order to govern the remainder of the case.  In

addition, as also noted above, Defendants have filed a Motion for Judgment on the Pleadings

(D.I. 38).

        8.      **Applications by Motion**.

        (a)  Any applications to the Court shall be by written notice filed with the

Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules

of Civil Practice  for the United States District Court for the District of Delaware (Amended

Effective January 1, 1995).  Any non-dispositive motion shall contain the statement required by

D. Del. LR 7.1.1.  Briefs shall be limited to no more than ten (10) pages.  Parties may file

stipulated and unopposed Orders with the Clerk of the Court for the Court's review signing.  The

Court will not consider applications and requests submitted by letter or in a form other than a

motion.

        (b)  No facsimile transmissions will be accepted.

        (c)  No telephone calls shall be made to Chambers.

        (d)  Any party with a true emergency matter requiring the assistance of the

Court shall e-mail Chambers at:  jjf_civil@ded.uscourts.gov.  The e-mail shall provide a short

statement describing the emergency.

        9.      **Pretrial Conference and Trial**.  After reviewing the parties' Proposed

Scheduling Order, the Court will schedule a Pretrial Conference.

The Court will determine whether the trial date should be scheduled when the Scheduling Order is entered or at the Pretrial Conference.  If scheduling of the trial date is deferred until the Pretrial Conference, the parties and counsel shall anticipate and prepare for a trial to be held within sixty (60) to ninety (90) days of the Pretrial Conference.


_____                    _____
        DATE                                      UNITED STATES DISTRICT JUDGE

# EXHIBIT B

**From:** Poff, Adam [APOFF@ycst.com]
**Sent:** Tuesday, May 06, 2008 4:41 PM
**To:** Wood Jr., Larry R.
**Cc:** Bassman, Barak A.; Lundgren, Andrew
**Subject:** RE: Raza v. Siemens Medical Solutions USA, Inc.

Buzz -
As I said earlier, a separate report is not required in this district, and I'm not aware of any case in which one was utilized. The judges expect that the scheduling order will set forth both sides' positions on discovery issues. For this reason, we will not agree to submit a separate report. I would like to include Siemens' proposals in the proposed order, so please insert your dates/positions on the draft I circulated and return it to me for filing. I fail to understand why most of the positions you set forth in the report cannot be included in the order, albeit in a more succinct form, but that is obviously for you to decide.

If you do not provide information for Siemens, we will have no choice but to file a proposed order containing only our dates. I plan to file the proposed order on Friday, May 9. If, for some reason, you need more time to formulate Siemens' proposals/positions for the order or to make them fit within the proposed scheduling order, please let me know.

Adam

**From:** Wood Jr., Larry R. [mailto:WOODL@pepperlaw.com]
**Sent:** Tuesday, May 06, 2008 3:42 PM
**To:** Poff, Adam
**Cc:** Bassman, Barak A.; Lundgren, Andrew
**Subject:** RE: Raza v. Siemens Medical Solutions USA, Inc.

Dear Adam:

We are somewhat perplexed by your message, and your apparent unwillingness to submit a joint report to the Court. Contrary to your suggestion, the Parties' Joint Report is certainly appropriate and utilized in this District. Moreover, the Federal Rules of Civil Procedure explicitly require the parties to prepare a written report following their Rule 26(f) conference. Indeed, the Rules detail that the parties' positions on the various issues, including any objections to discovery proceeding (which also includes any objections to initial disclosures), are to be asserted in the joint report. The parties' joint report is a vehicle for the parties to present their views and positions on the various issues related to the action, including on discovery and the timing and progress of the action, to the Court prior to the Court deciding on a scheduling order for the action. The report is not an opportunity for a plaintiff to file a proposed order, without the positions of all parties asserted and detailed, as you suggest. Rather, under the Rules, we are jointly responsible for submitting the parties' *joint report* to the Court.

If you have contrary authority, we would be happy to review it, and further, would like to understand why you believe a joint report to be "inappropriate." In an effort to satisfy our obligations, we suggest you either add plaintiff's positions/views to the joint report we forwarded to you last week (which is certainly what is contemplated by the Rules and accomplished by practice), or you could take all of the positions/views of the Defendants as set forth in the joint report we forwarded to you last week and include them in an alternative, mutually acceptable form of joint report you may be contemplating. This should not be an exercise in posturing between us (and certainly, given the issues is not a simple matter of filling in blanks), but an opportunity fairly to present the issues, positions and views of the parties to the Court prior to the time the Court issues any scheduling order in the matter.

If you, on behalf of Syed Iqbal Raza, file something unilaterally that does not reflect the positions and views of all

of the parties to the action, we will be forced to bring plaintiff's apparent refusal to comply with the rules to the attention of the Court.  We are confident, however, that, in a spirit of mutual cooperation, we should be able to work together to present all of the parties' positions to the Court in a joint report as contemplated by and required by the Rules.

Please let us know how you wish to proceed.

Very truly yours,


Buzz Wood
Attorney at Law
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA  19103-2799
215.981.4103 - Direct
215.981.4750 - Facsimile
610.585.3817 - Mobile
woodl@pepperlaw.com
www.pepperlaw.com

---

**From:** Poff, Adam [mailto:APOFF@ycst.com]
**Sent:** Tuesday, May 06, 2008 10:15 AM
**To:** Wood Jr., Larry R.
**Cc:** Bassman, Barak A.; Lundgren, Andrew
**Subject:** RE: Raza v. Siemens Medical Solutions USA, Inc.

Buzz and Barak -
Thanks for sending the papers.  I've now had a chance to review them.  Our position on the statement is that it's inappropriate, at least in this district, so it cannot be filed jointly.  If you decide to file it unilaterally, we may or may not move to strike it.

As for scheduling, the plaintiff is expected to file the proposed order in this district, so we will be filing ours at a minimum.  The Court will expect the proposed scheduling order to reflect both sides' proposed dates.  If you want to revise the draft I sent to you to reflect your proposed schedule, or lack thereof, we will file that version.  If not, we'll file ours with a letter explaining that your proposals are not included and the circumstances that led to their exclusion.  You can then do as you see fit with your statement and order.

Please let me know how you want to proceed.

Adam

---

**From:** Wood Jr., Larry R. [mailto:WOODL@pepperlaw.com]
**Sent:** Wednesday, April 30, 2008 6:13 PM
**To:** Poff, Adam
**Cc:** Bassman, Barak A.
**Subject:** Raza v. Siemens Medical Solutions USA, Inc.

5/12/2008

Adam:

As promised yesterday, here is the draft Parties' Joint Report of Planning Meeting, and Defendants' Proposed Order.  Please let us know what, if anything, you would like to add, including a draft of Plaintiff's Proposed Order.

<<9547336_2.DOC>> <<9253216_3.DOC>>

Thanks, and best regards,

Buzz

Buzz Wood
Attorney at Law
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA  19103-2799
215.981.4103 - Direct
215.981.4750 - Facsimile
610.585.3817 - Mobile
woodl@pepperlaw.com
www.pepperlaw.com

This email is for the use of the intended recipient(s) only. If you have received this email in error, please notify the sender immediately and then delete it. If you are not the intended recipient, you must not keep, use, disclose, copy or distribute this email without the author's prior permission. We have taken precautions to minimize the risk of transmitting software viruses, but we advise you to carry out your own virus checks on any attachment to this message. We cannot accept liability for any loss or damage caused by software viruses. The information contained in this communication may be confidential and may be subject to the attorney-client privilege. If you are the intended recipient and you do not wish to receive similar electronic messages from us in future then please respond to the sender to this effect.

This email is for the use of the intended recipient(s) only. If you have received this email in error, please notify the sender immediately and then delete it. If you are not the intended recipient, you must not keep, use, disclose, copy or distribute this email without the author's prior permission. We have taken precautions to minimize the risk of transmitting software viruses, but we advise you to carry out your own virus checks on any attachment to this message. We cannot accept liability for any loss or damage caused by software viruses. The information contained in this communication may be confidential and may be subject to the attorney-client privilege. If you are the intended recipient and you do not wish to receive similar electronic messages from us in future then please respond to the sender to this effect.