IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SYED IQBAL RAZA, M.D., | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 06-132 (JJF) |
| | : | |
| SIEMENS MEDICAL SOLUTIONS USA, INC., | : | |
| SIEMENS MEDICAL SOLUTIONS HEALTH | : | |
| SERVICES CORP., SIEMENS CORPORATION | : | |
| and SIEMENS AG, | : | |
| | : | |
| Defendants. | : | |

**REPLY BRIEF OF DEFENDANT SIEMENS MEDICAL SOLUTIONS USA, INC. AND
DEFENDANT SIEMENS MEDICAL SOLUTIONS HEALTH SERVICES
CORPORATION IN FURTHER SUPPORT OF THEIR MOTION FOR JUDGMENT ON
<u>THE PLEADINGS</u>**

OF COUNSEL:

Barak A. Bassman
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
(215) 981-4000 (Telephone)
(215) 981-4750 (Fax)

Kathleen A. Mullen
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
(215) 981-4000 (Telephone)
(215) 981-4750 (Fax)

M. Duncan Grant (DE No. 2994)
Larry R. Wood, Jr. (DE No. 3262)
Matthew A. Kaplan (DE No. 4956)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
(302) 777-6500 (Telephone)
(302) 421-8390 (Fax)

*Attorneys for Defendants Siemens Medical
Solutions USA, Inc. and Siemens Medical
Solutions Health Services Corporation*

Dated: May 22, 2008

-i-

**TABLE OF CONTENTS**

**Page**

I. RAZA'S MISAPPROPRIATION OF TRADE SECRETS CLAIM IS TIME BARRED .................................................................................................................. 1

II. CONCLUSION ......................................................................................................... 6

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Advanced Cardiovascular Sys., Inc. v. Medtronic Vascular, Inc.*,
    182 Fed. Appx. 994 (Fed. Cir. 2006) .......................................................................... 5

*Bell Atlantic Corp. v. Twombly*,
    127 S. Ct. 1955 (2007) ................................................................................................ 5

*Chasteen v. UNISIA JECS Corp.*,
    216 F.3d 1212 (10th Cir. 2000) .................................................................................. 4

*In re Tyson Foods, Inc. Consol. S'holder Lit.*,
    919 A.2d 563 (Del. Ch. 2007) .................................................................................... 4

*Indigo Moon Prods., LLC v. Hasbro, Inc.*,
    2006 U.S. Dist. LEXIS (W.D. Ky. Nov. 17, 2006) ................................................. 2, 3

*Kaufman v. C.L. McCabe & Sons, Inc.*,
    603 A.2d 831 (Del. 1992) ........................................................................................... 2

*Medtronic Vascular, Inc. v. Advanced Cardiovascular Systems, Inc.*,
    2005 U.S. Dist. LEXIS 2259 (D. Del. Feb. 2, 2005) .................................................. 5

*Minnesota Mining & Mfg. Co. v. Johnson & Johnson Orthopaedics, Inc.*,
    1991 U.S. Dist. LEXIS 14823 (D. Minn. Apr. 30, 1991), *aff'd* 976 F.2d 1559 (Fed.
    Cir. 1992) .............................................................................................................. 2, 3, 4


**STATUTES**

6 *Del. C.* § 2006 ........................................................................................................... 2, 5

Defendants Siemens Medical Solutions USA, Inc. and Siemens Medical Solutions Health Services Corporation (collectively, "Defendants" or "Medical Solutions USA") file this reply brief in further support of their Motion for Judgment on the Pleadings.

First, Plaintiff Syed Iqbal Raza ("Plaintiff" or "Raza") admits that his claim for unjust enrichment is improper and must be dismissed. (D.I. 44 at 3, 9-10.)

Second, nothing in Raza's opposition brief remedies the fundamental and fatal defects requiring the dismissal of Raza's misappropriation of trade secrets claim as time-barred. Raza desperately tries to argue that he did not have actual knowledge of the alleged misappropriation, and therefore, that he did not need to file a claim in a timely fashion. This argument is contradicted by the express language of the Delaware Trade Secrets Act, and has repeatedly been rejected in the case law. Indeed, a review of the two cases cited by Raza reveals that those cases confirm that Raza should have known of his alleged claim when Medical Solutions USA publicly launched its Soarian® product in October 2001. Raza filed his claim in this United States court more than one year too late.[1]

Medical Solutions USA therefore respectfully submits that the Court should grant its Motion for Judgment on the Pleadings and dismiss Raza's instant United States action with prejudice.

I. **RAZA'S MISAPPROPRIATION OF TRADE SECRETS CLAIM IS TIME BARRED**

The Delaware Trade Secrets Act expressly provides:

> An action for misappropriation must be brought within 3 years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered. For the

---

[1] As noted in Defendants' Opening Brief, Raza filed a misappropriation of trade secrets claim in Pakistan against Siemens Pakistan Engineering, Ltd., and others in 2003. Defs' Op. Br., at 13 n.5.

>purposes of this section, a continuing misappropriation constitutes a single claim.

6 *Del. C*. § 2006.

Raza attempts to escape this statute, and his admissions in the pleadings, by arguing (a) that he did not have actual knowledge; and (b) that there is "no requirement that a plaintiff have exercised 'reasonable diligence.'"  *See* Pl.'s Br., at 2-3.  Raza's arguments are wrong, are expressly contrary to the explicit language of the Delaware Trade Secrets Act and have been rejected by the relevant case law.

First, Raza pleads ignorance, arguing that he did not have actual notice of his alleged claim until he "learned of the existence of the Soarian® product in April 2003."  This argument is wrong under the law.  The law is clear that Plaintiff's ignorance and tardiness in reading documents he admits were publicly available does not toll the statute of limitations.  *See* 6 *Del. C*. § 2006 (claim accrues when Plaintiff "***should have discovered***" claim, not when actual knowledge exists); *Kaufman v. C.L. McCabe & Sons, Inc.*, 603 A.2d 831, 834 (Del. 1992) ("ignorance of injury or loss will not delay the accrual of his cause of action").

Next, Raza oddly argues that, in the absence of actual notice, a plaintiff is not required to exercise reasonable diligence.  Pl.'s Br., at 7.  That argument is flatly contradicted by the Delaware Trade Secrets Act.  The Act explicitly requires a plaintiff bringing a misappropriation of trade secrets claim to file such claim within 3 years of the time when the claim "should have been discovered" "by the exercise of reasonable diligence."  In an attempt to support his legally erroneous argument, Raza cites to *Indigo Moon Prods., LLC v. Hasbro, Inc.*, 2006 U.S. Dist. LEXIS (W.D. Ky. Nov. 17, 2006) and *Minnesota Mining & Mfg. Co. v. Johnson & Johnson Orthopaedics, Inc.*, 1991 U.S. Dist. LEXIS 14823 (D. Minn. Apr. 30, 1991), *aff'd* 976 F.2d 1559 (Fed. Cir. 1992).  Neither case supports Raza's argument.  Instead, both cases

confirm that a duty to exercise reasonable diligence exists, and, based on the pleadings in this matter, Raza's purported misappropriation of trade secrets claim is time-barred.

In *Indigo Moon*, the defendants argued that plaintiff should have discovered the alleged misappropriation when plaintiff filed for bankruptcy, years ***before*** the defendants publicly launched the Clue FX game.  2006 U.S. Dist. LEXIS at *8.  Although Raza cites to a snippet from that decision to create the appearance that the court there had excused the plaintiff from exercising reasonable diligence, the quote referenced by Raza actually refers to a time period ***prior*** to the public launch of the game at issue in that case.  The plaintiff in *Indigo Moon*, on the other hand, argued that its misappropriation claim accrued "upon [the] releas[e of Hasbro's] board game 'Clue FX.'"  *Id.* at *9.  The court agreed with plaintiff – the claim accrued upon the launch/release of the game.  *Id.* at *11.  That was the point plaintiff either knew or should have known of its claim.

Here, Raza admits that Medical Solutions USA "launched its Soarian hospital management software product in the United States in October 2001."  Am. Compl., ¶ 17 (D.I. 7).  Similarly, Raza admits that he reviewed Defendants' "public papers, press releases, patents and patent applications" and "concluded that the product most likely incorporates" a number of his allegedly proprietary concepts.  Am. Compl., ¶ 18 (D.I. 7).  *See also* Dfs.' Op. Br., at 8 (referencing and attaching sample news articles and patent applications publicly available in 2001).  Thus, to the extent Raza has a claim for misappropriation of trade secrets against these two United States Defendants (which he does not), such a claim accrued, as a matter of law, when Defendants publicly launched the Soarian® product in October 2001.

Similarly, *Minnesota Mining* provides no assistance to Raza.  Again, Raza tries to use *Minnesota Mining* to suggest that he had no duty to exercise reasonable diligence.  That case,

-3-

however, does not stand for that proposition, nor does it have anything to do with a public launch of a product and the accrual of a claim from that launch. There, defendant had obtained some samples of one of plaintiff's "experimental" resins. It thereafter analyzed the samples, identified the resins, and created its own product using that knowledge. 1991 U.S. Dist. LEXIS 14823 at *38-39. Defendant argued that plaintiff's misappropriation of trade secrets claim accrued at the point plaintiff merely "knew that [defendant] had received samples" – not at a later point after plaintiff first discovered or should have discovered that defendant created its own product from an analysis of plaintiff's product. *Id.* The court rejected defendant's argument, explaining:

> The Court cannot accept this strained reading of the statute. Actionable acquisition of 3M's trade secret did not occur until [defendant] analyzed the samples and successfully discovered the slippery resin formula. Had [defendant] merely locked the samples in a cabinet, or analyzed them and failed to discover the formula, 3M would have been hard pressed to sue for misappropriation."

*Id.* Thus, plaintiff's claim accrued when it discovered or, by the exercise of reasonable diligence should have discovered, that defendant had misappropriated plaintiff's trade secret.[2]

As such, based on the pleadings in this matter, including Raza's admissions that Medical Solutions USA launched Soarian® in October 2001 and that information about Soarian®

---

[2] To the extent Raza attempts obliquely to argue that the statute of limitations should somehow be tolled, such an argument necessarily fails (undoubtedly the reason why Raza makes no explicit reference to any such theory in his brief). Raza admits in his complaint that the only communications he had with any entity using the "Siemens" brand was with "Siemens Pakistan Engineering Company, Ltd." Am. Compl., ¶ 14. (D.I. 7). That corporate entity is not a defendant in this action, and Raza nowhere alleges that Medical Solutions USA concealed anything or even made any statements or representations of any kind to him. As such, tolling cannot apply. *See*, *e.g.*, *In re Tyson Foods, Inc. Consol. S'holder Lit.*, 919 A.2d 563, 585 (Del. Ch. 2007) (for tolling to exist under fraudulent concealment, "plaintiff must allege an affirmative act of 'actual artifice' by the defendant"); *see also Chasteen v. UNISIA JECS Corp.*, 216 F.3d 1212, 1220 (10th Cir. 2000) (unless defendant itself wrongly concealed information, tolling does not exist as against that defendant). In addition, and significantly, Raza concedes in his Answering Brief the importance (should this motion be denied, which Defendants believe would be contrary to law) of addressing the "access" point first (as proposed in Defendants' proposed scheduling order). Raza recognizes that he will be required to prove that "Pakistani or German entities" sent his alleged "trade secrets to the United States." Pl.'s Br., at 6. Absent evidence that Medical Solutions USA had access to the purported trade secrets (which it did not), no further discovery would be necessary or relevant to the action.

was available to the public, including in public papers, press releases, patents and patent applications (which he admits is the entirety of what he read to conclude he had a claim), Raza's 2006 action in this United States Court is outside the three-year statute of limitation set forth in the Delaware Trade Secrets Act. Raza's misappropriation of trade secrets claim, therefore, is untimely and should be dismissed.

This is consistent with the opinion in *Advanced Cardiovascular Sys., Inc. v. Medtronic Vascular, Inc.*, 182 Fed. Appx. 994 (Fed. Cir. 2006), which was cited by Defendants. There, the Federal Circuit held that a trade secret claim was time barred under the Delaware Trade Secrets Act because the public disclosure of the allegedly infringing product in patent applications, trade publications, and industry conferences provided plaintiff with constructive knowledge of its alleged claim.[3] *Id.* at 999.

Accordingly, Raza's misappropriation of trade secrets claim is untimely and should be dismissed.[4]

---

[3] Plaintiff unsuccessfully tries to distinguish the Federal Circuit's holding by suggesting the Federal Circuit held that "constructive notice did not arise until defendant disclosed the infringing product in the domicile of the plaintiff." (D.I. 44 at 8.) The Federal Circuit offered no such rule. Instead, it pointed to public disclosures in **both** Europe and the United States in support of its ruling (explaining that the claim was time-barred even using the later date). *See Advanced Cardiovascular Sys., Inc.*, 182 Fed. Appx. at 999. Moreover, Raza seems to make an unfounded argument that, because he resides in Pakistan, his duty to exercise reasonable diligence did not extend to information originating from the United States. Of course, he cites no legal support for that contention. Indeed, in Judge Robinson's underlying opinion in *Medtronic Vascular, Inc. v. Advanced Cardiovascular Systems, Inc.*, 2005 U.S. Dist. LEXIS 2259 (D. Del. Feb. 2, 2005), the court noted the fallacy of Raza's argument, stating: "Patents serve to 'put the world on notice' with respect to what the patentee claims to own." *Id.*, n.4. Raza's arguments are without merit.

[4] In a last ditch act of desperation, Raza argues that his untimely claim should not be dismissed as there may be "unknown," ongoing misappropriations. Pl.'s Br., at 8-9. This improper argument fails for two significant reasons. First, no such additional "potential misappropriations" are pled in the complaint. Raza pleads only one alleged misappropriation – that Medical Solutions USA (Defendants who had no contact with Raza whatsoever) allegedly used Plaintiff's supposed trade secrets (whatever they were) to develop Soarian **before** the October 2001 public launch of the hospital information system product. *See* Am. Compl., ¶¶ 17-18. Moreover, such hypothetical, unsupported speculations, are not permissible under the Supreme Court's recent decision in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). Second, the Delaware Trade Secrets Act expressly states that, for purposes of the statute of limitations, "continuing misappropriation constitutes a single claim." 6 *Del. C.* § 2006.

## II.    CONCLUSION

Raza concedes (1) that he learned of his alleged claim from "public papers, press releases, patents, and patent applications relating to" Soarian® he saw on the Internet and (2) that Medical Solutions USA publicly launched Soarian® in October 2001.  (D.I. 44 at 4, quoting Amended Complaint, ¶¶ 17-18.)  As Raza admits that he needed nothing but information in press releases and patent applications to discover his alleged claim, and that those materials were in the public domain as far back as October 2001, as a matter of law, he should have discovered his alleged claim "by the exercise of reasonable diligence" more than four years before he filed this action in this United States court.

For all of these reasons, and for all of the reasons set forth in Medical Solutions USA's Opening Brief, this Court should dismiss Raza's Amended Complaint with prejudice.

Respectfully submitted,

/s/ Matthew A. Kaplan
M. Duncan Grant (DE No. 2994)

Of Counsel:                              Larry R. Wood, Jr. (DE No. 3262)
                                         Matthew A. Kaplan (DE No. 4956)
Barak A. Bassman                         PEPPER HAMILTON LLP
PEPPER HAMILTON LLP                      Hercules Plaza, Suite 5100
3000 Two Logan Square                    1313 N. Market Street
Eighteenth & Arch Streets                P.O. Box 1709
Philadelphia, PA 19103-2799              Wilmington, DE 19899-1709
(215) 981-4000                           (302) 777-6500

Kathleen A. Mullen                       *Attorneys for Defendants Siemens Medical*
PEPPER HAMILTON LLP                      *Solutions USA, Inc. and Siemens Medical*
Suite 200                                *Solutions Health Services Corporation*
100 Market Street
P.O. Box 1181
Harrisburg, PA 17108-1181
(717) 255-1155

Dated:  May 22, 2008

## CERTIFICATE OF SERVICE

I, Matthew Kaplan, hereby certify that on this 22nd day of May, 2008, I caused to be served the foregoing Reply Brief in Further Support of Defendants' Motion for Judgment on the Pleadings to be served with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

>Adam W. Poff, Esquire
>Young, Conaway Stargatt & Taylor, LLP
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, DE  19899
>*Attorneys for Plaintiff*

>/s/ Matthew A. Kaplan
>Matthew A. Kaplan (DE No. 4956)